# EXHIBIT A

RECEIVED & FILED
DE SOTO PARISH, LA

2009 OCT 30  P 2: 20

| | | |
|---|---|---|
| MELANIE GARDNER | : | DOCKET NO. 70894 |
| VERSUS | : | 42nd JUDICIAL DISTRICT |
| MIKE CRAFT | : | DESOTO PARISH, LOUISIANA DIV "B" |
| PERMANENT ASSIGNMENT | : | SECTION ___, JUDGE ____ |

## PETITION FOR DAMAGES

NOW INTO COURT, through Undersigned Counsel, comes MELANIE GARDNER, Plaintiff herein, who seek damages from the below-named defendants, for the following reasons, to-wit:

1.

Plaintiff herein is:

MELANIE GARDNER, a Citizen of the age of majority, who resides in Bienville Parish, and the widow of TOBY GARDNER.

2.

Made Defendant herein is:

MIKE CRAFT, an individually named defendant, and Plant Manager for the International Paper Company Mill in Desoto Parish.

3.

The wrongful acts herein complained of occurred in Desoto Parish, Louisiana.

4.

On September 28, 2009, TOBY GARDNER was working at the International Paper Mill in Desoto Parish, Louisiana.

5.

On September 28, 2009, TOBY GARDNER fell into an Industrial Boiler at the International Paper Mill, and was boiled to death, in a horrific and unthinkably excruciating manner, in Desoto Parish, Louisiana.

6.

The boiler and surrounding structural platform on which the platform was located, was

1

PROCESSED 4+2 20 09
Susan Huey
Deputy Clerk
SCANNED

unreasonably dangerous, hazardous, risky and was patently unsafe.

7.

The boiler, lid and platform were unreasonably dangerous, hazardous, risky and were patently unsafe, for the following, non-exclusive reasons:

The lid to the boiler was not attached in any way to the Boiler.

There was no railing around the lid.

There was an accumulation of debris, moisture, dirt, dregs, waste, rubble and/or chemical residue on and around the boiler, platform, and lid.

The walking surface on and near the Boilder was dangerously slippery and unstable.

Further, the defendant knew or should have known that employees would be required to work in this unsafe area.

8.

Agents and employees working under the direction and control of Defendant, Mike Craft, knew this area was dangerous, but there was no attempt by anyone to warn TOBY GARDNER.

9.

Mike Craft, was the Plant Manager of the International Plant in Desoto Parish on September 28, 2009, the date of TOBY GARDNER's death; and, on information and belief, Mike Craft was the Plant Manager of the International Plant in Desoto Parish for years before the date of TOBY GARDNER'S death.

10.

On information and belief, Mike Craft, and/or persons under his supervision and control for whom he is responsible, were personally, subjectively and actually aware of the hazards presented by the boiler and platform as set forth above, and the lack of maintenance thereto; and were aware that the boiler and platform were substantially certain to cause injury.

11.

Mike Craft, and/or those persons for whom he is responsible under his direction and

control, took no effective steps to alleviate, remediate, eliminate, obviate, ameliorate or eradicate the extremely hazardous nature of the subject boiler and platform; to delimit, prevent or block access to the subject boiler and platform; or to properly warn employees, including TOBY GARDNER, of the tremendous danger posed by the boiler and platform, notwithstanding that it was well known that employees were required to work in this area.

12.

The outrageous acts and omissions of Mike Craft and/or those under his control and/or supervision, as delineated in ¶s 9 & 10, *supra*, were substantially certain to cause injury and death, and causally contributed to Mr. Gardner's tragic and untimely death.

13.

MELANIE GARDNER, was at the time of TOBY GARDNER's death, the wife of TOBY GARDNER.

14.

MELANIE GARDNER has suffered damages as a result of the death of her husband, TOBY GARDNER, which damages include Loss of Consortium, Loss of Domestic Services and Aid, Loss of Enjoyment of Life, Grief, Emotional Anguish, Loss of Insurance and Health Benefits, Loss of Economic Support, Loss of Income. Melanie Gardner seeks just compensation for these damages.

15.

TOBY GARDNER suffered great and unimaginable suffering in being boiled to death in the above-referenced Boiler. MELANIE GARDNER hereby seeks Just Compensation for the suffering endured by TOBY GARDNER prior to his death.

WHEREFORE PLAINTIFF PRAYS that, after due proceedings be held, judgment be rendered in favor of the Plaintiff, and against the Defendant, solidarily binding the defendant with any other responsible party, to pay Plaintiff reasonable compensatory damages, along with legal interest from the date of judicial demand until paid, all costs of court, and all costs of

3

litigation including expert witness fees, and judical interest on expert witness fees, all litigation

costs and court costs from the date of filing suit until paid.

PLAINTIFF FURTHER PRAYS for all equitable relief to which she is entitled under the

law.

Respectfully Submitted,

JOHN MILKOVICH
Attorney at Law
656 Jordan Street
Shreveport, LA 71101
(318) 425-1957

MARK DELPHIN
Attorney at Law
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939

PLEASE SERVE:

Mike Craft through
International Paper
1202 Highway 509
Mansfield, LA 71052

OR
through Private Process Server

4

**AMENDED CITATION**

10:20 a.m.

| | | |
|---|---|---|
| GARDNER, MELANIE |  | Case: 00070894 |
| | | Division: B |
| *Versus* | | 42ⁿᵈ Judicial District Court |
| | | Parish of DeSoto |
| CRAFT, MIKE - ET AL | | State of Louisiana |

THE STATE OF LOUISIANA TO:
   MIKE  CRAFT
   THROUGH HIS ATTORNEY OF RECORD
   HERSCHEL E RICHARD JR
   COOK, YANCEY, KING & GALLOWAY
   333 TEXAS STREET, STE 1700
   SHREVEPORT, LA 71120

   You are hereby cited to comply with the demand contained in the supplemental and amended petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said supplemental and amended petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within the time remaining for pleading to the original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is longer. (30 DAYS IF SERVICE IS BY LONG ARM).  YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

Witness the Honorable Judges of our said Court on this the 28ᵀᴴ  day of SEPTEMBER, 2010.

O. L. STONE, JR.
CLERK OF COURT

BY: _____
A TRUE COPY - ATTEST Deputy Clerk of Court

Service Information CLERK OF THE DISTRICT COURT
DESOTO PARISH, LOUISIANA

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service   $_____

Mileage   $_____     By: _____
                    Deputy Sheriff

Total     $_____

[ RETURN COPY ]

RECEIVED

NOV 2 5 2009



2009 NOV 13  A II: 18

| MELANIE GARDNER | * | NO. 70894-B |
|---|---|---|
| V. | * | 42ndJUDICIAL DISTRICT COURT |
| MIKE CRAFT | * | DESOTO PARISH, LOUISIANA |

### DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF
### CITATION AND INSUFFICIENCY OF SERVICE OF PROCESS

NOW INTO COURT, through undersigned counsel, comes Mike Craft, who with respect, represents:

1.

Mike Craft is purportedly made a defendant in the above-entitled matter.

2.

Mike Craft was formerly an employee of International Paper Company, however, he was not employed by International Paper Company and had retired from International Paper Company when service was attempted to be made on him on November 2, 2009. The purported service in this matter was made on Kevin Driscoll, an employee of International Paper Company, and not on Mike Craft. See attached Exhibit A.

3.

Service of citation or other process may be personal or domiciliary. Personal service is made when a proper officer tenders the citation or other process to the person to be served. No personal service was made on Mike Craft.

4.

Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house, or usual place of abode of the person to be served.

5.

No attempt of domiciliary service was made on Mike Craft.

6.

Accordingly, no service of citation or service of process was made on defendant, Mike Craft.

WHEREFORE, appearer shows that the declinatory exceptions of insufficiency of citation and insufficiency of service of process should be granted.

COOK, YANCEY, KING & GALLOWAY

A Professional Law Corporation

By: _Herschel E Richard_

Herschel E. Richard, Jr., #11229
333 Texas Street, Suite 1700
PO Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
herschel.richard@cookyancey.com

ATTORNEYS FOR MIKE CRAFT

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon to:

John Milkovich
Attorney at Law
656 Jordan St.
Shreveport, LA 71101

Mark Delphin
Attorney at Law
626 Broad St.
Lake Charles, LA 70601

Shreveport, Louisiana, this 12th day of November, 2009.

_Herschel E Richard_
OF COUNSEL

CITATION

GARDNER, MELANIE

Versus

CRAFT, MIKE

Case: 00070894
Division: B
42ⁿᵈ Judicial District Court
Parish of DeSoto
State of Louisiana

RECEIVED

NOV 02 2009

RODNEY ARBUCKLE
SHERIFF
DeSoto Parish

THE STATE OF LOUISIANA TO:
MIKE CRAFT
1202 HWY 509
MANSFIELD, LA 71052
of the Parish of DESOTO

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within fifteen (15) days after the service hereof. THIRTY (30) DAYS IF SERVICE IS BY LONGARM. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

Witness the Honorable Judges of our said Court on this the 2ND day of NOVEMBER, 2009.

Mr. Kevin Driscoll is plant
manager now,
Mr. Mike Craft retired on 30, 2009

Clerk of Court

By. Payne Jr.

Received on the 2 day of Nov. 20 09 and on the 2 day of Nov. 20 09 served the above named party as follows:

Personal Service on the party herein named Kevin Driscoll International Paper
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of Desoto                    this 2 day of Nov. 20 09

Service        $ _____
Mileage        $ 17
Total          $ 37.68

By: By Milton F Payne Jr.
Deputy Sheriff

PROCESSED 11-9 2009
Susan Huey
Deputy Clerk

[ ORIGINAL ]

EXHIBIT
A



FILED
_____ LA

2009 NOV 13 A 11: 18

| | | |
|---|---|---|
| MELANIE GARDNER | * | NO. 70894-B |
| V. | * | 42ndJUDICIAL DISTRICT COURT |
| MIKE CRAFT | * | DESOTO PARISH, LOUISIANA |

### ORDER

  Premises considered, IT IS ORDERED, ADJUDGED AND DECREED that Melanie

Gardner, show cause, if any she can, at 9:30 a.m. on the *ℓ* day of *January*, 2009, why *9:30 am*

the above and foregoing exceptions of insufficiency of citation and insufficiency of service of

process should not be granted and that the claims of Melanie Gardner should not be dismissed at

her cost.

  Mansfield, Louisiana, this *16th* day of *November*, 2009.

_____
District Judge

PROCESSED 11/23 20 09
_____
Deputy Clerk

FILED

2009 NOV 13  A II: 18

| | | |
|---|---|---|
| MELANIE GARDNER | * | NO. 70894-B |
| V. | * | 42nd JUDICIAL DISTRICT COURT |
| MIKE CRAFT | * | DESOTO PARISH, LOUISIANA |

## MEMORANDUM IN SUPPORT OF
## DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF CITATION

MAY IT PLEASE THE COURT:

Melanie Gardner filed suit in the above-entitled matter and named Mike Craft as the only defendant.  Mike Craft retired from International Paper Company on October 30, 2009, and when service was attempted at the Mansfield Mill of International Paper Company, Mr. Craft was not present.  No personal service was made on Mr. Craft.  See Exhibit A.  The citation and service of process were left with Kevin Driscoll, an employee of International Paper Company.  According to C.C.P. Art. 1234, domiciliary service is made when a proper officer leaves a citation or other process at the dwelling house or usual abode of the person to be served.  In this case, the citation and service of process were left at the Mansfield Mill, the place of Mike Craft's former employment.  This is not proper domiciliary service.

### Conclusion

Considering all of the above, the service that was attempted in this matter was insufficient.  There was no personal service, nor was there domiciliary service.  The declinatory exceptions of insufficiency of citaiton and insufficiency of service of process should be granted.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _Herschel E. Richard_
Herschel E. Richard, Jr., #11229
333 Texas Street, Suite 1700
PO Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
herschel.richard@cookyancey.com
ATTORNEYS FOR MIKE CRAFT

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel

of record by placing a copy of same in the United States Mail, properly addressed and with adequate

postage affixed thereon to:

      John Milkovich
      Attorney at Law
      656 Jordan St.
      Shreveport, LA 71101

      Mark Delphin
      Attorney at Law
      626 Broad St.
      Lake Charles, LA 70601

Shreveport, Louisiana, this 12th day of November, 2009.

                                    OF COUNSEL

GARDNER, MELANIE

Versus

CRAFT, MIKE

Case: 00070894
Division: B
42ᴺᴰ Judicial District Court
Parish of DeSoto
State of Louisiana

2009 DEC -4 A II: 16

**RECEIVED**

DEC 0 9 2009

THE STATE OF LOUISIANA TO:
MELANIE GARDNER
THROUGH HER ATTORNEY OF RECORD:
JOHN MILKOVICH
ATTORNEY AT LAW
656 JORDAN
SHREVEPORT, LA 71101

GREETING:

Pursuant to an order of the Honorable Court aforesaid, granted on the DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF CITATION AND INSUFFICIENCY OF SERVICE OF PROCESS filed by MIKE CRAFT in the above entitled and numbered cause, duly certified copies of said DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF CITATION AND INSUFFICIENCY OF SERVICE OF PROCESS and order being herewith served, you are hereby ruled to show cause in said Court at 9:30 o'clock A.M. on the 6ᵀᴴ day of JANUARY, 2010, why ALL AS CONTAINED IN THE FOREGOING DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF CITATION AND INSUFFICIENCY OF SERVICE OF PROCESS, FILED BY MIKE CRAFT. A CERTIFIED COPY WHICH IS ATTACHED HERETO AND MADE APART HEREOF.

Witness the Honorable Judges of our said Court, at Mansfield, Louisiana, on this 23ᴿᴰ day of NOVEMBER, 2009.

O. L. STONE, JR.
CLERK OF COURT

BY: _____
Deputy Clerk of Court

---

**Service Information**

Received on the ___1___ day of __Dec__ , 20_09_ and on the ___2___ day of __Dec__ , 20_09_ served the above named party as follows:

**Personal Service** on the party herein named _Melanie Gardner thru J. Milkovich_
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service. I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____Caddo_____ this ___2___ day of __Dec.__ , 20_09_.

Service      $_____

Mileage      $_____        By: _____
                                      Deputy Sheriff

Total        $_____

PROCESSED _12/8_ 20_09_
_____
Deputy Clerk

[ ORIGINAL ]

MELANIE GARDNER                                    :        DOCKET NO. 70,894  DIV. "B"

                                                   :        42ND JUDICIAL DISTRICT COURT

VERSUS              2009 DEC -7  A 11:43           :        PARISH OF DESOTO

                                                   :
MIKE CRAFT                                         :        STATE OF LOUISIANA

FILED:_____                       :        _____
                                                            DEPUTY CLERK OF COURT

## MOTION TO APPOINT SPECIAL PROCESS SERVER

NOW INTO COURT through Undersigned Counsel, comes plaintiff MELANIE GARDNER, and upon suggesting to this Court that:

1.

On October 30, 2009, Petitioner filed a Petition for Damages requesting service upon defendant MIKE CRAFT.

2.

The Desoto Parish Sheriff's Department attempted to serve defendant MIKE CRAFT at his last known business address herein, but was unable to perfect service, because MIKE CRAFT has reportedly retired from the company at which service was attempted.

3.

Pursuant to Louisiana Code of Civil Procedure Article 1293, plaintiff moves to appoint RICK TURNER, a licensed Private Investigator, and a person of the full age of majority domiciled in Louisiana, to serve the Citation and Petition for Damages upon defendant MIKE CRAFT.

WHEREFORE, Plaintiff prays that the above and foregoing motion be granted and that RICK TURNER be appointed Special Process Server to affect the serves of process referred to above.

Respectfully Submitted:

_____
JOHN MILKOVICH, LA Bar No. 1251
Attorney at Law
656 Jordan Street
Shreveport, LA 71101
(318) 425-1957

DELPHIN LAW OFFICES
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939
(337) 439-4504

BY: _____
MARK A. DELPHIN, LA Bar No. 4850

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been mailed, postage prepaid

and properly addressed to:

Herschel E. Richard, Jr.
Cook, Yancey, King & Galloway
333 Texas Street, Suite 1700
Shreveport, LA 71120-2260

Shreveport, Louisiana, this _____ day of December, 2009.

_____
JOHN MILKOVICH

| | | |
|---|---|---|
| MELANIE GARDNER | | DOCKET NO. 70,894  DIV. "B" |
| | : | 42ND JUDICIAL DISTRICT COURT |
| VERSUS | 2009 DEC -7 A 11: 43 | PARISH OF DESOTO |
| MIKE CRAFT | : | STATE OF LOUISIANA |
| FILED:_____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

## O R D E R

Considering the foregoing motion;

**IT IS HEREBY ORDERED** that RICK TURNER be appointed as Special Process Server to serve the Citation and Petition for Damages upon defendant MIKE CRAFT in the above-captioned matter.

Mansfield, Louisiana this _____7th_____ day of December, 2009.

_____
HONORABLE CHARLES B. ADAMS
JUDGE, 42ND JUDICIAL DISTRICT COURT

PROCESSED 12-7 20 09
Deputy Clerk

RECEIVED & FILED
DESOTO PARISH, LA

MELANIE GARDNER          2009 DEC 21  A 10: 35          NO. 70894-B

Plaintiff,

vs.                                          42ND JUDICIAL DISTRICT COURT

MIKE CRAFT,                                  DESOTO PARISH, LOUISIANA

Defendant.

_____

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MIKE CRAFT

_____

NOW INTO COURT, through undersigned counsel, comes Defendant Mike Craft ("Defendant"), who hereby files his Answer and Affirmative Defenses to Plaintiff's Petition for Damages and states as follows:

1.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Petition and, therefore, denies the allegations of Paragraph 1 of Plaintiff's Petition.

2.      Defendant denies the allegations in Paragraph 2 of Plaintiff's Petition.

3.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Petition and, therefore, denies the allegations of Paragraph 3 of Plaintiff's Petition.  Defendant further denies any assertion or insinuation that he was negligent, that he was the cause of Plaintiff's alleged injuries, or that he is indebted to Plaintiff in any way.

4.      Upon information and belief, Defendant admits the allegations of Paragraph 4 of the Plaintiff's Petition.

5.      Defendant denies the allegations of Paragraph 5 of the Plaintiff's Petition.

6.      Defendant denies the allegations of Paragraph 6 of the Plaintiff's Petition.

7.      Defendant denies the allegations of Paragraph 7, including all sub-paragraphs, of the Plaintiff's Petition.

8.      Defendant denies the allegations of Paragraph 8 of Plaintiff's Petition.

9.      The allegations of Paragraph 9 of Plaintiff's Petition are denied, except to admit that Mike Craft, at one time, was Mill Manager of the Mansfield Mill.

10.      Defendant denies the allegations of Paragraph 10 of Plaintiff's Petition.

11.      Defendant denies the allegations of Paragraph 11 of Plaintiff's Petition.

12.     The allegations contained in Paragraph 12 of Plaintiff's Petition state legal conclusions and, therefore, require no response from Defendant.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 12 of Plaintiff's Petition.

13.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiff's Petition and, therefore, denies the allegations of Paragraph 13 of Plaintiff's Petition.

14.     The allegations of Paragraph 14 of Plaintiff's Petition are denied.

15.     Defendant denies the allegations of Paragraph 15 of Plaintiff's Petition.

In response to the final, unnumbered paragraph of Plaintiff's Petition, beginning "WHEREFORE," Defendant denies that the Plaintiff is entitled to judgment or damages in any amount whatsoever from or against Defendant.

AND NOW FURTHER ANSWERING, DEFENDANT SAYS:

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Petition fails to state a cause of action.

2.      At all times pertinent hereto, Toby Gardner was performing work pursuant to the contract between his employer, Zachary Industrial, Inc. and International Paper Co. ("IPCO"), and that work was part of the trade, business, or occupation of IPCO.  Therefore, IPCO, pursuant to the provisions of La. R.S. 23:1061, was the statutory employer of Toby Gardner (the "decedent").

3.      Pursuant to the provisions of La. R.S. 23:1062, plaintiff's exclusive remedy herein is limited to Worker's Compensation.

4.      No act or omission of Defendant was the proximate cause of Plaintiff's alleged injuries or damages.

5.      Defendant asserts that the incident which is the subject matter of the Petition was caused or brought about by third persons other than Defendant and over whom Defendant had neither control nor the right to control, and for whom the Defendant is not responsible.

6.      Defendant asserts that the alleged incident and damages complained of in Plaintiff's Petition resulted solely and proximately from the fault and/or negligence of the decedent in the following non-exclusive particulars:

a.      In failing to keep a proper lookout;
b.      In failing to be alert and observant;
c.      In failing to see what should have been seen, or in seeing, failing to heed same;

2

d.   In failing to take proper care and caution for his own safety;

e.   Being under the influence of amphetamine, methamphetamine, and hydrocodone at the time of the incident; and

f.   Other acts of fault and negligence or either which may be shown at the trial of this case.

Accordingly, the claims and demands of the Plaintiff should be denied.

7.   Pleading in the alternative, should it be shown that Defendant is in any way responsible in this matter, which is denied, then, in that event, Defendant pleads the fault and negligence of the decedent, as set forth in the preceding paragraph, as a bar to or in mitigation of Plaintiff's claims herein.

8.   Pleading in the further alternative, if fault is assessed in this case, which is denied, fault should be apportioned among all responsible persons, including third persons and the decedent.

9.   Defendant states that it exercised reasonable care under the circumstances and no further duty was imposed upon it under Louisiana law.

10.   Defendant avers affirmatively that this Defendant did not owe the Plaintiff any duties, and did not breach any such duties to warn of any dangers or hazards on the premises, because such alleged dangers or hazards were open and obvious to the Plaintiff at the time of the accident.

11.   Plaintiff has failed to mitigate damages, if any.  To the extent Plaintiff has not mitigated her damages, Plaintiff may not recover from Defendant.

12.   Defendant reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

3

WHEREFORE, DEFENDANT PRAYS that the above and foregoing answer be deemed good and sufficient and that, after due proceedings are had, Plaintiff's claims should be dismissed at her sole costs, and for all general and equitable relief.

Respectfully submitted,

COOK, YANCEY, KING, & GALLOWAY
A Professional Law Corporation

By: _____
Herschel E. Richard, Jr. (T.A.) (#11229)
Jason A. Green (#29218)

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 221-7850

ATTORNEYS FOR MIKE CRAFT

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon..

Shreveport, Louisiana, this _18th_ day of December, 2009.

_____
OF COUNSEL

RECEIVED & FILED
DESOTO PARISH, LA

2009 DEC 21  A 10: 35

MELANIE GARDNER                                    NO. 70894-B

     Plaintiff,

     vs.                                                    42ND JUDICIAL DISTRICT COURT

MIKE CRAFT,                                          DESOTO PARISH, LOUISIANA

     Defendant.

_____

### REQUEST FOR TEN DAYS' NOTICE
### OF SETTING AND NOTICE OF JUDGMENT

     NOW INTO COURT, through undersigned counsel, comes MIKE CRAFT, defendant in the above captioned cause, who respectfully requests that he be given at least ten (10) days written notice in advance of any setting in the above captioned matter, whether same be for trial, hearing, etc., in accordance with provisions of Louisiana Code of Civil Procedure article 1572.

     Appearer further requests written notice of any judgment, any interlocutory order, or of the rendering of any written or oral reasons for judgment or any opinion in accordance with the provisions of Louisiana Code of Civil Procedure article 1914.

                        Respectfully submitted,

                        COOK, YANCEY, KING, & GALLOWAY
                        A Professional Law Corporation

                        By: _____
                              Herschel E. Richard, Jr. (T.A.) (#11229)
                              Jason A. Green (#29218)

                        333 Texas Street, Suite 1700
                        P.O. Box 22260
                        Shreveport, LA  71120-2260
                        Telephone: (318) 221-6277
                        Facsimile: (318) 221-7850

                        ATTORNEYS FOR MIKE CRAFT

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon..

Shreveport, Louisiana, this _18th_ day of December, 2009.

_____
OF COUNSEL

RECEIVED & FILED
DESOTO PARISH, LA

MELANIE GARDNER                    NO. 70894-B            ' 2010 MAR 2b  P 12: 47

v.                                 42ND JUDICIAL DISTRICT COURT

MIKE CRAFT                         DESOTO PARISH, LOUISIANA

### MOTION FOR PROTECTIVE ORDER AND EXPEDITED HEARING

NOW INTO COURT, through undersigned counsel, comes INTERNATIONAL PAPER

COMPANY, who moves the court as follows:

1.

This is a wrongful death action seeking damages in which plaintiff's husband died while

working at the International Paper Mill in DeSoto Parish, Louisiana.  See plaintiff's petition,

paragraph 4.

2.

The only defendant in the lawsuit is Mike Craft, who was the mill manager of the IPCO

Mansfield Mill at the time of the accident.  He was sued personally, with the plaintiff alleging

that the "outrageous acts and omissions of Mike Craft and/or those under his control and/or

supervision, … were substantially certain to cause injury and death, and casually contributed to

Mr. Gardner's tragic and untimely death."  See id. at 9 & 12.   IPCO is not a defendant in this

action.

3.

This case is not set for trial, the court has not issued a scheduling order in this case, and

there are no discovery deadlines at this time.

4.

On February 5, 2010, plaintiff issued a 1442 notice of deposition directed to IPCO.  This

notice of deposition scheduled the deposition of corporate representatives for March 16, 2010,

and asked that IPCO designate a deponent or deponents to testify on at least 42 specifically listed

topics, as well as produce exhibits related to 42 different topics.  See Exhibit A.

5.

Thereafter, there were conversations between Mr. Milkovich and Ms. Dye, a paralegal

with International Paper Company, concerning the proposed depositions.

6.

Thereafter, a letter dated March 9, 2010 was sent by counsel for plaintiff to Ms. Dye and Mr. Quinlen with IPCO and the undersigned.  This letter requested dates for the corporate deposition and the deposition of Mr. Craft and Lisa Durr.  See Exhibit B.

7.

A letter dated March 15, 2010 was sent to Mr. Quinlen and the undersigned with the amended deposition notices.  See Exhibits C and D.

8.

On March 12, 2010, the undersigned phoned Mr. Milkovich to discuss issues with respect to the protective order.  Mr. Milkovich was not there and word was left to call on Monday.

9.

The undersigned did not receive a telephone call from Mr. Milkovich on Monday, March 15, 2010, and the undersigned sent Mr. Milkovich a letter asking to speak with him on March 18 or 19 concerning the matter.

10.

On March 15, 2010, at 9:08 p.m., Mr. Milkovich sent a fax saying that either he or Mr. Delphin would be available "March 18 and/or March 19."  See Exhibit E.

11.

On March 16, 2010, the undersigned faxed a letter to Mr. Milkovich and asked if we could confer about the deposition notice of March 18, 2010 and whether Mr. Milkovich or Mr. Delphin should be called.  See Exhibit F.

12.

On March 18, 2010, the undersigned sent Mr. Milkovich and Mr. Delphin a draft of the opposition to the deposition notice outlining IPCO's objections to the notice and document request.  In that letter, the undersigned inquired about the 2:00 p.m. conference to be held on that date.  See Exhibit G.

13.

The conference concerning the deposition did not occur on March 18, 2010.  A conference was held on March 19, 2010 with Mr. Milkovich, and no agreement could be

reached.  This conference was held for the purpose of complying with Rule 10.1 of the Uniform Local Court Rules.

14.

On March 23, 2010, the undersigned and Mr. Quinlen conferred with Mr. Milkovich.  He was not willing to limit the corporate deposition notice and suggested we proceed with the deposition.  Mr. Milkovich was told that IPCO felt it was necessary to file a protective order.  Mr. Milkovich asked the counsel for IPCO to think it over and call him the next day, Wednesday, March 24, 2010.

15.

On Wednesday, March 24, 2010, the undersigned learned that the deposition notice and subpoena were served on the mill manager at the Mansfield Mill.

16.

On Thursday, March 25, 2010, the undersigned spoke with Mr. Milkovich and advised that IPCO would file a motion for protective order and request a hearing on April 5, 2010.

17.

Mr. Milkovich advised that he would oppose the expedited hearing and would not consent to delaying the deposition until the motion for protective order could be heard.

WHEREFORE, International Paper Company, prays that for an expedited hearing on this matter and an order of this Court issuing a protective order limiting the areas of inquiry and the documents which should be produced in response to the notice of deposition pursuant to Louisiana Civil Code of Procedure Articles 1441 and 1442 which was served on IPCO in this matter and, if necessary, delay the corporate deposition of IPCO to a later date.

COOK, YANCEY, KING, & GALLOWAY
A Professional Law Corporation

By: *Herschel E Richard Jr*
Herschel E. Richard, Jr. (#11229)

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 221-7850

ATTORNEYS FOR INTERNATIONAL PAPER
COMPANY

- 3 -

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon. and by Fax .

Shreveport, Louisiana, this 26th day of March, 2010.

_____
OF COUNSEL

MELANIE GARDNER     RECEIVED & FILED   NO. 70894-B
                DESOTO PARISH, LA

v.                              42ND JUDICIAL DISTRICT COURT

MIKE CRAFT      2010 MAR 26  P 12: 48   DESOTO PARISH, LOUISIANA

## RULE TO SHOW CAUSE

Considering the foregoing motion for protective order and for expedited hearing:

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff appear before this Honorable Court on the _____ day of _____, 2010, at _____ o'clock ____.m., to show cause, if cause can be shown, why there should not be an expedited hearing in this matter and why INTERNATIONAL PAPER COMPANY'S motion for protective order should not be granted and a protective order issue limiting the areas of inquiry and the documents which should be produced in response to the notice of deposition pursuant to Louisiana Civil Code of Procedure Articles 1441 and 1442 which was served on IPCO in this matter and, if necessary, delay the corporate deposition to a later date.

    **THUS DONE AND SIGNED** at Mansfield, Louisiana, on this the _____ day of _____, 2010.


                           _____
                                DISTRICT JUDGE


**PLEASE SERVE:**

Melanie Gardner through her attorney of record,
John Milkovich
Attorney at Law
656 Jordan St.
Shreveport, LA 71101

RECEIVED

FEB  8 2010

# JOHN MILKOVICH

*Attorney at Law*
*656 Jordan Street*
*Shreveport, LA 71101*
*(318) 425-1957*
*Telecopier (318) 425-1951*

February 5, 2010

Mr. Thomas C. Quinlen, Esq.
Legal Department
6410 Poplar Avenue
Tower II, 4—021
Memphis, TN 38197
F: 901-214-2641
W: 901-419-6879

FAXED 2-5-10 *& via U.S. Mail*
FAXED BY

Mr. Herschel E. Richard, Esq.
333 Texas Street, Suite #1700
Shreveport, LA 71120-2260
F:  227-7850

FAXED 2-5-10 *& via U.S. Mail*
FAXED BY

RE:   Melanie Gardner v.  Mike Craft, Docket No. 70,894-B, 42nd Judicial
District, DeSoto Parish, Louisiana

Dear Mr. Quinlen & Mr.  Richard,

Please find enclosed An Article 1442 Deposition Notice for **March 18, 2010**  (Correction)
and a Deposition Notice for **March 19, 2010** (Correction).

Thank you for your attention to this matter.

Sincerely,

JOHN MILKOVICH
*Attorney at Law*

cc: Mr. Mark A. Delphin, Esq. (w/ encl)

EXHIBIT
A

# JOHN MILKOVICH
### Attorney at Law
*656 Jordan Street*
*Shreveport, LA 71101*
*(318) 425-1957*
*Telecopier (318) 425-1951*

March 9, 2010

Attention: Mrs. Jennifer Dye
Mr. Thomas C. Quinlen, Esq.          FAXED 3-9-10
Legal Department                     FAXED BY
6410 Poplar Avenue                   F: 901-214-2644
Tower II, 4—021
Memphis, TN 38197

Mr. Herschel E. Richard, Esq.        FAXED 3-8-10
333 Texas Street, Suite #1700        FAXED BY
Shreveport, LA 71120-2260            F: 227-7850

RE:     Gardner v. Craft, Docket No. 70,894-B
        42nd Judicial District, DeSoto Parish, Louisiana

Dear Mrs. Dye,

As you know, we previously propounded Deposition Notices setting Depositions on 2 different dates, the Deposition of the Designated Agent of International Paper and corresponding Production of Documents on one date; and the Depositions of Mike Craft and Lisa Durr on a second date. They were scheduled for March 18, 2010 and March 19, 2010. At your request, we agreed to reschedule same. You still have not provided us with two Deposition dates. We respectfully request that you provide us two deposition dates forthwith.

We previously propounded a **Deposition Notice** for a 1) Deposition of a Designated Agent of International Paper Company, and a Corresponding Production Request for **March 18, 2010; 2)** and a **Second Deposition Notice** for the Deposition of Mike Craft on **March 19, 2010**; and a Deposition of Lisa Sepulvedeo Durr, also on **March 19, 2010.** Plaintiff agreed to a rescheduling of same, at your request. When we spoke on or about March 3, 2010, it was my understanding that you were tentatively in agreement for the Deposition of the Designated Agent of International Paper Company for March 23, 2010; and the Depositions of Mike Craft and Lisa Durr on April 7, 2010. I later received an E-Mail from you providing a *single* Deposition Date on April 6, 2010.

Please promptly provide us with a Deposition date for the Deposition of the Designated Agent of International Paper Company and the corresponding Production Request; and a second, subsequent Deposition Date for the Depositions of Mike Craft and Lisa Durr. Your prompt assistance in this matter will preterist our having to attempt to schedule these matters without your input.



Sincerely,

JOHN MILKOVICH
*Attorney at Law*

cc: Mr. Mark A. Delphin, Esq. via fax 337-439-4504

# JOHN MILKOVICH

### *Attorney at Law*
*656 Jordan Street*
*Shreveport, LA 71101*
*(318) 425-1957*
*Telecopier (318) 425-1951*

March 15, 2010

Mr. Thomas C. Quinlen, Esq.          **FAXED 3-15-10 & *via U.S. Mail***
Legal Department                       **FAXED BY**
International Paper Company      F: 901-214-2641
6410 Poplar Avenue
Tower II, 4—021
Memphis, TN 38197

Mr. Herschel E. Richard, Jr. Esq.     **FAXED 3-15-10 & *via U.S. Mail***
333 Texas Street, Suite #1700       **FAXED BY**
Shreveport, LA 71120-2260         F: 227-7850

       RE:    **Gardner v. Craft**, Docket No. 70,894-B
                  42nd Judicial District, DeSoto Parish, Louisiana

Dear Sirs,

      Please find enclosed/faxed herewith:

      First Amended Notice of Video Deposition Pursuant to Louisiana Civil Procedure Articles 1441 and 1442

      Second Amended Notice of Video Depositions

      Thank you for your attention to this matter.

**RECEIVED**

MAR 1 7 2010

                                Sincerely,

                                  JOHN MILKOVICH
                                  *Attorney at Law*

cc:   Mr. Mark A. Delphin, Esq. *via fax 337-439-4504*



| MELANIE GARDNER | : | DOCKET NO. 10,894 |
|---|---|---|
| VERSUS | : | 42nd JUDICIAL DISTRICT |
| MIKE CRAFT | : | DESOTO PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | : | DIVISION B, JUDGE ADAMS |

<u>**FIRST AMENDED NOTICE OF  VIDEO DEPOSITION PURSUANT TO LOUISIANA**</u>

<u>**CIVIL PROCEDURE ARTICLES 1441 AND 1442**</u>

TO:   International Paper Company

Through its Counsel, Mr. Thomas C. Quinlen, Esq.

Legal Department

6410 Poplar Avenue

Tower II, 4-021

Memphis, TN  38197

F:  901-214-2641

Mr. Herschel E. Richard, Esq.
333 Texas Street, Suite #1700
Shreveport, LA 71120-2260
F: 227-7850

PLEASE TAKE NOTICE, that the Plaintiff, **MELANIE GARDNER,** will take the oral testimony of a Designated and Authorized Representative of International Paper Company pursuant to the Louisiana Code of Civil Procedure, for any purpose allowed by law,  before a Notary Public or some officer duly qualified to administer oaths, said **VIDEO** deposition to take place on **Tuesday, April 6, 2010, at 10:00 o'clock  a.m. at the offices of John Milkovich, located at 656 Jordan Street, Shreveport, Louisiana 71101.**

Plaintiff  hereby respectfully requests, under Article 1442 of the Louisiana Code of Civil Procedure, that **INTERNATIONAL PAPER COMPANY** designate (an) agent(s), officer(s) and/or  representative(s) to testify on behalf of **INTERNATIONAL PAPER COMPANY** with respect to the matters listed in the attached Exhibit No. 1, but not limited to said matters.

Plaintiff further hereby respectfully requests, under Article 1442 of the Louisiana Code of Civil Procedure, that   **INTERNATIONAL PAPER COMPANY** designate (an) agent(s),  officer(s) and/or  representative(s) who shall testify  to the matters known or reasonably available to such person or persons with sufficient knowledge of the   designated subject matters,   so that all of the knowledge of  the organization concerning the  designated subject matters will be available.  If the person or persons designated do(es) not have all of the information possessed by the organization,  then the are requested to  investigate

1

EXHIBIT

D

and obtain this information in order that the information can be presented at the time of the deposition. If it is not feasible for one or more persons to inform himself, herself or themselves with respect to the designated subject matters, the organization shall designate as many persons as necessary in order to make disclosure of all information reasonably available at the time of the deposition.

The depositions shall continue from day to day until completed. You are invited to attend and propound such questions as you see fit and proper.

In conjunction with this deposition of **INTERNATIONAL PAPER COMPANY,** plaintiff requests the production of the materials designated in Exhibit No. 2 attached hereto.

Respectfully Submitted,

JOHN MILKOVICH
Attorney at Law
656 Jordan
Shreveport, LA 71101
(318) 425-1957
Federal Bar # 7508
State Bar # 1251

## CERTIFICATE

This pleading has been faxed and mailed to Mr. Herschel E. Richard, Jr., Esq., Counsel for defendant Mike Craft; faxed and mailed to Mr. Thomas C. Quinlen, Esq., Counsel for International Paper Company.   Service of this Discovery Pleading by subpoena has been requested on International Paper Company through its Agent for Service of Process, CT Corporation System, 5615 Corporate Blvd, Suite 400B, Baton Rouge, LA 70808.   Service of this Discovery Pleading by subpoena has also been requested on International Paper Company, through Mr. Kevin Driscoll, of International Paper Company's Mansfield, Louisiana Plant.

This 15th day of March, 2010.

JOHN MILKOVICH

## EXHIBIT NO. 1

The term "International Paper Company Mansfield Plant" as hereinafter used, refers to the Mill and/or Plant owned and/or operated by International Paper Company in DeSoto Parish, Louisiana.

The topics about which the agent(s), officer(s) and/or representative(s) of **INTERNATIONAL PAPER COMPANY** will testify include, but are not limited to:

1. The facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish.

2. Any and all investigations into the facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish.

3. The identity and addresses of all persons who have and/or may have any information relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the International Paper plant in DeSoto Parish.

4. The identity and the address of all architects, other persons, contractors and/or personnel who designed the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

5. The identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

6. The nature, extent and content of all instructions, rules and regulations governing safety at the International Paper plant in DeSoto Parish.

7. The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

8. The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the maintenance, repair and/or cleaning of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

9. The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way document, address, or relate to, physical injuries or losses at the International Paper Company plant in DeSoto Parish.

10. Any and all insurance policies and/or indemnity contracts which provide or may provide any coverage or protection for International Paper Company with

respect to incidents occurring at the International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and which were in effect at the time of the September 28, 2009 incidents and events which constitute the subject matter of the above-captioned litigation.

11.    All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating to the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish, and which were in effect at any time between January 1, 2005 through December 31, 2010.

12. All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to chemical and/or hazardous spills at the International Paper Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

13. All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to the inspection, cleaning, and/or maintenance the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper Company plant in DeSoto Parish.

14.    The names and Last Known Addresses of all H.B. Zachary and International Paper Company employees on duty at the International Paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

15.    Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January1, 2000 and January 30, 2010.

16.    Any and all computers and laptops utilized by Toby Gardener at any time, including all hard drives utilized therewith; and any all digital, electronic and/or other data downloaded from same; and any CDs or other computer data generated by Toby Gardner, on any computer, while working at the International Paper Company Mansfield Plant.

17. All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

18. All notes, notebooks, writings, memos, records, logs or papers of any description in any way utilized, generated, compiled or drafted by Toby Gardner at any time while he worked at   the International Paper Company Mansfield Plant.

19.    Any and all complaints or statements of concern or statements from employees, subcontractors or other persons, concerning the working and/or plant conditions at the International Paper Company Mansfield Plant, generated at any time between January 1, 2000 and December 31, 2009.

20. Any and all complaints, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appertinent platforms, openings and opening lids,  at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

21. Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant, generated or written at any time from January 1, 2005 and December 31, 2009.

22. Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

23. Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

24. All EPA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

25. All OSHA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

26. All documents, records, memos, or  writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality,   EPA or OSHA with respect to the operation and/or facilities of the International Paper Company Mansfield Plant.

27. The Names and Last Known Addresses of former employees of International Paper Company, H.B. Zachary and Brown and Root,who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

28. The Personnel Record of Toby Gardner.

29. All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

30. Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant.

31. Any and all records documenting, reflecting or describing who designed and built the International Paper Company Mansfield Plant.

32. Any and all records documenting, reflecting or describing who designed and built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell.

33. Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any structures or operational

5

processes at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2010.

34. All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International Paper Company Mansfield Plant.

35. All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

36. Complete copies of any and all contracts and/or agreements of any description between International Paper Company and H.B. Zachary in any way relating to any work performed at International Paper Company by H.B. Zachary which were in effect at any time in 2009.

37. All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International Paper Company Mansfield Plant at any time subsequent to the opening of the plant.

38. All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

39. All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way depict, portray, illuminate, address or relate to the circumstances or causes of his death.

40. Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

41. All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish Plant at any time after January 1, 2000.

42. All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

## EXHIBIT NO. 2

**MELANIE GARDNER**, requests the production of the following documents:

1.  All Documents showing  the identity and addresses of all persons who have and/or may have any information  relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the  International Paper plant in DeSoto Parish.

2.  All Documents showing the identity and  the address of all architects, other persons, contractors and/or personnel who  designed  the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the surrounding stairwell,  at the International Paper plant in DeSoto Parish.

3. All Documents showing the identity, and address of all contractors, companies or entities who performed any maintenance, repair, cleaning or construction work on the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the surrounding stairwell,  at the International Paper plant in DeSoto Parish.

4.  All Documents showing the identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform, the lid over the hole or the surrounding stairwell through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

5.  All instructions, rules and regulations governing safety at the International Paper plant in DeSoto Parish in place at any time between January 1, 1990 and December 31, 2009.

6. All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives,  at any time, which in any way relate to the operation of the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International  Paper plant in DeSoto Parish.

7. All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives,  at any time, which in any way relate to injuries and/or losses at the International Paper Company plant in DeSoto Parish at any time between January 1, 1990 and December 31, 2009.

8. Any and all insurance policies and/or indemnity contracts which provide or may provide any coverage or protection for International Paper Company  with respect to incidents occurring at the International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and which were in effect  at the time of the September  28, 2009 incidents and events which constitute the subject matter of the above-captioned litigation.

9. All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating to the Industrial Boiler, surrounding structural  platform and the lid over the hole through which Toby Gardner fell, and the nearby stairwell, at the International Paper plant in DeSoto Parish, and which were in effect at any time between January 1, 2000 through December 31, 2010.

10. All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to chemical and/or hazardous spills

7

.at the International Paper Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

11. All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way documenting or relating to the inspection, cleaning, and/or maintenance of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper Company plant in DeSoto Parish.

12.    The names and Last Known Addresses of all H.B. Zachary and International Paper Company employees on duty at the International Paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

13.    Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January1, 2000 and January 30, 2010.

14.    Any and all computers and laptops utilized by Toby Gardener at any time at the International Paper Company Mansfield Plant, including all hard drives utilized therewith; and any all digital, electronic and/or other data downloaded from same; and any CDs or other computer data generated by Toby Gardner, on any computer, while working at the International Paper Company Mansfield Plant.

15.    All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

16. All notes, notebooks, writings, memos, records, logs or papers of any description in any way utilized, generated, compiled or drafted by Toby Gardner at any time while he worked at  the International Paper Company Mansfield Plant.

17.    Any and all complaints or statements of concern or statements from employees, subcontractors or other persons, concerning the working and/or plant conditions at the International Paper Company Mansfield Plant, generated at any time between January 1, 2000 and December 31, 2009.

18.  Any and all complaints, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appertinent platforms, openings and opening lids,  at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

19.  Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant,  generated or written at any time from January 1, 2005 and December 31, 2009.

20. Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

21.  Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

22. All EPA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

23. All OSHA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

24. All documents, records, memos, or  writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered, levied or rendered by any state or federal agency or governmental entity, including,but not limited to, the Louisiana Department of Environmental Quality,  EPA or OSHA, with respect to the operation and/or facilities of the International Paper Company Mansfield Plant.

25. The Names and Last Known Addresses of former employees of International Paper Company, H.B. Zachary and Brown and Root,who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

26. The Entire Personnel Record of Toby Gardner.

27. All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

28. Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant, as well any contracts between International Paper Company and any other contractors, companies or entities who have performed services at the International Paper Company Mansfield Plant at any time from January 1, 2000 through  January 1, 2010.

29. Any and all records documenting, reflecting or describing who designed and built the International Paper Company Mansfield Plant.

30. Any and all records documenting, reflecting or describing who designed and built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell, and the nearby stairwell.

31. Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at  the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2010.

32. All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International Paper Company Mansfield Plant.

33. All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the  lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

34. Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at any time since the original construction of the International Paper Company DeSoto Plant, on, at or near the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the nearby stairwell.

35. All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

36. Complete copies of any and all contracts and/or agreements of any description between International Paper Company and H.B. Zachary in any way relating to any work performed at International Paper Company by H.B. Zachary which were in effect at any time in 2009.

37. All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International Paper Company Mansfield Plant at any time subsequent to the opening of the plant.

38. All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

39. All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way depict, portray, illuminate, address or relate to the circumstances or causes of his death.

40. Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

41. All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish Plant at any time after January 1, 2000.

42. All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

# JOHN MILKOVICH

*Attorney at Law*
*656 Jordan Street*
*Shreveport, LA 71101*
*(318) 425-1957*
*Telecopier (318) 425-1951*

March 15, 2010

Mr. Thomas C. Quinlen, Esq.                FAXED 3-15-10
Legal Department                           FAXED BY [signature]
International Paper Company                 F: 901-214-2641
6410 Poplar Avenue
Tower II, 4--021
Memphis, TN 38197

Mr. Herschel E. Richard, Jr. Esq.          FAXED 3-15-10
333 Texas Street, Suite #1700              FAXED BY [signature]
Shreveport, LA 71120-2260                  F: 227-7850

RE:   Gardner v. Craft, Docket No. 70,894-B
      42nd Judicial District, DeSoto Parish, Louisiana

Dear Sirs,

Mr. Delphin and/or I myself will be available on March 18 and/or March 19, to address any questions you have concerning discovery of the designated Representative/Agent.

Sincerely,

[signature]

JOHN MILKOVICH
*Attorney at Law*

cc:   Mr. Mark A. Delphin, Esq. *via fax 337-439-4504* [signature]



EXHIBIT

E

Blumberg No. 5119

**COOK, YANCEY, KING & GALLOWAY**

A PROFESSIONAL LAW CORPORATION
333 TEXAS STREET, SUITE 1700
POST OFFICE BOX 22260
SHREVEPORT, LOUISIANA 71120-2260
www.cookyancey.com

Herschel E. Richard, Jr.

Writer's Direct
(318) 227-7738
herschel.richard@cookyancey.com

TELEPHONE (318) 221-6277
TELECOPIER (318) 227-7850

March 16, 2010

**VIA TELECOPIER/U.S. MAIL**

Mr. John Milkovich
Attorney at Law
656 Jordan Street
Shreveport, LA 71101

Mr. Mark A. Delphin
Attorney at Law
626 Broad Street
Lake Charles, LA 70601

RE:   Melanie Gardner v. Mike Craft; No.70,894-B; 42nd Judicial District Court, DeSoto
      Parish, Louisiana
      Corporation Deposition of International Paper Company

Dear John and Mark:

Can we confer about the corporate deposition notice at 2:00 p.m. CDT on Thursday,
March 18, 2010?  To whom should I place the call?

I notice that I have sent a draft of our objections.  I will send you another statement of
objections in advance of the conference.  I look forward to hearing from you.

Sincerely,

Herschel Richard

Herschel E. Richard, Jr.

HERjr/cm

EXHIBIT
F

# COOK, YANCEY, KING & GALLOWAY

A PROFESSIONAL LAW CORPORATION
333 TEXAS STREET, SUITE 1700
POST OFFICE BOX 22260
SHREVEPORT, LOUISIANA 71120-2260
www.cykg.com

Herschel E. Richard, Jr.

Writer's Direct
(318) 227-7738
herschel.richard@cookyancey.com

March 16, 2010

Telephone (318) 221-6277

Telecopier (318) 227-7850

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE ADDRESSEE LISTED BELOW AND NO ONE ELSE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER THIS MESSAGE TO THE INTENDED RECIPIENT, PLEASE DO NOT USE THIS TRANSMISSION IN ANY WAY, BUT CONTACT THE SENDER BY TELEPHONE.

## DELIVER TO:

**John Milkovich**                    425-1951        *425-1957*
**Mark A. Delphin**                   337/439-4504     *337-439-3939*

From:       Herschel E. Richard, Jr.
Fax #:      (318) 227-7850
Phone:      (318) 221-6277

Pages:      *2*

File No:     Gardner v. Craft (480041-4143)

Message:    *Please see attached correspondence.*

```
┌─────────────────────┐
│  BROADCAST REPORT   │
└─────────────────────┘
```

```
TIME : 03/16/2010 12:38
NAME : COOK YANCEY KING & G
FAX  : 3182277850
TEL  :
SER.# : BROJ3J746099
```

| PAGE(S) | 02 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 03/16 | 12:37 | 94251951 | 30 | 02 | OK | ECM |
| 03/16 | 12:38 | *6480041414361337439504 | 28 | 02 | OK | ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

### COOK, YANCEY, KING & GALLOWAY

A PROFESSIONAL LAW CORPORATION
333 TEXAS STREET, SUITE 1700
POST OFFICE BOX 22260
SHREVEPORT, LOUISIANA 71120-2260
www.cookyancey.com

Herschel E. Richard, Jr.

Writer's Direct
(318) 227-7738
herschel.richard@cookyancey.com

March 18, 2010

TELEPHONE (318) 221-6277
TELECOPIER (318) 227-7850

### VIA TELECOPIER

Mr. John Milkovich
Attorney at Law
656 Jordan Street
Shreveport, LA 71101

Mr. Mark A. Delphin
Attorney at Law
626 Broad Street
Lake Charles, LA 70601

     RE:   <u>Melanie Gardner v. Mike Craft</u>; No.70,894-B; 42nd Judicial District Court, DeSoto
           Parish, Louisiana
           Corporation Deposition of International Paper Company

Dear John and Mark:

     I have not heard from you as to whom I should speak at 2:00 p.m. today with respect to the
corporate deposition notice.  Please advise.

     Attached is a draft response to the corporate deposition notice.  The response sent on Monday
was sent in error and should be thrown away.

                  Sincerely,

                  Herschel E. Richard, Jr.

HERjr/cm
Attachment



| MELANIE GARDNER | : | DOCKET NO. 10,894 |
| VERSUS | : | 42ND JUDICIAL DISTRICT |
| MIKE CRAFT | : | DESOTO PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | : | DIVISION B, JUDGE ADAMS |

## OBJECTIONS TO NOTICE OF DEPOSITION
## AND OBJECTIONS TO DOCUMENTS TO BE PRODUCED
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

NOW INTO COURT, through undersigned counsel, comes International Paper Company who in response to the deposition notice filed by plaintiffs with respect represents:

International Paper Company objects to the topics of inquiry listed on Exhibit No. 1 to the deposition as follows:

**REQUEST NO. 1:**

The facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.

**REQUEST NO. 2:**

Any and all investigations into the facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.  It should be noted that Mr. Gardner did not fall into a boiler.  He fell into a process water tank.

**REQUEST NO. 3:**

The identity and addresses of all persons who have and/or may have any information relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.

**REQUEST NO. 4:**

The identity and the address of all architects, other persons, contractors and/or personnel who designed the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.

**REQUEST NO. 5:**

The identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plat in DeSoto Parish

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.

**REQUEST NO. 6:**

The nature, extent and content of all instructions, rules and regulations governing safety at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to topic no. 6 in that it is overly broad and burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections International Paper Company will produce a witness to testify about the safety regulations that are applicable to the work being performed by Mr. Gardner at the time of his accident.

**REQUEST NO. 7:**

The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, the surrounding structural platform and the lid over

-2-

the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to topic no. 7 in that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection International Paper Company will produce a witness to testify concerning the operation of the tank at the time of the incident which is the subject of this litigation.

**REQUEST NO. 8:**

The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the maintenance, repair and/or cleaning of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to topic  no. 8 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections International Paper Company will produce a witness to testify concerning the maintenance and repair and cleaning of the tank at the location where the accident occurred with respect to the work being performed at the time of the incident.

**REQUEST NO. 9:**

The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way document, address, or relate to physical injuries or losses at the International Paper Company plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to topic no. 9 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections International Paper Company will produce a witness to testify concerning any accidents

or injuries that were incidents the same or similar to the subject accident involving Mr. Gardner, if any such information exists.

**REQUEST NO. 10:**

Any and all insurance policies and/or indemnity contracts which provide or may provide any coverage or protection for International Paper Company with respect to incidents occurring at the International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and which were in effect at the time of the September 28, 2009 incidents and events which constitute the subject matter of the above-captioned litigation.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning the insurance policies in place at the time of this incident.

**REQUEST NO. 11:**

All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating to the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish, and which were in effect at any time between January 1, 2005 through December 31, 2010.

**RESPONSE:**

International Paper Company objects to topic no. 11 in that it is overly broad and burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections International Paper Company will produce a witness to testify about the safety regulations that are applicable to the work being performed by Mr. Gardner at the time of his accident.

**REQUEST NO. 12:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to chemical and/or hazardous spills at the International Paper Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

**RESPONSE:**

International Paper Company objects to topic no. 12 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to the inspection, cleaning, and/or maintenance of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to topic no. 13 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce a witness to testify concerning these topics with respect to the incident in question.

**REQUEST NO. 14:**

The names and Last Known Addresses of all H.B. Zachary and International Paper Company employees on duty at the International Paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

**RESPONSE:**

International Paper Company objects to topic no. 14 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce the information that it has concerning the names and addresses of International Paper Company employees that were on duty in the reasonable proximity of the accident in question in the week prior to and the week after September 28, 2009. H. B. Zachary has information concerning the names and addresses of its employees.  International Paper Company does not have that information.

**REQUEST NO. 15:**

Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January 1, 2000 and January 30, 2010.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections International Paper Company will produce copies of any films or videos shown to Mr. Gardner related to work being performed by Mr. Gardner on September 28, 2009, if such exists.

**REQUEST NO. 16:**

Any and all computers and laptops utilized by Toby Gardner at any time, including all hard drives utilized therewith; and any and all digital, electronic and/or other data downloaded from same; and any CDs or other computer data generated by Toby Gardner, on any computer, while working at the International Paper Company Mansfield Plant.

**RESPONSE:**

**REQUEST NO. 17:**

All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

**RESPONSE:**

International Paper Company will produce a witness to testify concerning this topic.

**REQUEST NO. 18:**

All notes, notebooks, writings, memos, records, logs or papers of any description in any way utilized, generated, compiled or drafted by Toby Gardner at any time while he worked at the International Paper Company Mansfield Plant.

**RESPONSE:**

**REQUEST NO. 19:**

Any and all complaints or statements of concern or statements from employees, subcontractors or other persons, concerning the working and/or plant conditions at the International Paper Company Mansfield Plant, generated at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections International Paper Company will produce any complaints from employees or subcontractors relative to same or similar incidents as occurred on September 28, 2009.

**REQUEST NO. 20:**

Any and all complaints, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appurtenant platforms, openings and opening lids, at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections International Paper Company will produce any complaints from employees or subcontractors relative to same or similar incidents as occurred on September 28, 2009.

**REQUEST NO. 21:**

Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant, generated or written at any time from January 1, 2005 and December 31, 2009

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce any work orders or other documents pertaining to the work to be performed by Mr. Gardner on the date of the accident which is the subject matter of this litigation.

**REQUEST NO. 22:**

Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objections International Paper Company will produce drawings and specifications concerning the immediate area where this accident occurred.

**REQUEST NO. 23:**

Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, International Paper Company will provide information concerning the contents of the tank at the time of the accident.

**REQUEST NO. 24:**

All EPA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International paper Company Mansfield Plant at any time

between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All OSHA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

All documents, records, memos, or writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality, EPA or OSHA with respect to the operation and/or facilities of the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

The Names and Last Known Addresses of former employees of International paper Company, H.B. Zachary and Brown and Root, who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

objections, International Paper Company shows that it will provide information concerning its employees in the area.  H. B. Zachary has the information concerning the names and addresses of its employees.

**REQUEST NO. 28:**

The Personnel Record of Toby Gardner.

**RESPONSE:**

International Paper Company has no documents responsive to this topic.  Mr. Gardner was an employee of H.B. Zachary and if there is a personnel record, it is in the control of H.B. Zachary.

**REQUEST NO. 29:**

All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, the accident in question occurred during the daytime in the out of doors.

**REQUEST NO. 30:**

Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary concerning the work that was being performed at the time of the incident in question.

**REQUEST NO. 31:**

Any and all records documenting, reflecting or describing who designed and built the Industrial

-10-

Boiler, surrounding structural platform and the lid over the hold through which Toby Gardner fell.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  See Response No. 32.

**REQUEST NO. 32:**

Any and all records documenting, reflecting or describing who designed and built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection International Paper Company will produce a witness to discuss the design of the boiler.

**REQUEST NO. 33:**

Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any structures or operational processes at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2010.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 34:**

All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to topic no. 34  in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection International Paper Company will provide information concerning any training provided to Toby Gardner by International Paper Company.  International Paper Company has no records in

its possession concerning any safety instruction, training, or education provided to Toby Gardner by H.R. Zachary.

**REQUEST NO. 35:**

All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

**RESPONSE:**

International Paper Company objects to topic no. 35 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, International Paper Company shows that it will provide any warnings provided by the manufacturer of the tank concerning the area of the tank where this incident occurred, if such documents exist.

**REQUEST NO. 36:**

Complete copies of any and all contracts and/or agreements of any description between International paper Company and H.B. Zachary in any way relating to any work performed at International Paper Company by H.B. Zachary which were in effect at any time in 2009.

**RESPONSE:**

International Paper Company will produce a copy of the contract in existence with respect to the work being performed at the time of the incident which is the subject matter of this litigation.

**REQUEST NO. 37:**

All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International paper Company Mansfield Plant at any time subsequent to the opening of the plant.

**RESPONSE:**

International Paper Company objects to topic no. 37 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 38:**

All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

**RESPONSE:**

International Paper Company objects to topic no. 37 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, International Paper Company shows that it will provide documentation concerning the repairs that were being performed on the boiler at the time of the incident in question.

**REQUEST NO. 39:**

All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way depict, portray, illuminate, address or relate to the circumstances or causes of his death.

**RESPONSE:**

International Paper Company will produce any photographs, drawings or videos that were taken at or near the time of the incident which is the subject matter of this litigation.

**REQUEST NO. 40:**

Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

**RESPONSE:**

International Paper Company objects to topic no. 40 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, International Paper Company has agreed to produce a copy of the contract in existence between International Paper Company and H.B. Zachary with respect to the work being performed

-13-

at the time of the incident which is the subject matter of this litigation.

**REQUEST NO. 41:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish Plant at any time after January 1, 2000.

**RESPONSE:**

International Paper Company objects to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 42:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company will provide a person to testify concerning any contractors other than H.B. Zachary who were performing at or near the location of the incident in question.

Plaintiff has also requested certain documents be produced at the corporate deposition of International Paper Company. With respect to this request International Paper Company responds as follows:

**REQUEST NO. 1:**

All Documents showing the identify and addresses of all persons who have and/or may have any information relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the International paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce any documents in its possession which are responsive to this request.

**REQUEST NO. 2:**

All documents showing the identity and the address of all architects, other persons, contractors and/or personnel who designed the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the surrounding stairwell, at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce documents responsive to this request if such documents exist.

**REQUEST NO. 3:**

All documents showing the identity, and address of all contractors, companies or entities who performed any maintenance, repair, cleaning or construction work on the Industrial Boiler, surrounding structural platform the lid over the hole through which Toby Gardner fell or the surrounding stairwell, at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce documents concerning the contractors who were involved in the work being performed at the time of the incident which is the subject of this litigation.

**REQUEST NO. 4:**

All documents showing the identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform, the lid over the hole or the surrounding stairwell through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company will produce documents responsive to this request, if those documents exist.

**REQUEST NO. 5:**

All instructions, rules and regulations governing safety at the International Paper plant in DeSoto Parish in place at any time between January 1, 1990 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 5 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce safety regulations, if any exist, relating to the work that was being performed at the time of the accident which is the subject matter of this litigation.

**REQUEST NO. 6:**

All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to request no. 6 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce information concerning the operation of the boiler at or about the time of the incident which is the subject matter of this litigation if such documents exist.

**REQUEST NO. 7:**

All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to injuries and/or losses at the International Paper Company plant in DeSoto Parish at any time between January 1, 1990 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to this request no. 7 in that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without

waiving these objections, International Paper Company will produce documents, related to same or

similar accidents at the Mansfield Mill, if such documents exist.

**REQUEST NO. 8:**

Any and all insurance policies and/or indemnity contracts which provide or may provide any

coverage or protection for International Paper Company with respect to incidents occurring at the

International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and

which were in effect at the time of the September 28, 2009 incidents and events which constitute the

subject matter of the above-captioned litigation.

**RESPONSE:**

International Paper Company will produce insurance policies in place at the time of the accident in

question.

**REQUEST NO. 9:**

All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating

to the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby

Gardner fell, and the nearby stairwell, at the International Paper plant in DeSoto Parish, and which

were in effect at any time between January 1, 2000 through December 31, 2010.

**RESPONSE:**

International Paper Company objects to request no. 9 in that it is overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this

objection, International Paper Company will produce those safety regulations in effect at the time

of this incident and which relate to the incident in question.

**REQUEST NO. 10:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any

description in any way relating to chemical and/or hazardous spills at the International Paper

Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

-17-

**RESPONSE:**

International Paper Company objects to request no. 10 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way documenting or relating to the inspection, cleaning, and/or maintenance of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper Company plant in DeSoto Parish.

**RESPONSE:**

International Paper Company objects to request no. 11 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, International Paper Company will produce any such documents relating to the incident in question, if those documents exist.

**REQUEST NO. 12:**

The names and Last Known Addresses of al H.B. Zachary and International Paper Company employees on duty at the International paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

**RESPONSE:**

International Paper Company objects to request no. 12 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will provide documents, if they exist, showing the names and addresses of H.B. Zachary and International Paper Company employees in the vicinity of this incident on or about the date in question.

**REQUEST NO. 13:**

Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January 1, 2000 and January 30, 2010.

**RESPONSE:**

International Paper Company objects to request no. 13 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce copies of any films or videos shown to Mr. Gardner which relate to the subject matter which is the incident involved in this lawsuit.

**REQUEST NO. 14:**

Any and all computers and laptops utilized by Toby Gardner at any time at the International paper Company Mansfield Plant, including all hard drives utilized therewith; and any all digital, electronic and/or other data downloaded from same; and any CDs or other computer data generated by Toby Gardner, on any computer, while working at the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company does not have any documents responsive to this request.

**REQUEST NO. 15:**

All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

**RESPONSE:**

International Paper Company has no documents responsive to this request.

**REQUEST NO. 16:**

All notes, notebooks, writings, memos, records, logs or papers of any description in any way utilized, generated, compiled or drafted by Toby Gardner at any time while he worked at the International Paper Company Mansfield Plant.

**RESPONSE:**

**REQUEST NO. 17:**

Any and all complaints or statements of concern or statements from employees, subcontractors or other persons, concerning the working and/or plant conditions at the International Paper Company

Mansfield Plant, generated at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 17 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce any documents responsive to this request complaining an incident the same or similar to the incident in question.

**REQUEST NO. 18:**

Any and complaint, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appurtenant platforms, openings and opening lids at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 18 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce any documents responsive to this request complaining an incident the same or similar to the incident in question.

**REQUEST NO. 19:**

Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant, generated or written at any time from January 1, 2005 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 19 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to request no. 20 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, appearers will produce drawings and other documents concerning the location of the incident in question, if such documents exist.

**REQUEST NO. 21:**

Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

**RESPONSE:**

International Paper Company objects to request no. 21 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce information concerning the contents of the tank at the time of the incident in question.

**REQUEST NO. 22:**

All EPA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 22 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

All OSHA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**

International Paper Company objects to request no. 23 in that it is overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents responsive to this request with respect to the September 28, 2009 incident, if such documents exist.

**REQUEST NO. 24:**

All documents, records, memos, or writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered, levied or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality, EPA or OSHA, with respect to the operation and/or facilities of the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to request no. 24 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

The Names and Last Known Addresses of former employees of International Paper Company, H.B. Zachary and Brown and Root, who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

**RESPONSE:**

International Paper Company objects to request no. 25 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce information concerning the names and addresses of International Paper Company at or about the time of the incident in question. H.B. Zachary has the names and addresses of its employees.

**REQUEST NO. 26:**

The Entire Personnel Record of Toby Garner.

**RESPONSE:**

International Paper Company has no documents responsive to this request. The personnel file of Toby Gardner would be within the custody of his employer, H.B. Zachary.

-22-

**REQUEST NO. 27:**

All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

**RESPONSE:**

International Paper Company has no documents responsive to this request.

**REQUEST NO. 28:**

Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant, as well as any contracts between International Paper Company and any other contractors, companies or entities who have performed services at the International Paper Company Mansfield Plant at any time from January 1, 2000 through January 1, 2010.

**RESPONSE:**

International Paper Company objects to request no. 28 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary that was in effect for the work being performed on the date of the incident in question.

**REQUEST NO. 29:**

Any and all records documenting, reflecting or describing who designed and built the International paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to request no. 29 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30:**

Any and all records documenting, reflecting or describing who designed and building the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell

and the nearby stairwell.

**RESPONSE:**

International Paper Company will produce documents responsive to request no. 30, if such documents exist.

**REQUEST NO. 31:**

Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2010.

**RESPONSE:**

International Paper Company objects to request no. 31 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company objects to request no. 32 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents related to any safety instruction provided to Toby Gardner concerning the work that was being performed at the time of the incident, if such documents exist.

**REQUEST NO. 33:**

All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

**RESPONSE:**

International Paper Company objects to request no. 33 in that it is overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents related to any safety instruction provided to Toby Gardner concerning the work that was being performed at the time of the incident, if such documents exist.

**REQUEST NO. 34:**

Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at any time since the original construction of the International Paper Company DeSoto Plant, on, at or near the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the nearby stairwell.

**RESPONSE:**

International Paper Company objects to request no. 34 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents related to the work that was being performed at the time of the incident which is the subject of this litigation, if such documents exist.

**REQUEST NO. 35:**

All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

**RESPONSE:**

International Company will produce documents responsive to this request if such documents exist.

**REQUEST NO. 36:**

Complete copies of any and all contracts and/or agreements of any description between International Paper Company and H.B. Zachary in any way relating to any work performed at International Paper Company by H.B. Zachary which were in effect at any time in 2009.

 **RESPONSE:**

International Paper Company objects to request no. 36 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these

objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary pursuant to which work was being performed at the time of this incident.

**REQUEST NO. 37:**

All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International Paper Company Mansfield Plant at any time subsequent to the opening of the plant.

**RESPONSE:**

International Paper Company objects to request no. 37 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents relative to any contractors who were performing work in the area which is the subject matter of this litigation, if such documents exist.

**REQUEST NO. 38:**

All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

**RESPONSE:**

International Paper Company objects to request no. 38 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce relative to the work was being performed at the time of the incident which is the subject of this litigation, if such documents exist.

**REQUEST NO. 39:**

All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way

depict, portray, illuminate, address or relate to the circumstances or causes of his death.

**RESPONSE:**

International Paper Company will produce documents responsive to this request, if such documents exist.

**REQUEST NO. 40:**

Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

**RESPONSE:**

International Paper Company objects to request no. 40 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary pursuant to which work was being performed at the time of this incident.

**REQUEST NO. 41:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish Plant at any time after January 1, 2000l.

**RESPONSE:**

International Paper Company objects to request no. 41 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 42:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

-27-

**<u>RESPONSE</u>:**

International Paper Company objects to request no. 42 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents relative to any contractors who were performing work in the area which is the subject matter of this litigation, if such documents exist.

MELANIE GARDNER                                    NO. 70894-B

RECEIVED & FILED
DESOTO PARISH, LA

v.                                                 42ND JUDICIAL DISTRICT COURT

2010 MAR 26  P 12: 48

MIKE CRAFT                                         DESOTO PARISH, LOUISIANA

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

MAY IT PLEASE THE COURT:

### I. INTRODUCTION AND BACKGROUND

This is a wrongful death action seeking damages in which plaintiff's husband died while working at the paper mill in DeSoto Parish, Louisiana owned by International Paper Company ("IPCO"). See plaintiff's petition, paragraph 4. The only defendant in the lawsuit is Mike Craft, who was the mill manager of the Mansfield Mill at the time of the accident. He was sued personally, with the plaintiff alleging that the "outrageous acts and omissions of Mike Craft and/or those under his control and/or supervision, ... were substantially certain to cause injury and death, and casually contributed to Mr. Gardner's tragic and untimely death." See id. at 9 & 12. IPCO is not a defendant in this action and had made no appearance herein on IPCO's behalf in this action until this pleading.

For the reasons set forth in the attached motion, IPCO has filed a motion for an expedited hearing in this case.

IPCO files this motion for protective order because as demonstrated in this memorandum, the vast majority of the areas of examination and topics for which documents are requested are repetitive, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff made no effort to tailor his request to limit the categories of examination or of documents to be produced so that they bear some reasonable relationship to the claims pending in this case. Plaintiff's references to 'all' records of activity over as much as three decades are an improper fishing expedition and are not permitted under the rules of discovery. Accordingly, IPCO seeks a protective order limiting the areas of inquiry and the documents which should be produced in response to this notice. IPCO also asks for an expedited hearing on this matter as permitted by Local Rule 9.8(b) so that the Court may consider the motion for protective order prior to the scheduled deposition date.

## II. LAW

Louisiana Code of Civil Procedure article 1442 allows the taking of a corporation's deposition through a designated representative.  In serving a deposition notice pursuant to article 1442, a party is required to "designate with reasonable particularity the matters on which examination is requested." Id.  Following such a designation of the topics, the corporation is then required to designate one or more persons to testify "as to matters known or reasonably available to the organization." Id.  Louisiana Code of Civil Procedure article 1426 grants this court the authority to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, as justice so requires. La. C.C.P. art 1426 (A).  The court can order, inter alia, that the discovery not be had, or that the discovery be conducted only under specified terms and conditions. See La.C.C.P. art 1426 (A)(1) & (2).  It is well established that trial courts in Louisiana have broad discretion in regulating pretrial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central Railroad Company, 93-0783 (La.1/14/94), 631 So.2d 401, 406.

Two of the basic objectives of the discovery process are: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation; (2) to narrow and clarify the issues between the parties.  Hodges v. Southern Farm Bureau Insurance Company, 433 So.2d 125 (La. 1983); See also Fauria v. Dwyer, 2003 WL 22300296 (La. App. 4 Cir. 2003).   Louisiana Code of Civil Procedure article 1422 limits discovery only to that which is relevant in furtherance of the discovery objectives enunciated by the Supreme Court.  See Article 1422, which sets forth the scope of discovery:

> Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
>
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery, however, is not an opportunity to subject a party or non-party to harassment, annoyance, embarrassment, oppression, or an undue burden or expense.   Laburre v. East Jefferson Gen. Hosp., 555 So.2d 1381 (La. 1990).  Discovery requests which seeks information

- 2 -

of questionable relevance and which are overly broad in that they go well beyond the time frame

of the issue in the litigation are subject to protective order.   See e.g.:

- Belongna v. Cresent City Dodge, LLC, 2001-3419 (La. 3/9/01), 781 So. 2d 1247, 1249, in which the plaintiffs, during discovery, requested documents for a period of ten years which would include personnel files, documents relied on at trials or hearings, names of employees of the defendants, a listing of all law suits, corporate involvement of the daily operations of the various corporation defendants, managers agreements, insurance policies, and financial statements and tax returns.   The defendant filed a motion to quash and a motion for protective order.   The Louisiana Supreme Court, however, granted writs and vacated the judgment of the trial court which denied the Motion to Quash and Motion for Protective Order stating:

  > A cursory review of plaintiffs' requests for production indicate that in many instances, plaintiffs seek information of questionable relevance which has the potential to subject relators to annoyance, embarrassment, oppression, or undue burden or expense.   For example, plaintiffs' request for complete personnel records of all of relators' current and former employees for a ten-year period would involve records of persons who were not employed at the time of plaintiffs' transaction, and in some cases had not been employed by relators for many years prior to plaintiffs' transaction.   Such evidence would have virtually no relevance to plaintiffs' suit, but would clearly create an undue burden on relators. Likewise, plaintiffs' request for a detailed listing of all lawsuits in which relators are or were involved for the last ten years and their request for relators' tax returns and financial information over a ten-year period appears to seek some information which has little, if any, relevance to the instant case, and which may raise privacy considerations.

- Stolzle v. Safety & Systems Assurance Consultants, Inc., 2002-1197 (La. 5/24/02); 819 So. 2d 287, 289, in which the plaintiff had retained the defendant to provide expert witness and consulting services in a lawsuit. The plaintiff failed to pay for the services rendered, and the defendant made a formal demand for payment.   The plaintiff then filed a declaratory judgment action against the defendant, seeking a judgment that the defendant was owed nothing since the charges were unauthorized.   In the course of discovery, the plaintiff requested documents which included client lists, contracts, retainer agreements, billing records, federal and state income tax returns, and various other information including credit card receipts, telephone bills, and the like.   The defendant moved for a protective order, arguing that the discovery was overly burdensome, irrelevant, over broad, and vague.   The trial court denied the defendant's request for a protective order, and the Court of Appeal denied the writ. The Louisiana Supreme Court, however, granted the writ and vacated the trial court's judgment.   In so holding, the Supreme Court noted that, "in many instances, the information sought by [plaintiff] is of questionable relevance to the suit, and has the potential to subject relator to annoyance, embarrassment, oppression, or undue burden or expense."   Stolzle, 819 So. 2d at 289.   Additionally, the Louisiana Supreme Court held that the plaintiff's request for income tax returns was, on its face, over broad, as it went well beyond the time frame at issue in the litigation.

As will become abundantly clear, the plaintiff made no attempt to tailor his requests to

categories that bear some reasonable relationship to the claims pending in this case.   The

plaintiff's notice of deposition sets forth extremely broad topics of examination and requests for production on numerous topics which are not in any way relevant to the accident at issue herein. *See e.g.*, TOPIC NO. 41 of the attachment to the deposition notice (Exhibit C), wherein the plaintiff seeks all maintenance records for all areas of the mill for the last ten years.

> All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish plant at any time after January 1, 2000.

Additionally, the production of much of the requested information would certainly be unduly burdensome and the information produced would be irrelevant. *See e.g*, TOPIC NO. 9 to the attachment to the deposition notice (Exhibit C) wherein the plaintiff makes a request for all documents relating to all injuries at the plant and does not limit the request to the time frame of this litigation:

> The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way document, address, or relate to physical injuries or losses at the International Paper Company plant in DeSoto Parish.

Furthermore, as the Court will see, the listed items are very repetitive and seek information going back to the 1980's. *See e.g.*, TOPIC NO. 20 to the attachment to the deposition notice (Exhibit C), wherein the plaintiff seeks information going back to January 1, 1980:

> Any and all complaints, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appurtenant platforms, openings and opening lids, at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

As many of the plaintiff's listed areas of examination and requested documents bear no reasonable relationship to the claims pending in this case, IPCO is entitled to a protective order limiting the areas of inquiry and the documents which should be produced in response to this notice.

**III.    TOPICS OF EXAMINATION LISTED IN EXHIBIT 1
TO THE NOTICE OF DEPOSITION**

**A.    IPCO will produce witnesses on topics 1, 2, 3, 4, 5, 17 & 36.**

In Exhibit 1 to the notice of deposition (Exhibit C), the plaintiff set forth 42 topics for which it requested that an IPCO corporate representative be provided to discuss. Some of the topics listed by the plaintiff are not objectionable and IPCO will produce witnesses to testify concerning the following topics:

**TOPIC NO. 1:**
The facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 2:**
Any and all investigations into the facts and circumstances surrounding the September 28, 2009 fall of Toby Gardner into an Industrial Vat or Boiler at the International Paper plant in DeSoto Parish. [*It should be noted that Mr. Gardner did not fall into a boiler. He fell into a process water tank.*]

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 3:**
The identity and addresses of all persons who have and/or may have any information relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the International Paper plant in DeSoto Parish.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 4:**
The identity and the address of all architects, other persons, contractors and/or personnel who designed the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 5:**
The identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plat in DeSoto Parish.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 17:**
All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.

**TOPIC NO. 36:**
Complete copies of any and all contracts and/or agreements of any description between International Paper Company and H. B. Zachary in any way relating to any work performed at International Paper Company by H. B. Zachary which were in effect at the time in 2009.

> **RESPONSE**
> IPCO will produce a witness to testify concerning this topic.  IPCO will produce a copy of the contract between IPCO and Zachary in effect at time of accident

**B.     IPCO will produce witness on topics 10 & 39 with the exceptions noted.**

**TOPIC NO. 10:**
Any and all insurance policies and/or indemnity contracts which provide or may provide any coverage or protection for International Paper Company with respect to incidents occurring at the International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and which were in effect at the time of the September 28, 2009 incidents and events which constitute the subject matter of the above-captioned litigation.

**RESPONSE**:
International Paper Company will produce a witness to testify concerning the insurance policies in place at the time of this incident.

**TOPIC NO. 39:**
All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way depict, portray, illuminate, address or relate to the circumstances or causes of his death.

**RESPONSE**:
International Paper Company will produce any photographs, drawings or videos that were taken at or near the time of the incident which is the subject of this litigation.

**C.     Examination topics for which IPCO seeks a Protective Order.**

IPCO will address each of the matters which the plaintiff has designated for examination

to which IPCO objects by grouping the topics by subject matter and for the reasons set forth

below each of the individual requests, IPCO seeks a protective order from the court:

**1.     Work being performed at the time of the accident: topics 7, 8, 21, 38, and 42 in the plaintiff's notice.**

**TOPIC NO. 7:**
The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE**:
International Paper Company seeks a protective order with respect to topic no. 7 in that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Mansfield Mill has been in operation since the early 1980's and this request seeks information for that approximately 30 year period.  Without waiving these objections, International Paper Company will produce a witness to testify concerning the operation of the tank at the time of the incident which is the subject of this litigation.  See also Response C(5).

**TOPIC NO. 8:**
The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the maintenance, repair and/or cleaning of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company seeks a protective order with respect to topic no. 8 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Mansfield Mill has been in operation since the early 1980's and this request seeks information for that approximately 30 year period.  Without waiving these objections, International Paper Company will produce a witness to testify concerning the maintenance and repair and cleaning of the tank at the location where the accident occurred with respect to the work being performed at the time of the incident.  See also Response C(5).

**TOPIC NO. 21:**

Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant, generated or written at any time from January 1, 2005 and December 31, 2009.

**RESPONSE:**

International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce any work orders or other documents pertaining to the work to be performed by Mr. Gardner on the date of the accident which is the subject matter of this litigation and in the area where this accident occurred for a period of six months prior to the accident.

**TOPIC NO. 38:**

All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

**RESPONSE:**

International Paper Company seeks a protective order with respect to topic no. 38 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection International Paper Company shows that it will provide documentation concerning the repairs that were being performed on the tank at the time of the incident in question.  See Response to Topic 7 above.

**TOPIC NO. 42:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

**RESPONSE:**

International Paper Company will provide a person to testify concerning any contractors other than H.B. Zachary who were performing at or near the location of the incident in question.  See Response to Topic 7 above.

2.    **Safety:  topics 6, 11, 15 and 34.**

**TOPIC NO. 6:**
The nature, extent and content of all instructions, rules and regulations governing safety at the International Paper plant in DeSoto Parish.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to topic no. 6 in that it is overly broad and burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. The Mansfield Mill has been in operation since the early 1980's and this request seeks information for that approximately 30 year period.   Without waiving these objections, International Paper Company will produce a witness to testify about the safety regulations that are applicable to the work being performed by Mr. Gardner at the time of his accident.

**TOPIC NO. 11:**
All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating to the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish, and which were in effect at any time between January 1, 2005 through December 31, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to topic no. 11 in that it is overly broad and burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections International Paper Company will produce a witness to testify about the safety regulations that are applicable to the work being performed by Mr. Gardner at the time of his accident and within a six-month period prior to the accident.

**TOPIC NO. 15:**
Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January 1, 2000 and January 30, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request calls for information about all operations at the mill for ten years.   Without waiving these objections, International Paper Company will produce copies of any films or videos shown to Mr. Gardner related to work being performed by Mr. Gardner on September 28, 2009, if such exists.

**TOPIC NO. 34:**
All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to topic no. 34 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, International Paper Company will provide information concerning any training provided to Toby Gardner by International Paper Company. International Paper Company has no records in its possession

concerning any safety instruction, training, or education provided to Toby Gardner by H.R. Zachary.

3.    **Contents of the boiler:  topic 23.**

<u>**TOPIC NO. 23:**</u>
Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

> <u>**RESPONSE:**</u>
> International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection International Paper Company will provide information concerning the contents of the tank at the time of the accident.

4.    **Warnings concerning the hazards of the job in question:  topic 35.**

<u>**TOPIC NO. 35:**</u>
All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

> <u>**RESPONSE:**</u>
> International Paper Company seeks a protective order with respect to topic no. 35 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, International Paper Company shows that it will provide any warnings provided by the manufacturer of the tank concerning the area of the tank where this incident occurred, if such documents exist.

5.    **The operations being performed at the time of the incident in question:  topics 7 and 8.**

<u>**TOPIC NO. 7:**</u>
The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

> <u>**RESPONSE:**</u>
> International Paper Company seeks a protective order with respect to topic no. 7 in that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   The Mansfield Mill has been in operation since the early 1980's and this request seeks information for that approximately 30 year period.   Without waiving these objections, International Paper Company will produce a witness to testify concerning the operation of the tank at the time of the incident which is the subject of this litigation.   <u>See also</u> Response C(1).

<u>**TOPIC NO. 8:**</u>
The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the maintenance, repair and/or cleaning of the Industrial Boiler, the surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**
International Paper Company seeks a protective order with respect to topic no. 8 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a witness to testify concerning the maintenance and repair and cleaning of the tank at the location where the accident occurred with respect to the work being performed at the time of the incident. See also Response C(1) and the Response to Topic 12.

6.   **Similar accidents: topic 9.**

**TOPIC NO. 9:**
The nature, extent and content of all records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way document, address, or relate to physical injuries or losses at the International Paper Company plant in DeSoto Parish.

**RESPONSE:**
International Paper Company seeks a protective order with respect to topic no. 9 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Mansfield Mill has been in operation since the early 1980's and this request seeks information for that approximately 30 year period. Without waiving these objections, International Paper Company will produce a witness to testify concerning any accidents or injuries that were incidents the same or similar to the subject accident involving Mr. Gardner, if any such information exists.

7.   **Contracts with H.B. Zachary: topics 30 and 40.**

**TOPIC NO. 30:**
Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant.

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request seeks all contracts companywide and is not limited to the work in question. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary concerning the work that was being performed at the time of the incident in question.

**TOPIC NO. 40:**
Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

**RESPONSE:**
International Paper Company seeks a protective order with respect to topic no. 40 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company has agreed to produce a copy of the contract in existence between International Paper Company and H.B. Zachary with

respect to the work being performed at the time of the incident which is the subject matter of this litigation.

8.      **Design and construction of the boiler:  topics 22, 31 and 32.**

**TOPIC NO. 22:**
Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   This request seeks all drawings, specifications, architectural renderings and blueprints plantwide and is not tailored to the work in question. Without waiving these objections, International Paper Company will produce drawings and specifications concerning the immediate area where this accident occurred.

**TOPIC NO. 31:**
Any and all records documenting, reflecting or describing who designed and built the International Paper Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. See Response No. 32 and No. 22 above.

**TOPIC NO. 32:**
Any and all records documenting, reflecting or describing who designed and built the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection International Paper Company will produce a witness to discuss the design of the tank.

9.      **Fines and sanctions:  topics 12, 13 and 26.**

**TOPIC NO. 12:**
All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to chemical and/or hazardous spills at the International Paper Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to topic no. 12 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 13:**
All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to the inspection, cleaning, and/or maintenance of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE:**

International Paper Company seeks a protective order with respect to topic no. 13 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a witness to testify concerning these topics with respect to the incident in question.

**TOPIC NO. 26:**

All documents, records, memos, or writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality, EPA or OSHA with respect to the operation and/or facilities of the International Paper Company Mansfield Plant. See also Response C(13).

**RESPONSE:**

International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. There is no limitation on time or area of operation. See the Response to Topic 13 above.

10.   **Names and addresses on IPCO and Zachary employees:  topics 14 and 27.**

**TOPIC NO. 14:**

The names and Last Known Addresses of all H.B. Zachary and International Paper Company employees on duty at the International Paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

**RESPONSE:**

International Paper Company seeks a protective order with respect to topic no. 14 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce the information that it has concerning the names and addresses of International Paper Company employees that were on duty in the reasonable proximity of the accident in question in the week prior to and the week after September 28, 2009. H. B. Zachary has information concerning the names and addresses of its employees. International Paper Company does not have that information.

**TOPIC NO. 27:**

The Names and Last Known Addresses of former employees of International Paper Company, H.B. Zachary and Brown and Root, who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

**RESPONSE:**

International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company shows that it will provide information concerning its employees in the area. H. B. Zachary has the information concerning the names and addresses of its employees.

11.     **Laptop and computer information used by Gardner and his personnel file:**
        **topics 16, 18 and 28.**

**TOPIC NO. 16:**
Any and all computers and laptops utilized by Toby Gardner at any time, including all
hard drives utilized therewith; and any and all digital, electronic and/or other data
downloaded from same; and any CDs or other computer data generated by Toby Gardner,
on any computer, while working at the International Paper Company Mansfield Plant.

**RESPONSE:**

>     IPCO is attempting to determine if Gardner had access to a
>     computer or laptop owned by IPCO.

**TOPIC NO. 18:**
All notes, notebooks, writings, memos, records, logs or papers of any description in any
way utilized, generated, compiled or drafted by Toby Gardner at any time while he
worked at the International Paper Company Mansfield Plant.

**RESPONSE:**

>     IPCO is attempting to determine if IPCO has in its possession any
>     notes, notebooks, writings, memos, records, logs or papers
>     responsive to this request.

**TOPIC NO. 28:**
The Personnel Record of Toby Gardner.

>     **RESPONSE:**
>     International Paper Company seeks a protective order with respect
>     to this topic as it has no documents responsive to this topic.  Mr.
>     Gardner was an employee of H.B. Zachary and if there is a
>     personnel record, it is in the control of H.B. Zachary.

12.     **Complaints by other employees or contractors about the conditions at IPCO:**
        **topics 19 and 20.**

**TOPIC NO. 19:**
Any and all complaints or statements of concern or statements from employees,
subcontractors or other persons, concerning the working and/or plant conditions at the
International Paper Company  Mansfield Plant, generated at any time between January 1,
2000 and December 31, 2009.

>     **RESPONSE:**
>     International Paper Company seeks a protective order with respect
>     to topic 19 in that it is overly broad, unduly burdensome, and not
>     reasonably calculated to lead to the discovery of admissible
>     evidence.  This request calls for information for a ten year period
>     and has no limitations concerning the areas of the Mansfield Mill
>     and/or operations.  Without waiving these objections, International
>     Paper Company will produce any complaints from employees or
>     subcontractors relative to same or similar incidents as occurred on
>     September 28, 2009.

**TOPIC NO. 20:**
Any and all complaints, writings, correspondence or statements of concern or statements
from employees, subcontractors or other persons, concerning the condition, safety or
features of the industrial vats, and/or the appurtenant platforms, openings and opening
lids, at the International Paper Company Mansfield Plant, generated at any time between
January 1, 1980 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic 20 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request covers a thirty year period. Without waiving these objections, International Paper Company will produce any complaints from employees or subcontractors relative to same or similar incidents as occurred on September 28, 2009.

13.     **EPA and OSHA standards that might be relevant to this incident:  topics 24, 25 and 26.**

**TOPIC NO. 24:**
All EPA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request covers a ten year period and is not limited to a particular area of the plant.

**TOPIC NO. 25:**
All OSHA standards, notices, regulations, directives or memorandum which addressed, regulated or governed operations or facilities at the International paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is covers the entire plant and is not limited to a particular area.

**TOPIC NO. 26:**
All documents, records, memos, or writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality, EPA or OSHA with respect to the operation and/or facilities of the International Paper Company Mansfield Plant. See also Response C(9).

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. See also Response C(13, page 9 herein), in which IPCO agreed to produce a witness concerning any sanctions related to the accident in question.

14.     **Lighting in the area of the accident:  topic 29.**

**TOPIC NO. 29:**
All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

**RESPONSE:**
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Furthermore, the accident in question occurred during the daytime in the out of doors.

14.     Other contractors:  topics 33, 37 & 41
TOPIC NO. 33:
Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any structures or operational processes at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2010.

RESPONSE:
International Paper Company seeks a protective order with respect to request for production no. 33 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is for all areas of the plant and for a ten year period.

TOPIC NO. 37:
All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International Paper Company Mansfield Plant at any time subsequent to the opening of the plant.

RESPONSE:
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited in time or to the area of the plant or the operations at the time of the accident.  Further, IPCO has agreed to provide contract with H.B. Zachary for the Mansfield mill.

TOPIC NO. 41:
All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company DeSoto Parish plant at any time after January 1, 2000.

RESPONSE:
International Paper Company seeks a protective order with respect to this topic in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  See Response to No. 37.

IV.  REQUEST FOR PRODCUTION OF DOCUMENTS LISTED
IN EXHIBIT 2 OF THE NOTICE OF DEPOSITION

A.     IPCO will produce requested documents related topics 1, 2, 4, 8, 15, 30, 35 & 39 as noted and if such documents exist.

In Exhibit 2 to the notice of deposition, the plaintiff requested documents be produced in connection with 42 topics.  IPCO is in good faith in responding to this notice of deposition and as indicated below will produce copies of the requested materials -- if such documents exist -- concerning the following topics:

REQUEST FOR PRODUCTION NO. 1:
All Documents showing the identity and addresses of all persons who have and/or may have any information relating to the September 28, 2009 fall of Toby Gardner into an Industrial Boiler at the International paper plant in DeSoto Parish.

- 15 -

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents showing the identity and the address of all architects, other persons, contractors and/or personnel who designed the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the surrounding stairwell, at the International Paper plant in DeSoto Parish.

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents showing the identity and address of all contractors and/or personnel who built the Industrial Boiler, surrounding structural platform, the lid over the hole or the surrounding stairwell through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all insurance policies and/or indemnity contracts which provide or may provide any coverage or protection for International Paper Company with respect to incidents occurring at the International Paper Company's Mansfield, Louisiana plant on or before September 28, 2009, and which were in effect at the time of the September 28, 2009 incidents and events which constitute the subject matter of the above-captioned litigation.

**RESPONSE**

International Paper Company will produce insurance policies in place at the time of the accident in question.

**REQUEST FOR PRODUCTION NO. 15:**

All Investigative reports of any description generated, possessed, compiled, composed, written and/or possessed by International Paper Company in any way concerning the death of Toby Gardner or the circumstances of his death.

**RESPONSE**

IPCO has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all records documenting, reflecting or describing who designed and building the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell and the nearby stairwell.

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All Photographs, drawings, sketches or videos taken, digital images, compiled, possessed or obtained by International Paper Company, or their employees, officers, representatives or agents, which in any way depict Toby Gardner, the structures near or in which or on which he died, or which in any way depict, portray, illuminate, address or relate to the circumstances or causes of his death.

**RESPONSE**

IPCO will produce any documents in its possession which are responsive to this request.

**B.    IPCO has no documents responsive to requests for production 14, 16, 26 & 27.**

International Paper Company does not have any documents responsive to the following requests:

**REQUEST FOR PRODUCTION NO. 14:**

Any and all computers and laptops utilized by Toby Gardner at any time at the International Paper Company Mansfield Plant, including all hard drives utilized therewith; and any all digital, electronic and/or other data downloaded from same; and any CDs or other computer data generated by Toby Gardner, on any computer, while working at the International Paper Company Mansfield Plant.

**RESPONSE:**

IPCO is attempting to determine if Gardner had access to any computers or laptops owned by IPCO.

**REQUEST FOR PRODUCTION NO. 16:**

All notes, notebooks, writings, memos, records, logs or papers of any description in any way utilized, generated, compiled or drafted by Toby Gardner at any time while he worked at the International Paper Company Mansfield Plant.

**RESPONSE:**

IPCO is attempting to determine if it has any notes, notebooks, writings, memos, records, logs or papers of any description responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

The Entire Personnel Record of Toby Gardner.

**RESPONSE:**

International Paper Company has no documents responsive to this request. The personnel file of Toby Gardner would be within the custody of his employer, H.B. Zachary.

**REQUEST FOR PRODUCTION NO. 27:**

All Records pertaining to the lighting present in the vicinity of the vat or industrial boiler, platform, opening and lid where Toby Gardner died.

**RESPONSE:**

International Paper Company has no documents responsive to this request.

**C.    IPCO seeks a Protective Order with respect to the following requests for production.**

**1.    Contracts with respect to work being done on the boiler at the time of the accident:  requests for production 34, 37, 38, 41 and 42.**

**REQUEST FOR PRODUCTION NO. 34:**

Any and all contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at any time since the original construction of

the International Paper Company DeSoto Plant, on, at or near the Industrial Boiler, surrounding structural platform, the lid over the hole through which Toby Gardner fell or the nearby stairwell.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 34 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks the production of documents going back to the early 1980's. Without waiving these objections, International Paper Company will produce documents related to the work that was being performed at the time of the incident which is the subject of this litigation, if such documents exist.

**REQUEST FOR PRODUCTION NO. 37:**
All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at the International Paper Company Mansfield plant at any time subsequent to the opening of the plant.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 37 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks the production of documents going back to the early 1980's. Without waiving these objections, International Paper Company will produce documents relative to any contractors who were performing work in the area which is the subject matter of this litigation, if such documents exist.

**REQUEST FOR PRODUCTION NO. 38:**
All documents, records, reports or writings of any description which may identify any Contractors, companies or entities who performed maintenance or other services at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 38 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents relative to the work was being performed at the time of the incident which is the subject of this litigation, if such documents exist. See Response to Topics 34 and 37 above.

**REQUEST FOR PRODUCTION NO. 41:**
All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at the International Paper Company Mansfield plant at any time after January 1, 2000.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 41 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to any specific area of the plant and requests information for ten years.

- 18 -

**REQUEST FOR PRODUCTION NO. 42:**

All writings, documents or records of any description which may identify any Contractors who performed maintenance or other services of any description at, on or near the Industrial Boiler, surrounding platform, the lid over the hole through which Toby Gardner fell, or the nearby stairwell, at any time after the Construction of the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 42 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request for production seeks documents since 1980's. Without waiving these objections, International Paper Company will produce documents relative to any contractors who were performing work in the area which is the subject matter of this litigation, if such documents exist.

2.      **Design and construction of the boiler:  requests 20, 29 and 30.**

**REQUEST FOR PRODUCTION NO. 20:**

Any and all Design Drawings, Specifications, Architectural Renderings and Blueprints, concerning any and all industrial vats, surrounding platforms, stairwells, railings, work areas, openings and lids at the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 20 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request for production is millwide and seeks documents for a 30 year period.  Without waiving these objections, IPCO will produce drawings and other documents concerning the location of the incident in question, if such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all records documenting, reflecting or describing who designed and built the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 29 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request for production is mill wide and seeks documents for a thirty year period. Without waiving these objections, International Paper Company will produce documents, IPCO will produce drawing concerning the tank in question.

3.      **Work being performed at the time:  request 3.**

**REQUEST FOR PRODUCTION NO. 3:**

All documents showing the identity, and address of all contractors, companies or entities who performed any maintenance, repair, cleaning or construction work on the Industrial Boiler, surrounding structural platform the lid over the hole through which Toby Gardner fell or the surrounding stairwell, at the International Paper plant in DeSoto Parish.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to this request for production in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce documents concerning

the contractors who were involved in the work being performed at the time of the incident which is the subject of this litigation.

4.    **Safety issues:  requests for production 5, 9, 13 and 32.**

**REQUEST FOR PRODUCTION NO. 5:**
All instructions, rules and regulations governing safety at the International Paper Plant in DeSoto Parish in place at any time between January 1, 1990 and December 31, 2009.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 5 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to a reasonable time frame or area of the plant.  Without waiving these objections, International Paper Company will produce safety regulations, if any exist, relating to the work that was being performed at the time of the accident which is the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 9:**
All Safety Rules, Regulations and Policies governing, regulating, controlling or in any way relating to the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell, and the nearby stairwell, at the International Paper plant in DeSoto Parish, and which were in effect at any time between January 1, 2000 through December 31, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 9 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request for production seeks documents for the last ten years.  Without waiving this objection, International Paper Company will produce those safety regulations in effect at the time of this incident and which relate to the incident in question.

**REQUEST FOR PRODUCTION NO. 13:**
Copies of all Safety Orientation Films and Videos Shown at the International Paper Company Mansfield Plant at any time between January 1, 2000 and January 30, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 13 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request for production goes back for ten years.  Without waiving these objections, International Paper Company will produce copies of any films or videos shown to Mr. Gardner which relate to the subject matter which is the incident involved in this lawsuit.

**REQUEST FOR PRODUCTION NO. 32:**
All records depicting, reflecting or in any way documenting any safety instruction, training or education given to Toby Gardner at any time with respect to his duties at the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 32 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, International Paper Company will produce documents related to

any safety instruction provided to Toby Gardner concerning the work that was being performed at the time of the incident, if such documents exist.

5. **Contents of the boiler: request for production 21.**

**REQUEST FOR PRODUCTION NO. 21:**
Material Safety Data Sheets with respect to all chemicals used, utilized, stored, generated or present at any time between January 1, 2000 and December 31, 2010, at or in the vicinity of the Industrial Boiler at which Toby Gardner was killed.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 21 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request for production goes back for ten years. Without waiving these objections, International Paper Company will produce information concerning the contents of the tank at the time of the incident in question.

6. **Work being done at the time and the operations of the boiler: request for production 6.**

**REQUEST FOR PRODUCTION NO. 6:**
All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to the operation of the Industrial Boiler, surrounding structural platform and the lid over the hole through which Toby Gardner fell at the International Paper plant in DeSoto Parish.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 6 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request for production seeks documents for the last thirty years. Without waiving these objections, International Paper Company will produce information concerning the operation of the tank at or about the time of the incident which is the subject matter of this litigation if such documents exist.

7. **Contracts with H.B. Zachary: requests for production 28, 36 and 40.**

**REQUEST FOR PRODUCTION NO. 28:**
Any and all contracts of any description by and between International Paper Company and H.B. Zachary, or their corporate affiliates, subsidiaries or holding companies, in any way relating to the performance of any duties at the International Paper Company Mansfield Plant, as well as any contracts between International Paper Company and any other contractors, companies or entities who have performed services at the International Paper Company Mansfield Plant at any time from January 1, 2000 through January 1, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 28 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary that was in effect for the work being performed on the date of the incident in question.

- 21 -

**REQUEST FOR PRODUCTION NO. 36:**

Complete copies of any and all contracts and/or agreements of any description between International Paper Company and H.B. Zachary in any way relating to any work performed at International Paper Company by H.B. Zachary which were in effect at any time in 2009.

> **RESPONSE:**
>
> International Paper Company seeks a protective order with respect to request for production no. 36 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary pursuant to which work was being performed at the time of this incident.

**REQUEST FOR PRODUCTION NO. 40:**

Complete Copies of any and all contracts and/or agreements between International Paper Company and H.B. Zachary in any way relating to any work performed at the International Paper Company DeSoto Parish Plant at any time.

> **RESPONSE:**
>
> International Paper Company seeks a protective order with respect to request for production no. 40 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce a copy of the contract between International Paper Company and H.B. Zachary pursuant to which work was being performed at the time of this incident.

8.      **Records concerning same or similar accidents:  request for production 7.**

**REQUEST FOR PRODUCTION NO. 7:**

All records maintained, possessed and/or compiled by International Paper Company or its officers, agents, employees or representatives, at any time, which in any way relate to injuries and/or losses at the International Paper Company plant in DeSoto Parish at any time between January 1, 1990 and December 31, 2009.

> **RESPONSE:**
>
> International Paper Company seeks a protective order with respect to this request for production no. 7 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It is not limited to a reasonable time, or to similar accidents under similar circumstances.  International Paper Company will produce documents, related to same or similar accidents at the Mansfield Mill, if such documents exist.

9.      **EPA and OSHA regulations concerning the boiler and its operation: requests for production 22 and 23.**

**REQUEST FOR PRODUCTION NO. 22:**

All EPA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

> **RESPONSE:**
>
> International Paper Company seeks a protective order with respect to request for production no. 22 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  It is not limited to a reasonable time period.

**REQUEST FOR PRODUCTION NO. 23:**

All OSHA standards, notices, regulations, directives or memoranda which addressed, regulated or governed operations or facilities at the International Paper Company Mansfield Plant at any time between January 1, 2000 and December 31, 2009.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request no. 23 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents responsive to this request for production with respect to the September 28, 2009 incident, if such documents exist.  See Response No. 22 above.

10.    **Citations, fines, etc.:  requests for production 10, 11 and 24.**

**REQUEST FOR PRODUCTION NO. 10:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way relating to chemical and/or hazardous spills at the International Paper Company DeSoto Plant, at any time from January 1, 2005 through January 31, 2010.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 10 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   It is not limited to a reasonable time or area of the mill.  See Response No.23 above.

**REQUEST FOR PRODUCTION NO. 11:**

All records, documents, reports, fines, sanctions, warnings, citations, logs or writings of any description in any way documenting or relating to the inspection, cleaning, and/or maintenance of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell at the International Paper Company plant in DeSoto Parish.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 11 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  It is not limited to a reasonable time or area of the plant as it seeks documents back to the 1980's and applies to the entire mill. Without waiving these objections, International Paper Company will produce any such documents relating to the incident in question, if those documents exist.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, records, memos, or writings of any description reflecting, documenting or constituting warnings, fines, disciplines, sanctions or violations, found, punished, administered, levied or rendered by any state or federal agency or governmental entity, including, but not limited to, the Louisiana Department of Environmental Quality, EPA or OSHA, with respect to the operation and/or facilities of the International Paper Company Mansfield Plant.

> **RESPONSE:**
> International Paper Company seeks a protective order with respect to request for production no. 24 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  It is not limited to a reasonable time or area of the plant as it seeks documents back to the 1980's and applies to the entire mill.

- 23 -

11. **Warnings and operations instructions concerning the boiler:  request for production 33 and 35.**

## REQUEST FOR PRODUCTION NO. 33:

All specifications, warnings, instructions or writings of any description generated by the manufacturers of the Industrial Boiler, surrounding platform and the lid over the hole through which Toby Gardner fell, the nearby stairwell, or any components thereof.

### RESPONSE:

International Paper Company seeks a protective order with respect to request for production no. 33 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce documents related to any safety instruction provided to Toby Gardner concerning the work that was being performed at the time of the incident, if such documents exist.

12. **Addresses of H.P. Zachary and IPCO employees:  requests for production 12 and 25.**

## REQUEST FOR PRODUCTION NO. 12:

The names and Last Known Addresses of al H.B. Zachary and International Paper Company employees on duty at the International paper Company Mansfield Plant at any time between September 1, 2009 and January 30, 2010.

### RESPONSE:

International Paper Company seeks a protective order with respect to request for production no. 12 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will provide documents, if they exist, showing the names and addresses of H.B. Zachary and International Paper Company employees in the vicinity of this incident on or about the date in question.

## REQUEST FOR PRODUCTION NO. 25:

The Names and Last Known Addresses of former employees of International Paper Company, H.B. Zachary and Brown and Root, who worked at the International Paper Company Mansfield Plant, at any time between January 1, 1995 and January 31, 2010.

### RESPONSE:

International Paper Company seeks a protective order with respect to request for production no. 25 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, International Paper Company will produce information concerning the names and addresses of International Paper Company employees at or about the time of the incident in question.  H.B. Zachary has the names and addresses of its employees.

13. **Complaints by co-workers and contractors of unsafe conditions at International Paper:  requests for production 17 and 18.**

## REQUEST FOR PRODUCTION NO. 17:

Any and all complaints or statements of concern or statements from employees, subcontractors or other persons, concerning the working and/or plant conditions at the International Paper Company Mansfield Plant, generated at any time between January 1, 2000 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 17 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request extends to the entire plant for an approximately ten year period. Without waiving these objections, International Paper Company will produce any documents responsive to this request for production complaining about an incident the same or similar to the incident in question.

**REQUEST FOR PRODUCTION NO. 18:**
Any and complaint, writings, correspondence or statements of concern or statements from employees, subcontractors or other persons, concerning the condition, safety or features of the industrial vats, and/or the appurtenant platforms, openings and opening lids at the International Paper Company Mansfield Plant, generated at any time between January 1, 1980 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 18 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request extends to the entire plant for an approximately thirty year period.   Without waiving these objections, International Paper Company will produce any documents responsive to this request for production complaining about an incident the same or similar to the incident in question.

**14.  Other contracts – request for production 19, 31**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all repair records pertaining to structures, physical plants and/or facilities at the International Paper Company Mansfield Plant, generated or written at any time between January 1, 2005 and December 31, 2009.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 19 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   The request is plantwide.

**REQUEST FOR PRODUCTION NO. 31:**
Any and contracts pursuant to which any persons, entities or organizations performed maintenance, cleaning or repair of any type at the International Paper Company Mansfield Plant, at any time between January 1, 2000 and December 31, 2010.

**RESPONSE:**
International Paper Company seeks a protective order with respect to request for production no. 31 in that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   This request includes all maintenance at the mill for ten years.

## V.  CONCLUSION

Based on the foregoing, it is clear from reviewing plaintiff's listed topics and requested

documents as set forth in the article 1442 deposition notice that many of these matters are

repetitive, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  For these reasons, this Court should enter a protective order

limiting the areas of inquiry and the documents which should be produced in response to the notice of deposition pursuant to Louisiana Civil Code of Procedure Articles 1441 and 1442 which was served on IPCO in this matter.

Respectfully submitted,

COOK, YANCEY, KING, & GALLOWAY
A Professional Law Corporation

By: _Herschel E. Richard J_

Herschel E. Richard, Jr. (#11229)

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 221-7850

ATTORNEYS FOR INTERNATIONAL PAPER COMPANY

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon..

Shreveport, Louisiana, this 26ᵗʰ day of March, 2010.

_Herschel E. Richard J_

OF COUNSEL

MELANIE GARDNER                    NUMBER 708984

VERSUS                             42ND JUDICIAL DISTRICT COURT

MIKE CRAFT                         DESOTO PARISH, LOUISIANA

## O R D E R

Premises considered: after discussion with counsel concerning the Motion for Protective Order and Expedited Hearing filed by International Paper Company;

IT IS ORDERED that the deposition of International Paper Company (IPCO) go forward on April 6, 2010, and that IPCO will produce witnesses and documents as set forth in the Motion for Protective Order and Expedited Hearing filed by IPCO;

IT IS FURTHER ORDERED that if plaintiff seeks additional testimony or documents from IPCO that plaintiff reserves her rights to move the court for additional testimony and/or documents.

DONE this 26th day of March, 2010.

_____
DISTRICT JUDGE

RECEIVED & FILED
DESOTO PARISH, LA

2010 MAR 29  A 10: 56

MELANIE GARDNER                    NUMBER: 70,894-B

VERSUS                             42ND JUDICIAL DISTRICT COURT

MIKE CRAFT                         DESOTO PARISH, LOUISIANA

### EX PARTE MOTION TO ADMIT COUNSEL *PRO HAC VICE*

NOW INTO COURT, through undersigned counsel, comes Herschel E. Richard, Jr., of the law firm of Cook, Yancey, King & Galloway, APLC, who will serve as local counsel to Mike Craft in this litigation, and who is a member of the Bar of this state and this Court, and who moves that the following attorney be admitted *pro hac vice* in the above-captioned case as counsel for Mike Craft:

> Thomas C. Quinlen
> International Paper Company
> 6400 Poplar Avenue
> Memphis, TN 38197
> 901/419-6879 - Telephone
> 901/214-2641 - Facsimile.

In support of this motion, movant submits the following:

1.

Thomas C. Quinlen was admitted to practice law in the state of Tennessee in 2000, has been actively engaged in the practice of law since 2000, and is a member in good standing of the Bar of the State of Tennessee, as well as the Bars of the States of Georgia, Illinois, and Florida .

2.

Mr. Quinlen has not been the subject of any disciplinary action by any bar or court during his admission to practice law.

3.

Mr. Quinlen has not been denied admission to any state or federal court.

4.

The response of the Louisiana Attorney Disciplinary Board - Office of the Disciplinary Counsel to the Application for *Pro Hac Vice* Admission in Louisiana confirming the above, is attached hereto as Exhibit "A".

WHEREFORE, mover prays that the Court sign the Order filed concurrently herewith, admitting *pro hac vice* Thomas C. Quinlen as attorney for Mike Craft in this litigation.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _Herschel E Richard Jr_
Herschel E. Richard, Jr. #11229

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850

ATTORNEYS FOR MIKE CRAFT

## CERTIFICATE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

Shreveport, Louisiana, this 26th day of March, 2010.

_Herschel E Richard Jr_
OF COUNSEL

-2-

 **LOUISIANA ATTORNEY DISCIPLINARY BOARD**

### OFFICE OF THE DISCIPLINARY COUNSEL
4000 S. Sherwood Forest Blvd.
Suite 607
Baton Rouge, Louisiana 70816
(225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

February 22, 2010

Thomas Clark Quinlen, Esq.
6400 Poplar Avenue
Memphis, TN 38197

Re:    10-PHV-021
Melanie Gardner vs. Mike Craft
Docket # 70894 - B

Dear Mr. Quinlen:

The Louisiana Office of Disciplinary Counsel has received your application for *pro hac vice* admission in the State of Louisiana in connection with the matter of *Melanie Gardner vs. Mike Craft* pending before the *42nd Judicial District Court* in the *Parish of Desoto*. A review of your application indicates that you are supported by your sponsoring attorney *Herschel E. Richard,* who is currently licensed and in good standing with the Louisiana State Bar. In all respects it appears that your application is in appropriate format. The Office of Disciplinary Counsel currently possesses no information upon which to base an opposition to your application.

By copy of this correspondence to the presiding District Court Judge and your sponsoring attorney, we are advising them of our approval of your application.

Very truly yours,

CHARLES B. PLATTSMIER
Chief Disciplinary Counsel

CBP/pab
cc:    Honorable Charles B. Adams
Herschel E. Richard, Esq.
Disciplinary Board

**Exhibit "A"**

RECEIVED & FILED
DESOTO PARISH, LA

2010 MAR 29  A 10: 56

MELANIE GARDNER

NUMBER: 70,894-B

VERSUS

42ND JUDICIAL DISTRICT COURT

MIKE CRAFT

DESOTO PARISH, LOUISIANA

**O R D E R**

Based on the foregoing:

**IT IS ORDERED** that Mike Craft's Ex Parte Motion to Admit Counsel *Pro Hac Vice*, be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Thomas C. Quinlen, with International Paper Company, is hereby admitted to the bar of this Court *pro hac vice* on behalf of Mike Craft in the above-captioned action.

**THUS DONE AND SIGNED** in Mansfield, DeSoto Parish, Louisiana, this 30ᵗʰ day of ___March___, 2010.

_____
DISTRICT JUDGE

**NOTICE**

RECEIVED & FILED
DESOTO PARISH, LA

MELANIE GARDNER                    CASE: 70894                    2010 APR 12  A 11: 02

VS                                 42ND JUDICIAL DISTRICT

MIKE CRAFT                         DESOTO PARISH, LOUISIANA

TO:   JOHN MILKOVICH
      ATTORNEY AT LAW
      656 JORDAN STREET
      SHREVEPORT, LA 71101

NOTICE IS HEREBY GIVEN that an **ORDER** has been filed in the above numbered and entitled case.

**IT IS ORDERED** that the deposition of International Paper Company (IPCO) go forward on April 6, 2010, and that IPCO will produce witnesses and documents as set forth in the Motion for Protective Order and Expedited Hearing filed by IPCO;

**IT IS FURTHER ORDERED** that if plaintiff seeks additional testimony or documents from IPCO that plaintiff reserves her rights to move the court for additional testimony and/or documents.

**A CERTIFIED COPY OF THE PETITION/ORDER IS ATTACHED HERETO AND MADE A PART HEREOF.**

**GIVEN UNDER THE IMPRESS OF MY SEAL** on this the 1ST day of **APRIL, 2010**

at Mansfield, DeSoto Parish, Louisiana.

_Susan Huey_

_____
**DEPUTY CLERK OF COURT**

PROCESSED 4/12 20 10
_Susan Huey_
Deputy Clerk

NOTICE

RECEIVED & FILED
DESOTO PARISH, LA

2010 APR 12  A 11: 00

MELANIE GARDNER

CASE: 70894

VS

42ND JUDICIAL DISTRICT

MIKE CRAFT

DESOTO PARISH, LOUISIANA

TO:  MARK DELPHINE
     ATTORNEY AT LAW
     626 BROAD STREET
     LAKE CHARLES, LA 70601

**NOTICE IS HEREBY GIVEN** that an **ORDER** has been filed in the above numbered and entitled case.

**IT IS ORDERED** that the deposition of International Paper Company (IPCO) go forward on April 6, 2010, and that IPCO will produce witnesses and documents as set forth in the Motion for Protective Order and Expedited Hearing filed by IPCO;

**IT IS FURTHER ORDERED** that if plaintiff seeks additional testimony or documents from IPCO that plaintiff reserves her rights to move the court for additional testimony and/or documents.

**A CERTIFIED COPY OF THE PETITION/ORDER IS ATTACHED HERETO AND MADE A PART HEREOF.**

**GIVEN UNDER THE IMPRESS OF MY SEAL** on this the **1ST** day of **APRIL, 2010**

at Mansfield, DeSoto Parish, Louisiana.

**DEPUTY CLERK OF COURT**

[original]

PROCESSED 4-12 20 10

Deputy Clerk

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LUISIANA

NO.: 70894                              DIVISION "B

MELANIE GARDNER

Versus

MIKE CRAFT

FILED:_____        _____
                                       DEPUTY CLERK

### MOTION TO WITHDRAW AS COUNSEL OF RECORD
### FOR PLAINTIFF, MELANIE GARDNER

NOW INTO COURT comes co-counsel for plaintiff MELANIE GARDNER, who moves this Honorable Court to allow him to withdraw as counsel of record for the plaintiff. This motion should be granted for the following reasons, to wit:

I.

Plaintiff will continue to be represented by lead counsel Mark A. Delphin of Delphin Law Offices.

II.

There are currently no pending motions or hearings in this matter.

III.

Wherefore, John Milkovich, prays that this Honorable Court allow him to withdraw as co-counsel of record for plaintiff, MELANIE GARDNER and that plaintiff will continue to be represented in the above and entitled matter by Mark A. Delphin, Delphin Law Offices.

Respectfully Submitted:

_____
JOHN MILKOVICH, LA Bar No. 01251
Attorney at Law
656 Jordan Street
Shreveport, LA 71101
(318) 425-1957


**RECEIVED**

JUN 2 8 2010

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been mailed, postage prepaid and properly addressed to:

Herschel E. Richard, Jr.             Thomas C. Quinlen
Cook, Yancey, King & Galloway        International Paper
333 Texas Street, Suite 1700         Legal Department
Shreveport, LA 71120-2260            6410 Poplar Ave., Tower II, 4-021
                                     Memphis, TN 38197

Shreveport, Louisiana, this 24th day of June, 2010.

_____
JOHN MILKOVICH

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LUISIANA

NO.: 70894                                              DIVISION "B

MELANIE GARDNER

Versus

MIKE CRAFT

FILED:_____          _____
                                       DEPUTY CLERK


**O R D E R**

Considering the foregoing motion;

**IT IS HEREBY ORDERED** that John Milkovich be and is allowed to withdraw as co-counsel of record for plaintiff, MELANAIE GARDNER and that Mark A. Delphin, Delphin Law Offices remaining as counsel of record for plaintiff.

Mansfield, Louisiana this _____ day of _____, 2010.


_____
HONORABLE CHARLES B. ADAMS
JUDGE, 42ND JUDICIAL DISTRICT COURT

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

RECEIVED & FILED

STATE OF LUISIANA

2010 AUG -9 P 1: 11

NO.: 70894                                    DIVISION "B

MELANIE GARDNER

Versus

MIKE CRAFT

FILED:_____         _____
                                         DEPUTY CLERK

## PETITION FOR LETTER ROGATORY

The petition of plaintiff, Melanie Gardner, respectfully represents:

1.

David Struhs is a witness in the wrongful death lawsuit which forms the basis of this litigation and for which plaintiff seeks damages for the wrongful death of her husband.

2.

Plaintiff seeks to take the deposition testimony of David Struhs to obtain evidence based upon Mr. Struhs' former employer, International Paper, a paper mill where plaintiff's husband died.

3.

On information and belief, David Struhs is domiciled and resides in San Mateo, in San Mateo County, California, which is outside of the jurisdiction of this Honorable Court.

4.

Plaintiff respectfully prays that a letter rogatory be issued to John Fitton, San Mateo Superior Court District Clerk, 400 County Center, 1st Floor, Redwood City , California, requesting that it issue the attached Deposition Subpoena requiring David Struhs to attend the deposition as scheduled, all pursuant to Louisiana Revised Statute 13:3823, and other laws.

WHEREFORE, plaintiff prays that a letter rogatory be issued as prayed for herein.

Respectfully submitted:

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939

_____
MARK A. DELPHIN, LA Bar No. 4850
Attorney for Plaintiff, MELANIE GARDNER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been mailed, postage prepaid and properly addressed, to all counsel of record in these proceedings.

Lake Charles, Louisiana this 6th day of August, 2010.

_____
MARK A. DELPHIN

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO
DESOTO PARISH, LA
STATE OF LUISIANA
2010 AUG -9 P 1: 10

NO.: 70894                                                    DIVISION "B

MELANIE GARDNER

Versus

MIKE CRAFT

FILED:_____        _____
                                        DEPUTY CLERK


## LETTER ROGATORY


TO:    John Fitton
       Clerk of Court
       San Mateo Superior Court
       400 County Center, 1st Floor
       Redwood City, California

In the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, there is

pending a civil action entitled, "Melanie Gardner v. Mike Craft", Docket No. 70894, Div. "B".

Upon petition by plaintiff, it appears to this Court that the just determination of the issues

presented in this civil action require the deposition testimony of David Struhs be taken by

plaintiff, Melanie Gardner, through her counsel.  David Struhs is domiciled in San Mateo,

California and is believed by plaintiff to reside in San Mateo County and work at C3 Energy

Resource Management, 1820 Gateway Drive, Suite 250, San Mateo, California, in San Mateo

County, California, outside of the jurisdiction of this Honorable Court.

This Honorable Court therefore request that you assist it in servicing the interests of

justice by issuing the attached deposition subpoena so that it may be served upon David Struhs,

as allowed by law.

Mansfield, Louisiana, this _9th_ day of _August_, 2010.


_____
HONORABLE CHARLE B. ADAMS
JUDGE, 42ND JUDICIAL DISTRICT COURT


PROCESSED _8-10_ 20_10_

_____
Deputy Clerk

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LUISIANA

RECEIVED & FILED
DESOTO PARISH, LA

NO.: 70894

DIVISION "B
2010 AUG -9 P 1: 11

MELANIE GARDNER

Versus

MIKE CRAFT

FILED:_____          _____
                                                DEPUTY CLERK

## DEPOSITION SUBPOENA

TO:   David Struhs
      c/o C3 Energy Resource Management
      1820 Gateway Dr., Suite 250
      San Mateo, CA 94404

**YOU ARE HEREBY COMMANDED**, in the name of the State of Louisiana, and of this Honorable Court, pursuant to the Louisiana Code of Civil Procedure, including Louisiana Code of Civil Procedure Articles 1435 and 1438, and Louisiana Revised Statute 13:3823, to attend the deposition to be conducted by counsel for the plaintiff in this matter **at the offices of De Souza & Associates, One Waters Park Drive, Suite 180, San Mateo, California (650) 341-2671 at 10:00 a.m P.T. on September 13, 2010**, and thereafter from day to day until completed, for all purposes, including use of this deposition testimony at trial, before a duly qualified court reporter;

All parties are invited to attend and participate, as they may see fit.

By order of the 42nd Judicial District Court for the Parish of DeSoto, this _____ day of _____, 2010.

_____
John Fitton
Clerk of Court
San Mateo Superior Court

**PLEASE SERVE:**

David Struhs
c/o C3 Energy Resource Management
1820 Gateway Dr., Suite 250
San Mateo, CA 94404

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF DESOTO

**BEFORE ME,** the undersigned Notary Public, duly commissioned and qualified in and for the State of Louisiana, personally came and appeared:

**O.L. "Sonny" Stone, Jr.**
**Clerk of Court**
**42nd Judicial District Court**
**Parish of DeSoto**

who, after being duly sworn, did depose and say that:

He is the duly elected, qualified and serving Clerk of Court for the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, and that the Honorable Charles B. Adams, is a duly elected, qualified and serving District Judge of the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana.

O.L. "Sonny" Stone, Jr.
Clerk of Court, 42nd Judicial District Court for
the Parish of DeSoto, Louisiana

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 10th DAY OF August, 2010.

#83443

NOTARY PUBLIC
(My commission is for life)
is thru June 2012

A TRUE COPY - ATTEST
SUSAN HUEY
CLERK OF THE DISTRICT COURT
DESOTO PARISH, LOUISI...

SUBP-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Mark A. Delphin. Delphin Law Offices<br>626 Broad St.<br>Lake Charles, LA 70601<br>TELEPHONE NO.: 337-439-3939       FAX NO. (Optional): 337-439-4504<br>E-MAIL ADDRESS (Optional): markdelphin@delphinlaw.com<br>ATTORNEY FOR (Name): Melanie Gardner | FOR COURT USE ONLY |

Court for county in which discovery is to be conducted: San Mateo
SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center, 1st Floor
MAILING ADDRESS: 400 County Center, 1st Floor
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

Court in which action is pending: 42nd Judicial District Court, Parish of DeSoto
Name of Court: 42nd Judicial District Court, Parish of DeSoto
STREET ADDRESS: 305 Texas St.
MAILING ADDRESS: P.O. Box 1206
CITY, STATE, AND ZIP CODE: Mansfield, LA 71052
COUNTRY: USA

| | |
|---|---|
| PLAINTIFF/PETITIONER: Melanie Gardner<br><br>DEFENDANT/RESPONDENT: Mike Craft | CALIFORNIA CASE NUMBER (if any assigned by court): |
| APPLICATION FOR DISCOVERY SUBPOENA<br>IN ACTION PENDING OUTSIDE CALIFORNIA | CASE NUMBER (of action pending outside California):<br>70894 |

is (check one):

1. Applicant (name):
   [✓] Plaintiff   [ ] Petitioner   [ ] Defendant   [ ] Respondent   [ ] Other (specify):
   in the above action.

2. Applicant requests that this court issue a subpoena for discovery under Code of Civil Procedure sections 2029.100 – 2029.900
   to (name and address of deponent or person in control of property):

3. Attached is (check one): [ ] the original   [✓] a true and correct copy   of the document from the court in which the action
   is pending that requires the person in 2 to (check all that apply):

   a. [✓] attend and give testimony at a deposition;

   b. [ ] produce and permit inspection and copying of designated materials, information, or tangible things in the possession,
      custody, or control of the deponent;

   c. [ ] permit the inspection of premises under the control of the deponent.

4. Applicant submits with this application a proposed subpoena that includes terms identical to those in the document from the
   out-of-state court.  (Code of Civil Procedure section 2029.300(d).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_Mark A. Delphin_____   ▶   _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)

Note: This application must be accompanied by the fee specified in Government Code section 70626.
A discovery subpoena must be personally served on the deponent in compliance with California law, including
Code of Civil Procedure section 1985.

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-030 [New January 1, 2010] | APPLICATION FOR DISCOVERY SUBPOENA<br>IN ACTION PENDING OUTSIDE CALIFORNIA |

Code of Civil Procedure §§ 2029.100–900
www.courtinfo.ca.gov

SUBP-045

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Mark A. Delphin, Delphin Law Offices
626 Broad St.
Lake Charles, LA 70601
TELEPHONE NO: 337-439-3939     FAX NO. (Optional): 337-439-4604
E-MAIL ADDRESS (Optional): markdelphin@delphinlaw.com
ATTORNEY FOR (Name): Melanie Gardner

FOR COURT USE ONLY

Court or county in which discovery is to be conducted: San Mateo
SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center, 1st Floor
MAILING ADDRESS: 400 County Center, 1st Floor
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

Court in which action is pending: 42nd Judicial District Court, Parish of DeSoto
Name of Court: 42nd Judicial District Court, Parish of DeSoto
STREET ADDRESS: 305 Texas St.
MAILING ADDRESS: P.O. Box 1206
CITY, STATE, AND ZIP CODE: Mansfield, LA 71052
COUNTRY: USA

PLAINTIFF/PETITIONER: Melanie Gardner

DEFENDANT/RESPONDENT: Mike Craft

CALIFORNIA CASE NUMBER (if any assigned by court):

DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND
PRODUCTION OF DOCUMENTS AND THINGS
IN ACTION PENDING OUTSIDE CALIFORNIA

CASE NUMBER (of action pending outside California):
70894

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of deponent, if known):
David Struhs, c/o C3 Energy Resource Management, 1820 Gateway Dr., Ste. 250, San Mateo, CA

1. YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:

Date: 09/13/10     Time: 10:00 a.m.     Address: 1 Waters Park Dr., Suite 180, San Mateo, CA

a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)
b. ☐ You are ordered to produce the documents and things described in item 3.
c. This deposition will be recorded stenographically ☑ through the instant visual display of testimony and by ☑ audiotape   ☐ videotape.

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

☐ Continued on Attachment 3 (use form MC-025).

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

☐ Continued on Attachment 4 (use form MC-025).

5. Attorneys for the parties to this action or parties without attorneys are (name, address, telephone number, and name of party represented):
See attached list of attorneys

☑ Continued on Attachment 5 (use form MC-025).

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-045 (Rev. January 1, 2010)

DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND
PRODUCTION OF DOCUMENTS AND THINGS
IN ACTION PENDING OUTSIDE CALIFORNIA

Code of Civil Procedure, §§ 2020.100-.060,
2020.510, 2025.220, 2025.230, 2025.250,
2025.620; Government Code, § 68097.1
www.courtinfo.ca.gov

SUBP-045

| | |
|---|---|
| PLAINTIFF/PETITIONER: Melanie Gardner<br>DEFENDANT/RESPONDENT: Mike Craft | CASE NUMBER:<br>70894 |

6. ☐ Other terms or provisions from out-of-state subpoena, if any (specify):

☐ Continued on Attachment 6 (use form MC-025).

7. If you have been served with this subpoena as a custodian of consumer or employee records under Code of Civil Procedures section 1985.3 or 1985.6 and a motion to quash or an objection has been served on you, a court order or agreement of the parties, witnesses, and consumer or employee affected must be obtained before you are required to produce consumer or employee records.

8. At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.

> DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date issued: _____

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

_____   _____
(TYPE OR PRINT NAME)                                    (TITLE)

**PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

1. I served this Deposition Subpoena for Personal Appearance and Production of Documents and Things in Action Pending Outside California by personally delivering a copy to the person served as follows:
   a. Person served (name): David Struhs
   b. Address where served: 1820 Gateway Dr., Ste 250, San Mateo, CA

   c. Date of delivery: _____     d. Time of delivery: _____
   e. Witness fees and mileage both ways (check one):
      (1) ☐ were paid. Amount: . . . . . . . . . . $ _____
      (2) ☐ were not paid.
      (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was (specify): $ _____
   f. Fee for service: . . . . . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on (date):

3. ☐ I also served a completed Proof of Service of Notice to Consumer or Employee and Objection (form SUBP-025) by personally delivering a copy to the person served as described in 1 above.

4. Person serving:
   a. ☐ Not a registered California process server
   b. ☐ California sheriff or marshal
   c. ☐ Registered California process server
   d. ☐ Employee or independent contractor of a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)
   f. ☐ Name, address, telephone number, and, if applicable, county of registration and number:

| | |
|---|---|
| I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | (For California sheriff or marshal use only)<br>I certify that the foregoing is true and correct. |
| Date: | Date: |
| ▶ _____<br>(SIGNATURE) | ▶ _____<br>(SIGNATURE) |

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LUISIANA

NO.: 70894                                          DIVISION "B

MELANIE GARDNER

Versus

MIKE CRAFT

**LIST OF ATTORNEYS**

**LEAD COUNSEL FOR PLAINTIFF**
Mark A. Delphin
Delphin Law Offices
626 Broad St.
Lake Charles, LA 70601
(337) 439-3939-Telephone
(337) 439-4504-Facsimile
markdelphin@delphinlaw.com
LA bar no. 4850

**CO-COUNSEL FOR PLAINTIFF**
Reed Morgan
Law Offices of Reed Morgan, PC
P.O. Box 38
Comfort, TX 78013
(830) 995-2464-Telephone
(830) 995-2728-Facsimile
rmtrialfirm@gmail.com
LA bar no. 09714

**ATTORNEY FOR MIKE CRAFT**
Herschel E. Richard, Jr.
Cook, Yancey, King & Galloway
333 Texas Street, Suite 1700
Shreveport, LA 71120-2260
(318) 221-6277
(318) 227-7850
herschel.richard@cookyancey.com
LA Bar No. 11229

**ATTY FOR INTERNATIONAL PAPER**
Thomas C. Quinlen
International Paper
Legal Dept.
6410 Poplar Avenue
Tower II, 4-021
Memphis, TN 38197
(901) 419-6879-Telephone
(901) 214-2641-Facsimile
Thomas.quinlen@ipaper.com

Page 11/31  CIVIL  00070894  Transaction Date: 09/14/2010

| | | |
|---|---|---|
| MELANIE GARDNER | | 42ND JUDICIAL DISTRICT COURT |
| VERSUS NO. 70894-B | | PARISH OF DESOTO |
| MIKE CRAFT | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

RECEIVED & FILED
DESOTO PARISH, LA

2010 SEP -9  P 1:50

## FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

The first amending and supplemental petition of MELANIE GARDNER who desires to amend and supplement her original Petition for Damages, in its entirety, filed herein in the following respects:

I.

Plaintiff amends the original caption to:

| | | |
|---|---|---|
| "MELANIE GARDNER | : | 42ND JUDICIAL DISTRICT COURT |
| VERSUS NO. 70894-B | : | PARISH OF DESOTO |
| MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, and AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC. | : | STATE OF LOUISIANA |

II.

Petitioner adds the following paragraph to her original petition to read as follows:

The petition of MELANIE GARDNER, a person of the full age of majority, widow of TOBY GARDNER, domiciled and residing in the Parish of Bienville, State of Louisiana, who with

Page 12/31. CIVIL 00070894. Transaction Date: 09/14/2010

respect represents that the below allegations are made upon information and belief (unless the context indicates otherwise), that they are set out in the following non-exclusive particulars and if inconsistent, plead in the alternative, and plaintiffs do hereby plead the doctrine of strict liability in tort under the doctrine of products liability, res ipsa loquitur, Louisiana products law, premises liability tort and/or strict liability, fault, last clear chance, intentional tort, reckless disregard and conscious indifference to the public and decedent, and all other theories of recovery as appropriate under the circumstances:

III.

Petitioner adds paragraph 2(a). to her original petition to read as follows:

"2(a).

Made defendant herein is MIKE CRAFT, a person of the full age of majority, former plant manager for the International Paper Company Mill in Desoto Parish, who may be served through his attorney of record Herschel Richard, Cook, Yancey, King & Galloway, 333 Texas St., Suite 1700, Shreveport, Louisiana 71120-2260."

IV.

Petitioner adds paragraph 2(b). to her original petition to read as follows:

"2(b).

Made defendant herein is INTERNATIONAL PAPER COMPANY, a corporation, owner and operator of the International Paper Company Mill in Desoto Parish, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

V.

Petitioner adds paragraph 2(c). to her original petition to read as follows:

"2(c).

Made defendant herein is THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, a corporation, designer and/or seller of the linerboard white water tank into which TOBY GARDNER fell and died, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808."

VI.

Petitioner adds paragraph 2(d). to her original petition to read as follows:

"2(d).

Made defendant herein is AUSTIN MAINTENANCE & CONSTRUCTION, INC. Said corporations is a former contractor(s) at the International Paper Company mill in Desoto Parish, worked there for years, and had full knowledge of the unsafe and ultra hazardous conditions complained of and set out herein below and had a duty to report and/or correct the same, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802."

VII.

Petitioner adds paragraph 2(e). to her original petition to read as follows:

"2(e).

Made defendant herein is RIMCOR, INC. Said corporation is a former contractor at the International Paper Company mill in Desoto Parish, on information and belief has performed work on and provided services to International Paper, Inc regarding the tanks at the Mansfield Mill, including the tank wherein Toby Gardner died, and had full knowledge of the unsafe and ultra hazardous conditions complained of herein and had a duty to report and correct the same, is a Louisiana corporation, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Stephen B. Gillikin, 10995 Shelton Rd., Bastrop, La 71220."

VIII.

Petitioner adds paragraph 2(f). to her original petition to read as follows:

"2(f).

Made defendant herein is H.B. ZACHRY COMPANY, a corporation, direct employer of TOBY GARDNER at the time of his death, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808."

IX.

Petitioner adds paragraph 2(g). to her original petition to read as follows:

"2(g).

Made defendant herein is KELLOGG BROWN & ROOT LLC, a limited liability company, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Capitol Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, LA 70809."

X.

Petitioner adds paragraph 2(h). to her original petition to read as follows:

"2(h).

Made defendant herein is KELLOGG BROWN & ROOT SERVICES, INC, a limited liability company, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Capitol Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, LA 70809."

XI.

Petitioner adds paragraph 2(i). to her original petition to read as follows:

"2(i).

Made defendant herein is MARSH USA INC. D/B/A MARSH USA RISK SERVICES, a corporation, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, the Secretary of State of the State of Louisiana, 8585 Archives Avenue, Baton Rouge, LA 70809."

XII.

Petitioner adds paragraph 2(j). to her original petition to read as follows:

"2(j).

Made defendant herein is WILLIS GROUP, L.L.C., a limited liability company, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Brian T. Leftwich, 1100 Poydras St., Ste. 1500, New Orleans, LA 70163."

XIII.

Petitioner adds paragraph 2(k). to her original petition to read as follows:

"2(k).

Made defendant herein is WILLIS GROUP HOLDINGS, LTD., a limited liability company, authorized to do and doing business in the State of Louisiana which may be served through its agent

for the service of legal process, Brian T. Leftwich, 1100 Poydras St., Ste. 1500, New Orleans, LA 70163."

XIV.

Petitioner adds paragraph 2(l). to her original petition to read as follows:

"2(l).

Made defendant herein is WILLIS NORTH AMERICA, a limited liability company, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, Brian T. Leftwich, 1100 Poydras St., Ste. 1500, New Orleans, LA 70163."

XV.

Petitioner adds paragraph 2(m). to her original petition to read as follows:

"2(m).

Made defendant herein is LARRY EDWARDS, a person of the full age of majority, and believed to be a non resident and/or absentee of the State of Louisiana, who, at all material times herein, was/is an employee of the defendants, WILLIS GROUP, L.L.C. and/or Willis Group Holdings, Ltd and/or Willis North America, and may be served via Long Arm Statute c/o Willis Group, 2101 6th Avenue North, Suite 1200, Birmingham, Alabama 35203-2749."

XVI.

Petitioner adds paragraph 2(n). to her original petition to read as follows:

2(n).

Made defendant herein is STEPHEN WILSON, a person of the full age of majority, who, at all material times herein, was/is an employee of the defendants, ESIS Inc and/or ACE AMERICAN INSURANCE CORPORATION and/or the The ACE Group is and may be served via Long Arm Statute c/o ESIS, Inc., P.O. Box 31134, Tampa, FL 33631-3134."

XVII.

Petitioner adds paragraph 2(o). to her original petition to read as follows:

"2(o).

Made defendant herein is ESIS INC., a corporation authorized to do and doing business in the State of Louisiana which may be served through their agent for the service of legal process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809."

XVIII.

Petitioner adds paragraph 2(p). to her original petition to read as follows:

"2(p).

Made defendant herein is ACE AMERICAN INSURANCE CORPORATION, a corporation authorized to do and doing business in the State of Louisiana which may be served through their agent for the service of legal process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809."

XIX.

Petitioner adds paragraph 2(q). to her original petition to read as follows:

"2(q).

Made defendant herein is THE ACE Group, a corporation authorized to do and doing business in the State of Louisiana which may be served through their agent for the service of legal process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809."

XX.

Petitioner adds paragraph 2(r). to her original petition to read as follows:

"2(r).

Made defendant herein is AON BENEFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., a corporation, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA 70802."

XXI

Petitioner adds paragraph 3(a). to her original petition to read as follows:

"3(a).

This is a civil action to recover all damages sustained by your petitioner for personal injuries and other injuries against the above named defendants, MIKE CRAFT, INTERNATIONAL

PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., (sometimes hereinafter referred to collectively as "defendants"), each of whom are liable jointly, individually and in solido unto your petitioner in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid and for all costs of these proceedings, for the following to-wit:"

XXII.

Petitioner amends paragraph 5. to her original petition to read as follows:

"5.

Petitioner alleges upon information and belief that on or about September 29, 2009, TOBY GARDNER fell into what is believed to be known as #1 Linerboard W. W. Tank #102, referred to herein as "tank", at the International Paper Mill known as the "Mansfield Mill", and was boiled to death and/or drowned in a scalding hot water solution, in a horrific and unthinkably excruciating manner, in Desoto Parish, Louisiana. "

XXIII.

Petitioner amends paragraph 7. to her original petition to read as follows:

"7.

The top of the tank, contained an opening covered by an unsecured lid referred to herein as "opening", and the lid to the opening was unreasonably dangerous, hazardous, contained latent defects, and/or alternatively, design defects, and/or defects obvious to the trained eye of safety professionals and/or officers of the defendants, all of which made it inherently dangerous, and/or ultra-hazardous, creating a defect on this tank, that was technologically and economically avoidable; it created a needless risk of harm that was foreseeable to defendants, and that should have been corrected by competent safety professionals in the insurance and risk business, and which unsafe

condition would inevitably cause serious injury or death, for the following, non-exclusive reasons:

1) The lid to the tank's opening was not attached in any way to the tank;

2) The lid presented a risk of harm that the ordinary unwary contractor worker would not foresee as a death-trap;

3) There was no railing around the opening of the unsecured lid in an area at the bottom of a stair case, the only access to the top of the tank, where defendants knew and/or should have known that employees would encounter, step on, and fall to a terrible death;

4) INTERNATIONAL PAPER, AND/OR H.B. ZACHRY and/or AUSTIN MAINTENANCE & CONSTRUCTION, INC. upper management and/or safety officers knew the lid was not secured and knew it was inevitable that it would kill and or injure the unwary if they were to step on it or its edges, and this wrongdoing was a contributing and/or sole cause of the death of Toby Gardner;"

5) There were no signs, instructions, labels, or warnings of the presence of the opening, or that the lid was unsecured.

6) There was no alarm warning of the overflow of water, wood, pulp, and other material loosening the "fit" of the lid;

7) There was an accumulation of debris, moisture, dirt, dregs, waste, rubble, bottles, and/or chemical residue and other trip and fall hazards on and around the top of the tank, the opening, and lid.

8) The walking surface on and near the tank was dangerously slippery and unstable.

9) The defendants failed to inspect the tank top while knowing it was becoming used and dangerous over time;

10) The amount of hydrogen sulfide in the area was above a safe level and such exposure would cause an unnecessary risk of harm, injury, and/or death, including dizziness, light-headedness, and/or disorientation to an employee encountering same."

XXIV.

Petitioner adds paragraph 12(a). to her original petition to read as follows:

"12(a).

At all material times herein defendant THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY and/or KELLOGG BROWN & ROOT LLC and/or KELLOGG

BROWN & ROOT SERVICES, INC. represented and held itself out as professionals and experts with full knowledge, experience, and understanding of the needs, dangers, uses and industry standards of tanks as well as the structural demands and physical safety attributes which must be met by such containers to safely and effectively function in the industrial environment."

XXV.

Petitioner adds paragraph 12(b). to her original petition to read as follows:

"12(b).

By its/their knowledge and information and/or that which it should know, defendants, are well aware that the top of the tank was inherently dangerous, and must be visited by workers, such as TOBY GARDNER, in the course of routine maintenance, emergency situations, and other expected industrial activities, and that efforts were needed to insure that the top of the tank remains secure and free of hazards, including overflowing paper/wood and that clutter creates an unreasonable risk of death or harm and lids must be secured in such a way so as to prevent a person from falling in, and hydrogen sulfide is monitored and kept below the maximum levels permissible. Further, defendants knew the water was deadly hot, and failed to take measures to protect the unwary from falling into the vat/tank."

XXVI.

Petitioner adds paragraph 12(c). to her original petition to read as follows:

"12(c).

Technology exists and has existed for centuries which would ensure that tank lids remain securely attached to their tank while completely covering the entire opening they control and/or to provide barricades which would prevent access to same such as the installation of rails to protect against entry into the opening. The safety and other mechanisms which employ this technology were either not present on the tank lid and opening involved in this litigation at the time it left the control of THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY and/or KELLOGG BROWN & ROOT LLC and/or KELLOGG BROWN & ROOT SERVICES, INC., or these mechanisms, if present, were not operational."

XXVII.

Petitioner adds paragraph 12(d). to her original petition to read as follows:

Page 29/31  CIVIL 00070894  Transaction Date: 09/14/2010

"12(d).

Petitioner alleges upon information and belief that the fall and incident with resulting damages made the basis of the claim filed in the above captioned matter were directly and proximately caused by the individual, and/or joint and/or concurrent negligence and/or fault and/or intentional acts and/or want of care and/or strict liability of the defendants, who are sued in the alternative and collectively, pleading fault and negligence, and strict liability against them, named as defendants, their agents, employees, successors and/or representatives, which negligence, fault, intentional acts, want of care and strict liability for both manufacturing, design, and marketing defects consisted of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are plead in the alternative:

A. With regard to MIKE CRAFT, INTERNATIONAL PAPER COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., and H.B. ZACHRY COMPANY, and their agents, employees, successors and/or representatives:

1. They failed to inspect and/or report the condition of and/or and maintain the top of the tank in a manner to prevent injury and death which was inevitable and unavoidable;

2. These defendants and their employees, including Cody Whitlock, an employee of International Paper Company working under the direction and control of Mike Craft, were personally, subjectively, and actually aware of the hazards presented by the tank, opening, and lid as set forth above, and the lack of maintenance thereto; and were aware that the tank, opening, and lid were substantially certain to cause injury and would inevitably cause injury or death;

3. They took no effective steps to alleviate, remediate, eliminate, obviate, ameliorate or eradicate the extremely hazardous nature of the subject tank, opening, and lid; to limit, prevent or block access to the subject opening and lid; or to properly warn employees, including TOBY GARDNER, of the tremendous danger posed by the tank, lid and opening, notwithstanding that it was well known that employees were required to work in this area and that injury or death would be the inevitable result;

4. They allowed debris, trash, discarded work materials, and liquids to accumulate and settle at random on the top of the tank, opening and lid, thus creating dangerous

conditions in the work environment which would inevitably result in injury and/or death, and exhibited gross and wanton intent and disregard for others;

5. They failed to request an alarm to be designed, made, and/or installed, and their own safety team failed to install any warning device to signal that the tank was overflowing at the lid;

6. Any and all other acts and/or omissions constituting fault and an intentional tort and/or substantial certainty and/or inevitability of injury or death.

B. With regard to THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, KELLOGG BROWN & ROOT LLC, and KELLOGG BROWN & ROOT SERVICES, INC. their agents, employees, successors and/or representatives:

1. They entered into contracts of sale with INTERNATIONAL PAPER COMPANY and provided and/or sold the design, plans, specification and materials for the tank which was unsafe, that is, unreasonably dangerous;

2. They failed to warn workers at the International Paper plant and others that the lid was unstable, unsecured and presented an unreasonable and inevitable certainty of risk of serious injury and/or death and that same could move, leaving the opening uncovered, without notice;

3. They failed to design a barricade or other means of blocking entrance/access to the opening;

4. They failed to design the tank in such a way that the lid remained securely attached to the tank while completely covering the opening, and installed no warning system to alert users when it became dislodged or loosened by overflow;

5. They made a product that had a design, marketing, and/or manufacturing defect in the lid;

6. They acted with a complete conscious indifference to the rights, safety, and welfare of the public, end users, and the decedent, Toby Gardner, and are liable for punitive damages;

7. Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability including failure to warn, inspect and advise, which are proven at the time of trial;

C.  With regard to MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP, LTD., WILLIS NORTH AMERICA,  LARRY EDWARDS, STEVE WILSON, ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, ESIS, INC., AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC. their agents, employees, successors and/or representatives:

1.  They negligently conducted safety audits of the Mansfield Mill and/or provided incompetent advice and/or services to International Paper, Inc and/or H.B. Zachry, and to their officers and supervisors and employees responsible for protecting the safety of mill workers, and/or failed to instruct or warn them of the latent safety hazards and/or inevitability of certain injury and extreme risk to International Paper, Inc and H.B. Zachry employees caused by the condition atop the tank where Toby Gardner was working at the time of his death.

2.  They failed inspect the premises properly and prudently, and failed to give notice and warn of the unsafe and unreasonably dangerous design of the tank and its lid; They purported to carry out safety inspections of the mill, thus fostering a false sense of security in Toby Gardner and other workers and supervisors and officers at the International Paper plant, but failed to ever go on top of the tank to see the dangerous work environment that existed and/or failed to report it's/their condition;

3.  They exhibited a complete reckless disregard for the safety of the workers, knowing of the risk of harm or death, and acting with gross willful and wanton negligence and disregard;

All of which acts and omissions are in direct violation of the laws and ordinances of the State of Louisiana and the Parish of Desoto which said laws and ordinances are plead herein as if copied in extensor."

## XXVIII.

Petitioner adds paragraph 12(e). to her original petition to read as follows:

"12(e).

Further, the defendant, H.B. ZACHRY, in its contract with INTERNATIONAL PAPER COMPANY, has waived tort immunity and is subject to this suit in tort."

## XXIX.

Petitioner amends paragraph 14. to her original petition to read as follows:

"14.

MELANIE GARDNER brings this wrongful death and survival action to recover all damages, harms and losses sustained by Toby Gardner and the damages, harms and losses she has suffered damages as a result of the death of her husband, TOBY GARDNER, which damages include Loss of Consortium, Fright and Fear for his Imminent Death, Loss of Domestic Services and Aid, Loss of Enjoyment of Life, Grief, Emotional Anguish, Loss of Insurance and Health Benefits, Loss of Economic Support, Loss of Guidance and Nurture, and Loss of Income. Melanie Gardner seeks just compensation for these damages."

## XXX.

Petitioner amends paragraph 15. to her original petition to read as follows:

"15.

TOBY GARDNER experienced great and unimaginable suffering in being boiled to death and/or drowned in scalding hot water in the above-referenced tank. MELANIE GARDNER hereby seeks Just Compensation for the suffering endured by TOBY GARDNER prior to his death."

## XXXI.

Petitioner amends the closing paragraph to her original petition to read as follows:

"WHEREFORE PLAINTIFF PRAYS that, after due proceedings be held, judgment be rendered in favor of the Plaintiff, and against the Defendants, solidarily binding the Defendants with any other responsible party, to pay Plaintiff full and complete compensatory damages, along with legal interest from the date of judicial demand until paid, all costs of court, and all costs of litigation including expert witness fees, and judicial interest on expert witness fees, all litigation costs and court costs from the date of filing suit until paid, and punitive damages to be established at trial;

PLAINTIFF FURTHER PRAYS for all equitable relief to which she is entitled under the law."

## XXXIV.

All of the allegations of plaintiffs' original Petition for Damages be repeated and reiterated as if recited herein in extenso.

WHEREFORE, petitioner, MELANIE GARDNER, prays that:

1) This First Amending and Supplemental Petition for Damages be filed as prayed for and according to law;

2) Defendants, MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., be duly served with a copy of this First Amending and Supplemental Petition for Damages and be cited to appear and answer the same;

3) Defendants, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., be duly served with a copy of the original Petition for Damages and be cited to appear and answer the same;

4) After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of petitioner, MELANIE GARDNER, and against defendants, MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN

Page 25/31 - CIVIL 00070894 Transaction Date: 09/14/2010

INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC.

and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., jointly,

individually and in solido in a sum of damages as is proper and complete in the premises, together

with legal interest from and after the date of judicial demand until paid, and for all costs of these

proceedings and the fees of expert witnesses; and

      4)   For all orders and decrees necessary in the premises and for all costs of these

proceedings and for full, general and equitable relief, and JURY TRIAL IS DEMANDED.

                            Respectfully submitted,


                            LAW OFFICES OF REED MORGAN, PC
                            Reed Morgan
                            P.O. Box 38
                            413 Eighth Street
                            Comfort, TX  78013
                            (830) 995-2464
                            (830) 995-2728-Facsimile
                            Co-Counsel for Plaintiff


                            DELPHIN LAW OFFICES,
                            A PROFESSIONAL LAW CORPORATION
                            626 Broad Street
                            Lake Charles, LA 70601
                            (337) 430-3939


                            BY: MARK A. DELPHIN, #4850
                                ARTHUR J. O'KEEFE, #10183
                                Attorneys for Plaintiff


**PLEASE SERVE:**

**PLEASE SERVE WITH THE FIRST AMENDING AND SUPPLEMENTAL PETITION
FOR DAMAGE ONLY**
MIKE CRAFT
Through his attorney of record
Mr. Herschel E. Richard
P.O. Box 22260
Shreveport, LA 71120-2260

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST
AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
INTERNATIONAL PAPER COMPANY
Through its registered agent for service of legal process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST
AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY

Through its registered agent for service of legal process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
AUSTIN MAINTENANCE & CONSTRUCTION, INC.
Through its registered agent for the service of legal process
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
RIMCOR, INC.,
Through its registered agent for the service of legal process
Mr. Stephen B. Gillikin
10995 Shelton Rd.
Bastrop, LA 71220

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
H.B. ZACHRY COMPANY
Through its registered agent for the service of legal process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
KELLOGG BROWN & ROOT LLC
Through its registered agent for the service of legal process
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
KELLOGG BROWN & ROOT SERVICES, INC.
Through its registered agent for the service of legal process
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
MARSH USA INC. D/B/A MARSH USA RISK SERVICES
Through its registered agent for the service of legal process
The Secretary of State of the State of Louisiana
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
WILLIS GROUP, L.L.C
Through its registered agent for the service of legal process
Brian T. Leftwich
1100 Poydras St., Ste. 1500
New Orleans, LA 70163

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
WILLIS GROUP HOLDINGS, LTD
Through its registered agent for the service of legal process
Brian T. Leftwich
1100 Poydras St., Ste. 1500
New Orleans, LA 70163."

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
WILLIS NORTH AMERICA
Through its registered agent for the service of legal process
Brian T. Leftwich
1100 Poydras St., Ste. 1500
New Orleans, LA 70163."

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
LARRY EDWARDS
Via Long Arm Statute
c/o Willis Group
2101 6th Avenue, Suite 1200
Birmingham, AL 35203-2749

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
STEVE WILSON
via Long Arm Statute
c/o ESIS, Inc.
P.O. Box 31134
Tampa, FL 33631-3134

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
ESIS, INC.
Through its registered agent for the service of legal process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
ACE AMERICAN INSURANCE CORPORATION
Through its registered agent for the service of legal process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**
THE ACE GROUP
Through its registered agent for the service of legal process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES AND THE FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGE**

AON BENFIELD SECURITIES, INC. and/or
AON CONSULTING INC. and/or
AON RISK SERVICES SOUTHWEST, INC.
Through its registered agent for the service of legal process
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802

MELANIE GARDNER                          42ND JUDICIAL DISTRICT COURT

VERSUS NO. 70894-B                  :     PARISH OF DESOTO

MIKE CRAFT                          :     STATE OF LOUISIANA

FILED: _____        :     _____
                                          DEPUTY CLERK OF COURT

## ORDER

Considering the foregoing:

IT IS ORDERED that the First Amending and Supplemental Petition for Damages be filed as prayed for and according to law.

THUS DONE AND SIGNED at Mansfield, Louisiana this _18th_ day of _September_, 2010.

_____
DISTRICT JUDGE

PROCESSED  9-14  20 10
_Susan Huey_
Deputy Clerk

A TRUE COPY - ATTEST

_Susan Huey_

CLERK OF THE DISTRICT COURT
DESOTO PARISH, LOUISIANA

CITATION

GARDNER, MELANIE

Versus

CRAFT, MIKE

Case: 00070894
Division: B
42nd Judicial District Court
Parish of DeSoto
State of Louisiana

2009 NOV -6 A 10: 47

RECEIVED

NOV 0 2 2009

RODNEY ARBUCKLE
SHERIFF
DeSoto Parish

THE STATE OF LOUISIANA TO:
MIKE CRAFT
1202 HWY 509
MANSFIELD, LA 71052
of the Parish of DESOTO

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within fifteen (15) days after the service hereof. THIRTY (30) DAYS IF SERVICE IS BY LONGARM. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

Witness the Honorable Judges of our said Court on this the 2ND day of NOVEMBER, 2009.

*Mr. Kevin Driscoll is plant
manager now.
Mr. Mike Craft retired oct. 30, 2009*

Clerk of Court

*Dy. Payne Jr.*

Received on the _2_ day of _Nov._, 20 _09_ and on the _2_ day of _Nov._, 20 _09_ served the above named party as follows:

Personal Service on the party herein named *Kevin Driscoll* c/o *International Paper*
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _Desoto_ this _2_ day of _Nov._, 20 _09_

Service      $ _____

Mileage      $ _17_            By: *Dy. Milton F. Payne Sr.*
                                        Deputy Sheriff
Total        $ _37.68_

PROCESSED _11-9_ 20 _09_

*Susan Huey*
Deputy Clerk

[ ORIGINAL ]

*CITATION*                                                        *me*

GARDNER, MELANIE                                    Case: 00070894
                                                    Division: B
Versus                                              42nd Judicial District Court
                                                    Parish of DeSoto
CRAFT, MIKE - ET AL          2010 SEP 22  A 10: 29  State of Louisiana

THE STATE OF LOUISIANA TO:
   THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF LEGAL PROCESS
   CT CORPORATION SYSTEM
   5615 CORPORATE BLVD, STE 400B
   BATON ROUGE, LA 70808
of the Parish of BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which
accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of
the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said
Parish within fifteen (15) days after the service hereof.  THIRTY (30) DAYS IF SERVICE IS BY LONGARM.
YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF
DEFAULT JUDGMENT AGAINST YOU.

Witness the Honorable Judges of our said Court on this the 14TH day of SEPTEMBER, 2010.

                          SEP 20 2010              D. L. STONE, JR.
                                                   CLERK OF COURT
              made service on the named party through the
                                                   BY: _____
                       CT Corporation
              by tendering a copy of this document to        Deputy Clerk of Court
                                        □ LYNETTE BASS    □ JULIE QUINN
           □ LISA LITTECH     □ RODERICK THOMAS
                              Service Information Code:
                                        Parish of East Baton

Received on the _____ day of _____, 20____ and on the _____ day of
_____, 20____ served the above named party as follows:

Personal Service on the party herein named _____.
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the
hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from his/her residence at the time of
said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service   $_____
                                      By: _____
Mileage   $_____                    Deputy Sheriff

Total     $_____

PROCESSED 9-22-2010

_____
Deputy Clerk

RECEIVED
SEP 17 2010
EBR SHERIFF'S OFFICE

[ ORIGINAL ]

| | |
|---|---|
| MELANIE GARDNER | 42ND JUDICIAL DISTRICT COURT |
| VERSUS NO. 70894-B | PARISH OF DESOTO |
| MIKE CRAFT | STATE OF LOUISIANA |
| FILED: _____ | _____ |
| | DEPUTY CLERK OF COURT |

## MOTION AND ORDER TO PROCEED
## IN FORMA PAUPERIS

NOW INTO COURT, through undersigned counsel, comes petitioner, MELANIE GARDNER, who with respect represents:

1.

Mover, MELANIE GARDNER, suggests to this Honorable Court that she is currently in dire necessitous economic circumstances after the death of her husband and is presently unable to pay the costs of Court in advance, as they accrue, or to furnish security for them. The Facts Concerning Plaintiff of mover is attached to this motion for this Honorable Court's inspection and consideration.

2.

The purpose of this suit is her attempt to pursue her causes of action arising out of the wrongful death of her deceased husband, Toby Gardner, as well as to bring a survival action.

3.

Mover, MELANIE GARDNER, alleges upon information and belief that her economic circumstances have deteriorated significantly since the death of her husband, to the extent that she has had to maintain the household with just her income and worker's compensation benefits, and considering her/their debts and unexpected expenses and costs, does not have sufficient funds to pay advanced court costs as they accrue and/or in advance or to post bond for them.

3.

Pursuant to LSA-C.C.P. Article 5181, et seq., mover, MELANIE GARDNER, is entitled to prosecute this matter "In Forma Pauperis."

WHEREFORE, mover, MELANIE GARDNER, prays that she be allowed to prosecute this matter "In Forma Pauperis."

PROCESSED _9-14_ 20_10_

_Susan Huey_
Deputy Clerk

Page 4/31   CIVIL, 00070894, Transaction Date: 09/14/2010

Respectfully submitted,


LAW OFFICES OF REED MORGAN, PC
Reed Morgan
P.O. Box 38
413 Eighth Street
Comfort, TX  78013
(830) 995-2464
(830) 995-2728-Facsimile
Co-Counsel for Plaintiff


DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939-Telephone
(337) 439-4504-Facsimile


MARK A. DELPHIN, #4860
ARTHUR J. O'KEEFE, #10183
Attorneys for Plaintiff

Page 6/31  CIVIL, 000 70894, Transaction Date 09/14/2010

MELANIE GARDNER                          :          42ND JUDICIAL DISTRICT COURT

VERSUS NO. 70894-B                        :          PARISH OF DESOTO

MIKE CRAFT                                :          STATE OF LOUISIANA

FILED: _____          :          _____

## ORDER

The foregoing motion, premises and prayer considered:

IT IS ORDERED that mover, MELANIE GARDNER, be and she is hereby allowed to

prosecute the above captioned and numbered matter "In Forma Pauperis," thereby relieving her of

paying costs of court in advance, as they accrue or to furnish security for them.

*Motion is denied without prejudice.*

THUS DONE AND SIGNED in Chambers at Mansfield, Louisiana, on this _12th_

day of _September_____, 2010.

_____
DISTRICT JUDGE

PROCESSED _9-14_ 20_10_

_Susan Huey_
Deputy Clerk

42ND JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO

STATE OF LOUISIANA

NO. 70894                                                    DIVISION: "B"

MELANIE GARDNER

VERSUS

MIKE CRAFT, ET AL

FILED: _____        _____
                                                    DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, come defendants **Aon Benfield Securities, Inc., Aon Consulting, Inc., and Aon Risk Services Southwest, Inc.**, and upon suggesting to the Court that the above captioned matter has just been referred to undersigned counsel, that additional time will be necessary within which to file responsive pleadings. Mover respectfully shows that this is the first request for extension of time to plead.

WHEREFORE, defendants respectfully pray that the Court allow an additional thirty (30) days from the signing of the Order below within which to file responsive pleadings.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE, L.L.C.

_____
GUS A. FRITCHIE III (#5751)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

**Attorneys for Aon Benfield Securities, Inc.,
Aon Consulting, Inc., and
Aon Risk Services Southwest, Inc.**

## ORDER

Considering the foregoing Motion;

IT IS ORDERED that defendants, **Aon Benfield Securities, Inc., Aon Consulting, Inc., and Aon Risk Services Southwest, Inc.** be allowed an additional thirty (30) days from the signing of this Order within which to file responsive pleadings.

Mansfield, Louisiana, this _____ day of September, 2010.

_____
JUDGE

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 22nd day of September, 2010.

MELANIE GARDNER                    :       42ND JUDICIAL DISTRICT COURT

VERSUS NO. 70894-B                 :       PARISH OF DESOTO

MIKE CRAFT                         :       STATE OF LOUISIANA

FILED: _____    :       _____
                                           DEPUTY CLERK OF COURT

## SECOND AMENDING AND SUPPLEMENTAL
## PETITION FOR DAMAGES

The second amending and supplemental petition of MELANIE GARDNER who desires to amend and supplement her original Petition for Damages, in its entirety, filed herein in the following respects:

I.

Plaintiff amends the original caption to:

"MELANIE GARDNER            :       42ND JUDICIAL DISTRICT COURT

VERSUS NO. 70894-B          :       PARISH OF DESOTO

MIKE CRAFT,                 :       STATE OF LOUISIANA
INTERNATIONAL   PAPER
COMPANY, THE STEBBINS
ENGINEERING AND
MANUFACTURING COMPANY,
AUSTIN MAINTENANCE &
CONSTRUCTION, INC.,
RIMCOR, INC., H.B. ZACHRY
COMPANY, KELLOGG BROWN
& ROOT LLC., KELLOGG
BROWN & ROOT SERVICES,
INC., MARSH USA INC. D/B/A
MARSH USA RISK SERVICES,
WILLIS GROUP, L.L.C., WILLIS
GROUP HOLDINGS, LTD,
WILLIS NORTH AMERICA,
LARRY EDWARDS, STEPHEN
WILSON, ESIS, INC., ACE
AMERICAN INSURANCE
CORPORATION, THE ACE
GROUP, and AON BENFIELD
SECURITIES, INC. and/or AON
CONSULTING INC. and/or AON
RISK SERVICES SOUTHWEST, INC.,
ABB, INC. AND WILLIS OF
LOUISIANA, INC. D/B/A WILLISHRH

II.

Petitioner adds paragraph 2 (s). to her original petition to read as follows:

PROCESSED 10-4 20 10

*Susan Huey*
Deputy Clerk

"2(s).

Made defendant herein is ABB, INC., a Delaware corporation,  which corporation is a former contractor(s) at the International Paper Company mill in Desoto Parish, worked there for years, and had full knowledge of the unsafe and ultra hazardous conditions complained of and set out herein below and had a duty to report and/or correct the same, authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, C T Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801."

III.

Petitioner adds paragraph 2 (t). to her original petition to read as follows:

"2(t).

Made defendant herein is WILLIS OF LOUISIANA, INC. d/b/a WILLIS HRH, a Louisiana corporation,  authorized to do and doing business in the State of Louisiana which may be served through its agent for the service of legal process, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808."

IV.

Petitioner amends paragraph 3 (a). to her original petition to read as follows:

"3(a).

This is a civil action to recover all damages sustained by your petitioner for personal injuries and other injuries against the above named defendants, MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN  WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP,  AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., ABB, INC. and WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH (sometimes hereinafter referred to collectively as "defendants"), each of whom are liable jointly, individually and in solido unto your petitioner in a sum of damages as is

reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid and for all costs of these proceedings, for the following to-wit:"

V.

Petitioner amends paragraph 7. to her original petition to read as follows:

"7.

Petitioner alleges upon information and belief that the fall and incident with resulting damages made the basis of the claim filed in the above captioned matter were directly and proximately caused by the individual, and/or joint and/or concurrent negligence and/or fault and/or intentional acts and/or want of care and/or strict liability of the defendants, who are sued in the alternative and collectively, pleading fault and negligence, and strict liability against them, named as defendants, their agents, employees, successors and/or representatives, which negligence, fault, intentional acts, want of care and strict liability for both manufacturing, design, and marketing defects consisted of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are plead in the alternative:

A. With regard to MIKE CRAFT, INTERNATIONAL PAPER COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., ABB, INC., RIMCOR, INC., and H.B. ZACHRY COMPANY, and their agents, employees, successors and/or representatives:

1. They failed to inspect and/or report the condition of and/or and maintain the top of the tank in a manner to prevent injury and death which was inevitable and unavoidable;

2. These defendants and their employees, including Cody Whitlock, an employee of International Paper Company working under the direction and control of Mike Craft, were personally, subjectively, and actually aware of the hazards presented by the tank, opening, and lid as set forth above, and the lack of maintenance thereto; and were aware that the tank, opening, and lid were substantially certain to cause injury and would inevitably cause injury or death;

3. They took no effective steps to alleviate, remediate, eliminate, obviate, ameliorate or eradicate the extremely hazardous nature of the subject tank, opening, and lid; to limit, prevent or block access to the subject opening and lid; or to properly warn employees, including TOBY GARDNER, of the tremendous danger posed by the

tank, lid and opening, notwithstanding that it was well known that employees were required to work in this area and that injury or death would be the inevitable result;

4. They allowed debris, trash, discarded work materials, and liquids to accumulate and settle at random on the top of the tank, opening and lid, thus creating dangerous conditions in the work environment which would inevitably result in injury and/or death, and exhibited gross and wanton intent and disregard for others;

5. They failed to request an alarm to be designed, made, and/or installed, and their own safety team failed to install any warning device to signal that the tank was overflowing at the lid;

6. Any and all other acts and/or omissions constituting fault and an intentional tort and/or substantial certainty and/or inevitability of injury or death.

B. With regard to THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, KELLOGG BROWN & ROOT LLC, and KELLOGG BROWN & ROOT SERVICES, INC. their agents, employees, successors and/or representatives:

1. They entered into contracts of sale with INTERNATIONAL PAPER COMPANY and provided and/or sold the design, plans, specification and materials for the tank which was unsafe, that is, unreasonably dangerous;

2. They failed to warn workers at the International Paper plant and others that the lid was unstable, unsecured and presented an unreasonable and inevitable certainty of risk of serious injury and/or death and that same could move, leaving the opening uncovered, without notice;

3. They failed to design a barricade or other means of blocking entrance/access to the opening;

4. They failed to design the tank in such a way that the lid remained securely attached to the tank while completely covering the opening, and installed no warning system to alert users when it became dislodged or loosened by overflow;

5. They made a product that had a design, marketing, and/or manufacturing defect in the lid;

6. They acted with a complete conscious indifference to the rights, safety, and welfare of the public, end users, and the decedent, Toby Gardner, and are liable for punitive

damages;

7. Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability including failure to warn, inspect and advise, which are proven at the time of trial;

C. With regard to MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP, LTD., WILLIS NORTH AMERICA, WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH, LARRY EDWARDS, STEVE WILSON, ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, ESIS, INC., AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC. their agents, employees, successors and/or representatives:

1. They negligently conducted safety audits of the Mansfield Mill and/or provided incompetent advice and/or services to International Paper, Inc and/or H.B. Zachry, and to their officers and supervisors and employees responsible for protecting the safety of mill workers, and/or failed to instruct or warn them of the latent safety hazards and/or inevitability of certain injury and extreme risk to International Paper, Inc and H.B. Zachry employees caused by the condition atop the tank where Toby Gardner was working at the time of his death.

2. They failed inspect the premises properly and prudently, and failed to give notice and warn of the unsafe and unreasonably dangerous design of the tank and its lid; They purported to carry out safety inspections of the mill, thus fostering a false sense of security in Toby Gardner and other workers and supervisors and officers at the International Paper plant, but failed to ever go on top of the tank to see the dangerous work environment that existed and/or failed to report it's/their condition;

3. They exhibited a complete reckless disregard for the safety of the workers, knowing of the risk of harm or death, and acting with gross willful and wanton negligence and disregard;

All of which acts and omissions are in direct violation of the laws and ordinances of the State of Louisiana and the Parish of Desoto which said laws and ordinances are plead herein as if copied in extensor."

VI.

Petitioner adds paragraph 16. to her original petition to read as follows:

"16.

Petitioner, Melanie Gardner, brings this action under the laws of the State of Louisiana and the Parish of Desoto, and specifically does not assert any claims and/or causes of action under the laws of the federal government of the United States of America, nor does she raise any federal questions in this complaint.

VII.

All of the allegations of plaintiff's original Petition for Damages be repeated and reiterated as if recited herein in extenso.

WHEREFORE, petitioner, MELANIE GARDNER, prays that:

1)      This Second Amending and Supplemental Petition for Damages be filed as prayed for and according to law;

2)      Defendants, MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., ABB, INC. and WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH be duly served with a copy of this Second Amending and Supplemental Petition for Damages and be cited to appear and answer the same;

3)      Defendants, ABB, INC. and WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH be duly served with a copy of the original Petition for Damages and, First Amending and Supplemental Petition for damages and be cited to appear and answer the same;

4)      After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of petitioner, MELANIE GARDNER, and against defendants, MIKE CRAFT, INTERNATIONAL PAPER COMPANY, THE STEBBINS ENGINEERING AND

MANUFACTURING COMPANY, AUSTIN MAINTENANCE & CONSTRUCTION, INC., RIMCOR, INC., H.B. ZACHRY COMPANY, KELLOGG BROWN & ROOT LLC., KELLOGG BROWN & ROOT SERVICES, INC., MARSH USA INC. D/B/A MARSH USA RISK SERVICES, WILLIS GROUP, L.L.C., WILLIS GROUP HOLDINGS, LTD, WILLIS NORTH AMERICA, LARRY EDWARDS, STEPHEN  WILSON, ESIS, INC., ACE AMERICAN INSURANCE CORPORATION, THE ACE GROUP, AON BENFIELD SECURITIES, INC. and/or AON CONSULTING INC. and/or AON RISK SERVICES SOUTHWEST, INC., ABB, INC. and WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH, jointly, individually and in solido in a sum of damages as is proper and complete in the premises, together with legal interest from and after the date of judicial demand until paid, and for all costs of these proceedings and the fees of expert witnesses; and

    4)  For all orders and decrees necessary in the premises and for all costs of these proceedings and for full, general and equitable relief, AND JURY TRIAL IS DEMANDED.

              Respectfully submitted,

              LAW OFFICES OF REED MORGAN, PC
              Reed Morgan
              P.O. Box 38
              413 Eighth Street
              Comfort, TX  78013
              (830) 995-2464
              (830) 995-2728-Facsimile
              Co-Counsel for Plaintiff

              DELPHIN LAW OFFICES,
              A PROFESSIONAL LAW CORPORATION
              626 Broad Street
              Lake Charles, LA 70601
              (337) 439-3939

              BY: MARK A. DELPHIN, #4850
                 ARTHUR J. O'KEEFE, #10183
                 Attorneys for Plaintiff

**PLEASE SEE NEXT PAGE FOR SERVICE INFORMATION**

PLEASE SERVE:

**PLEASE SERVE WITH THE ORIGINAL PETITION FOR DAMAGES, FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES and SECOND AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES:**

ABB, INC.
Through its registered agent
For service of process
VIA LONG ARM STATUTE
C T Corporation System
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

WILLIS OF LOUISIANA, INC. D/B/A WILLISHRH
Through its registered agent
For service of process
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

All other defendants will be served with this Second Amending and Supplemental Petition for Damages by service on their counsel of record.

MELANIE GARDNER         :    42ND JUDICIAL DISTRICT COURT

VERSUS NO. 70894-B       :    PARISH OF DESOTO

MIKE CRAFT             :     STATE OF LOUISIANA

FILED: _____   :    _____

                                                 DEPUTY CLERK OF COURT

## ORDER

Considering the foregoing:

IT IS ORDERED that the Second Amending and Supplemental Petition for Damages be filed as prayed for and according to law.

THUS DONE AND SIGNED at Mansfield, Louisiana this 29th day of Sept., 2010.

_____
DISTRICT JUDGE

PROCESSED 10-4 20 10

Susan Friey

Deputy Clerk

## AMENDED CITATION

| | | |
|---|---|---|
| **GARDNER, MELANIE** | | *Case: 00070894* |
| | | *Division: B* |
| *Versus* | | *42nd Judicial District Court* |
| | | *Parish of DeSoto* |
| **CRAFT, MIKE - ET AL** | | *State of Louisiana* |

**THE STATE OF LOUISIANA TO:**
  *LARRY EDWARDS*
  *VIA LONG ARM STATUTE*

    *You are hereby cited to comply with the demand contained in the supplemental and amended petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said supplemental and amended petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within the time remaining for pleading to the original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is longer. (30 DAYS IF SERVICE IS BY LONG ARM).  YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.*

*Witness the Honorable Judges of our said Court on this the 4TH day of OCTOBER, 2010.*

            O. L. STONE, JR.
            CLERK OF COURT

            BY: _Susan Haux_____

                             *Deputy Clerk of Court*

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

| | | |
|---|---|---|
| Service | $_____ | |
| | | By: _____ |
| Mileage | $_____ | *Deputy Sheriff* |
| | | |
| Total | $_____ | |

                             PROCESSED 10-4 20 10

                             _Susan Haux_
                             *Deputy Clerk*

[ ORIGINAL ]

*AMENDED CITATION*

| | | |
|---|---|---|
| *GARDNER, MELANIE* | | *Case: 00070894* |
| | | *Division: B* |
| *Versus* | | *42nd Judicial District Court* |
| | | *Parish of DeSoto* |
| *CRAFT, MIKE - ET AL* | | *State of Louisiana* |

*THE STATE OF LOUISIANA TO:*
  *STEVE WILSON*
  *VIA LONG ARM STATUTE*

    *You are hereby cited to comply with the demand contained in the supplemental and amended petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said supplemental and amended petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within the time remaining for pleading to the original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is longer. (30 DAYS IF SERVICE IS BY LONG ARM).  YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.*

*Witness the Honorable Judges of our said Court on this the 4TH day of OCTOBER, 2010.*

O. L. STONE, JR.
CLERK OF COURT

BY: _Susan Huey_____
                           *Deputy Clerk of Court*

---

**Service Information**

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

| | | |
|---|---|---|
| Service | $_____ | |
| Mileage | $_____ | By: _____ |
| | | *Deputy Sheriff* |
| Total | $_____ | |

PROCESSED _10-4_ 20_10_

_Susan Huey_
**Deputy Clerk**

[ ORIGINAL ]

## CITATION

GARDNER, MELANIE

Versus

CRAFT, MIKE - ET AL

Case: 00070894
Division: B
42nd Judicial District Court
Parish of DeSoto
State of Louisiana

THE STATE OF LOUISIANA TO:
  ABB INC
  VIA LONG ARM STATUTE

of the Parish of

*You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within fifteen (15) days after the service hereof.  THIRTY (30) DAYS IF SERVICE IS BY LONGARM. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.*

*Witness the Honorable Judges of our said Court on this the  4TH day of OCTOBER, 2010.*

O. L. STONE, JR.
CLERK OF COURT

BY: _Susan Huey_ Deputy Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____

Service     $_____

Mileage    $_____          By: _____
                                          *Deputy Sheriff*
Total        $_____

PROCESSED 10-4 20 10

_Susan Huey_
Deputy Clerk

[ ORIGINAL ]

*AMENDED CITATION*                                                    *JR 10 a.m*

GARDNER, MELANIE                                                  Case: 00070894
                                                                                     **Division: B**
Versus                                                                               42nd Judicial District Court
                                                                                     Parish of DeSoto
CRAFT, MIKE - ET AL                                                                   State of Louisiana

_____

THE STATE OF LOUISIANA TO:
   MIKE  CRAFT AND INTERNATIONAL PAPER COMPANY
   THROUGH THEIR ATTORNEY OF RECORD:
   HERSCHEL E RICHARD
   333 TEXAS STREET, STE 1700
   SHREVEPORT, LA 71120


   You are hereby cited to comply with the demand contained in the supplemental and amended petition, a
certified copy of which accompanies this citation or to file your answer or other pleading to said supplemental
and amended petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto
Parish Court House in the City of Mansfield in said Parish within the time remaining for pleading to the
original petition heretofore served upon you or within ten (10) days after service hereof, whichever period is
longer. (30 DAYS IF SERVICE IS BY LONG ARM).  YOUR FAILURE TO COMPLY HEREWITH WILL
SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.



Witness the Honorable Judges of our said Court on this the 4TH day of OCTOBER, 2010.



                             O. L. STONE, JR.
                             CLERK OF COURT
BY:_____
                      A TRUE COPY - ATTEST
                         Deputy Clerk of Court


                            CLERK OF THE DISTRICT COURT
                            DESOTO PARISH, LOUISIANA
_____**Service Information**_____

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the
hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from his/her residence at the time of
said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____
                           By: _____
Mileage    $_____
                                Deputy Sheriff
Total      $_____



[ RETURN COPY ]

aqe 1/1   CIVIL. 00070894. Transaction Date: 10/04/2010

---

## CITATION

GARDNER, MELANIE

Versus

CRAFT, MIKE - ET AL

Case: 00070894
Division: B
42nd Judicial District Court
Parish of DeSoto
State of Louisiana

---

THE STATE OF LOUISIANA TO:
    WILLIS OF LOUISIANA INC   D/B/A WILLISHRH
    THROUGH ITS REGISTERED AGENT
    FOR SERVICE OF PROCESS
    C T CORPORATION SYSTEM
    5615 CORPORATE BLVD, STE 400B
    BATON ROUGE, LA 70808
of the Parish of EAST BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Forty Second Judicial District Court in the DeSoto Parish Court House in the City of Mansfield in said Parish within fifteen (15) days after the service hereof. THIRTY (30) DAYS IF SERVICE IS BY LONGARM. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

Witness the Honorable Judges of our said Court on this the  4TH  day of OCTOBER, 2010.

O. L. STONE, JR.
CLERK OF COURT

BY: _____
                        Deputy Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

Personal Service on the party herein named _____
Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service    $_____

Mileage   $_____      By: _____
                               Deputy Sheriff

Total      $_____

[ FILED COPY ]

| | | |
|---|---|---|
| **MELANIE GARDNER** | * | **42nd  JUDICIAL DISTRICT COURT** |
| | * | |
| **VERSUS** | * | **DOCKET NO.: 70894** |
| | * | |
| **MIKE CRAFT, INTERNATIONAL PAPER** | | |
| **COMPANY, THE STEBBINS ENGINEERING** | | |
| **AND MANUFACTURING COMPANY,** | | |
| **AUSTIN MAINTANENCE &** | | |
| **CONSTRUCTION, INC., RIMCOR, INC.,** | | |
| **H.B. ZACHRY COMPANY, KELLOGG** | | |
| **BROWN & ROOT LLC, KELLOGG** | | |
| **BROWN & ROOT SERVICES, INC.,** | | |
| **MARSH USA INC. D/B/A MARSH USA** | | |
| **RISK SERVICES, WILLIS GROUP, LLC,** | | |
| **WILLIS GROUP HOLDINGS, LTD,** | | |
| **WILLIS NORTH AMERICA, LARRY** | | |
| **EDWARDS, STEPHEN WILSON, ESIS,** | | |
| **INC., ACE AMERICAN INSURANCE** | | |
| **CORPORATION, THE ACE GROUP and** | | |
| **AON BENFIELD SECURITIES,INC. and/or** | | |
| **AONCONSULTING,INC. and/or AON** | | |
| **RISK SERVICES SOUTHWEST, INC.** | * | **DESOTO PARISH, LOUISIANA** |

## REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

TO THE CLERK OF COURT of the 42nd  Judicial District Court in and for the Parish of

Desoto, Louisiana;

Please take notice that Preis & Roy, attorneys for Defendant, **RIMCOR, INC.**, do hereby

request written notice of the date of trial of the above matter as well as notice of hearings (whether

on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps

taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of

Civil Procedure of 1960, particularly Articles 1572, 1913 and 1914.

Respectfully Submitted,

PREIS & ROY
A Professional Law Corporation

BY:
L. LANE ROY (#11513)
ALYSE RICHARD (#31936)
102 Versailles Blvd., Ste. 400
Post Office Drawer 94-C
Lafayette, LA 70509
Tel: (337) 237-6062
Fax: (337-237-9129)
Email: lroy@preisroy.com
arichard@preisroy.com

COUNSEL FOR: *Rimcor, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

(   ) Hand Delivery      (   ) Prepaid U.S. Mail

(   ) Facsimile      (   ) Prepaid U.S. Certified Mail Return Receipt Requested

(   ) Electronic Mail      (   ) Federal Express

Lafayette, Louisiana, this _____ day of _____, 2010

_____
L. LANE ROY

#1608088