UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MELANIE GARDNER** | **NO: 5:10-CV-1567** |
| **VERSUS** | **JUDGE FOOTE** |
| **MIKE CRAFT, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**ANSWER AND AFFIRMATIVE DEFENSES
ON BEHALF OF ZACHRY INDUSTRIAL, INC.
TO PLAINTIFF'S PETITION FOR DAMAGES AND
FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES,**

COMES NOW, defendant ZACHRY INDUSTRIAL, INC. ("ZACHRY"), improperly designated as H.B. Zachry Company, through counsel, and responds to the plaintiff's Petition for Damages and First Amending and Supplemental Petition for Damages in the following numbered paragraphs.

Zachry was not named as a party defendant until added in plaintiff's First Amending and Supplemental Petition for Damages. In this amended and supplemental petition, however, plaintiff repeated and reiterated, as if recited herein, all of the allegations of the original Petition for Damages (XXXIV of the First Amending and Supplemental Petition), thus, necessitating an answer as follows:

I.

It is admitted plaintiff has named the referenced individuals and entities as defendants in Paragraph I of the First Amending and Supplemental Petition for Damages.

II.

It is admitted plaintiff has made the allegations set forth in Paragraph II of the First Amending and Supplemental Petition for Damages. The alleged residence of plaintiff, however, is denied for lack of sufficient information to justify a belief therein.

III.
"2(a).

While it is admitted that Mike Craft is named as a defendant, the other allegations in Paragraph III 2(a) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IV.
"2(b).

While it is admitted that International Paper Company is named as a defendant, the other allegations of Paragraph IV 2(b) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.
"2(c).

While it is admitted that The Stebbins Engineering and Manufacturing Company is named as a defendant, the other allegations of Paragraph V 2(c) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VI.
"2(d).

While it is admitted that Austin Maintenance & Construction, Inc. is named as a defendant, the other allegations of Paragraph VI 2(d) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VII.
"2(e).

While it is admitted that Rimcor, Inc. is named as a defendant, the other allegations in Paragraph VII 2(e) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VIII.
"2(f).

While it is admitted that Zachry Industrial Inc. (improperly named as H.B. Zachry Company in this paragraph) is named as a defendant, the other allegations in Paragraph VIII

2(f) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.
"2(g).

While it is admitted that Kellogg Brown & Root, LLC is named as a defendant, the other allegations in Paragraph IX 2(g) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

X.
"2(h).

While it is admitted that Kellogg Brown & Root Services, Inc. is named as a defendant, the other allegations in Paragraph X 2(h) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XI.
"2(i).

While it is admitted that Marsh USA Inc. d/b/a Marsh USA Risk Services is named as a defendant, the other allegations in Paragraph XI 2(i) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XII.
"2(j).

While it is admitted that Willis Group, LLC is named as a defendant, the other allegations in Paragraph XII 2(j) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIII.
"2(k).

While it is admitted that Willis Group Holdings, Ltd. is named as a defendant, the other allegations in Paragraph XIII 2(k) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIV.
"2(l).

While it is admitted that Willis North America is named as a defendant, the other allegations in Paragraph XIV 2(l) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XV.
"2(m).

While it is admitted that Larry Edwards is named as a defendant, the other allegations in Paragraph XV 2(m) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVI.

"2(n).

While it is admitted that Stephen Wilson is named as a defendant, the other allegations in Paragraph XVI 2(n) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVII.

"2(o).

While it is admitted that ESIS Inc. is named as a defendant, the other allegations in Paragraph XVII 2(o) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

"2(p).

While it is admitted that Ace American Insurance Corporation is named as a defendant, the other allegations in Paragraph XVIII 2(p) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIX.

"2(q).

While it is admitted that The Ace Group is named as a defendant, the other allegations in Paragraph XIX 2(q) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XX.

"2(r).

While it is admitted that Aon Benefield Securities, Inc. and/or Aon Consulting Inc. and/or Aon Risk Services Southwest, Inc. is named as a defendant, the other allegations in Paragraph XX 2(r) of the First Amending and Supplemental Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXI.

"3(a).

The allegations in Paragraph XXI 3(a) of the First Amending and Supplemental Petition for Damages are denied.

XXII.

"5.

The allegations in Paragraph XXII 5 of the First Amending and Supplemental Petition for Damages are denied.

XXIII.

"7.

The allegations in Paragraph XXIII 7, and each sub-paragraph set forth thereunder, of the First Amending and Supplemental Petition for Damages are denied.

XXIV.

"12(a).

The allegations in Paragraph XXIV 12(a) of the First Amending and Supplemental Petition for Damages are denied as written.

XXV.

"12(b).

The allegations in Paragraph XXV 12(b) of the First Amending and Supplemental Petition for Damages are denied.

XXVI.

"12(c).

The allegations in Paragraph XXVI 12(c) of the First Amending and Supplemental Petition for Damages are denied.

XXVII.

"12(d).

The allegations in Paragraph XXVII 12(d), and each sub-paragraph set forth thereunder, of the First Amending and Supplemental Petition for Damages are denied.

XXVIII.

"12(e).

The allegation in Paragraph XXVIII 12(e) of the First Amending and Supplemental Petition for Damages against Zachry that it has waived tort immunity and is subject to suit in tort is denied as written.

XXIX.

"14.

The allegations in Paragraph XXIX 14 of the First Amending and Supplemental Petition for Damages are denied.

XXX.

"15.

The allegations in Paragraph XXX 15 of the First Amending and Supplemental Petition for Damages are denied as written.

XXXI.

The allegations in Paragraph XXXI concerning the closing prayer of the original petition, as amended by the First Amending and Supplemental Petition for Damages, are denied.

XXXIV.

The allegations in Paragraph XXXIV of the First Amending and Supplemental Petition for Damages, which seeks to incorporate all allegations of the original petition are denied in each and every particular, except as to the identity of Mike Craft.

AFFIRMATIVE DEFENSES ON BEHALF OF
ZACHRY INDUSTRIAL, INC. ("ZACHRY")

1.

The plaintiff's Petition for Damages and First Amending and Supplemental Petition for Damages fail to state a cause of action against Zachry.

2.

Defendant Zachry did not create an unreasonable risk of injury that caused the incident at issue.

3.

Defendant Zachry asserts that the incident described in the Petition for Damages and First Amending and Supplemental Petition for Damages was caused by third persons and/or entities other than defendant Zachry and over whom defendant Zachry had neither control nor the right to control, and for whom defendant Zachry is not responsible.

4.

Toby Gardner was an employee of Zachry Industrial, Inc., at the time of the incident at issue. He was working in the course and scope of his duties, as an employee of Zachry, performing his job as required by the terms of his employment with Zachry.

5.

No act or omission of defendant Zachry was the proximate cause of plaintiff's alleged injuries or damages.

6.

Defendant Zachry asserts that the incident at issue and the alleged damages complained of in plaintiff's Petition for Damages and First Amending and Supplemental

Petition for Damages were caused solely and proximately by the fault and/or negligence of Toby Gardner in the following non-exclusive particulars:

    a.    Failing to keep a proper lookout;

    b.    Failing to be alert and observant;

    c.    Failing to see what should have been seen, or in seeing, failing to heed same;

    d.    Failing to take proper care and caution for his own safety; and

    e.    Other acts of fault and/or negligence which may be shown at the trial of this matter.

Accordingly, the claims and demands of plaintiff should be denied.

7.

In the alternative, should any fault and/or negligence be found on the part of defendant Zachry, which is denied, then, and only then, defendant pleads the fault and/or negligence of Toby Gardner as set forth in the preceding paragraph, as a bar to or in mitigation of plaintiff's claims in this matter.

8.

In the further alternative, should any fault and/or negligence be found on the part of defendant Zachry, which is denied, then the fault and/or negligence should be apportioned among all responsible parties, including third persons and/or entities and Toby Gardner.

9.

Defendant Zachry states that it exercised reasonable care under the circumstances and no further duty was imposed upon it under Louisiana law.

10.

Defendant Zachry avers affirmatively that it did not owe the plaintiff any duties, and did not breach any such duties to warn of any dangers and/or hazards on the premises, because such alleged dangers and/or hazards were open and obvious to plaintiff at the time of the incident at issue.

11.

Plaintiff has failed to mitigate her damages, if any.  To the extent plaintiff has not mitigated her damages, plaintiff may not recover from defendant Zachry.

12.

Defendant Zachry reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during further investigation, discovery and course of these proceedings.

WHEREFORE, defendant, ZACHRY INDUSTRIAL, INC., prays that this Answer be deemed good and sufficient, and after due proceedings, there be judgment in its favor and against the plaintiff, rejecting her claims with prejudice, at her sole cost.

ALTERNATIVELY, defendant further prays that in the event damages are awarded, the liability for which is again denied, then said damages should be reduced in accordance with the principles of comparative negligence or fault for Toby Gardner's fault an/or negligence or that of any third party whether identified as a defendant in this action or not.

Zachry further prays for all general and equitable relief which may be necessary and appropriate in the premises.

          Respectfully submitted,

          **TUTT & STROUD, LLC**

          BY      s/A.M. STROUD, III
                A. M. STROUD, III, LA Bar No. 12548

          920 Pierremont Road, Suite 308
          Shreveport, LA   71106
          Telephone  (318) 868-6633
          Telecopier  (318) 868-5006

          J. MICHAEL SMITH
          TX Bar No. 18630500
          Smith Weber, L.L.P.
          P.O. Box 6176
          5505 Plaza Dr.
          Texarkana, TX 75505
          Telephone (903) 223-5656
          Telecopier (903) 223-5652

          **ATTORNEYS FOR DEFENDANT, ZACHRY INDUSTRIAL, INC.**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MELANIE GARDNER** | **NO: 5:10-CV-1567** |
| **VERSUS** | **JUDGE FOOTE** |
| **MIKE CRAFT, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  **October 21, 2010** , a copy of the above and foregoing Answer and Affirmative Defenses on Behalf of Zachry Industrial, Inc. to Plaintiff's Petition for Damages and First Amending and Supplemental Petition for Damages was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Mark A. Dephin, Herschel E. Richard, Jr., Richard Porter, Gus A. Fritchie, III, James J. Daigle, Robert S. Emmett, Christopher M. Hannan, William T. McCall, Kenneth H. Laborde, Brendan P. Doherty, William F. Grace, Jr., L. Lane Roy, Caldwell Roberts, Jr. and John M. Madison, Jr. by operation of the court's electronic filing system.

Shreveport, Louisiana, on this the 21st day of October, 2010.

                                                                    s/A.M. STROUD, III
                                                                   A.M. STROUD, III