**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MELANIE GARDNER                          CIVIL ACTION NO. 10-1567

VERSUS                                   JUDGE ELIZABETH ERNY FOOTE

MIKE CRAFT, ET AL.                       MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

The issue before the Court is whether the removal of Plaintiff's suit, originally filed in state court in Desoto Parish, was proper. The Removing Defendants, International Paper Company and its employee Mike Craft, assert diversity jurisdiction but admit that several of the defendants are Louisiana citizens. Removing Defendants argue that the joinder of these nondiverse parties was "improper" under 28 U.S.C. § 1441(b) and, therefore, that the claims against those defendants should be disregarded for purposes of ascertaining diversity jurisdiction. This Court holds the Removing Defendants have failed to carry their burden of proof that the joinder of Rimcor, Inc., an admitted Louisiana citizen, was improper. Rather, interpreting the Plaintiff's complaint in the light most favorable to the Plaintiff, this Court finds that there are genuine issues of material fact which must be resolved before any legal determination can be made as to whether Rimcor, Inc. owed to the deceased any of the duties alleged in the Plaintiff's petition. In light of this finding, the Court does not opine as to the propriety of joinder of either Mike Craft or Willis of Louisiana, Inc., the other two admitted Louisiana citizens. Accordingly, Plaintiff's Motion to Remand [Record

Document 45] shall be **GRANTED** and this matter shall be **REMANDED** to the 42nd

Judicial District Court in and for the Parish of Desoto, State of Louisiana.

## FACTS AND PROCEDURAL BACKGROUND

On October 30, 2009, Plaintiff Melanie Gardner ("Gardner") filed a Petition for

Damages in the 42nd Judicial District Court in and for the Parish of Desoto, State of

Louisiana, alleging that her husband, Toby Gardner, fell into an industrial boiler at the

International Paper Company Mill in Desoto Parish and boiled to death.  [Record

Document 1-1].  At the time of the incident, Mr. Gardner was employed by Zachry

Industrial, Inc., a contractor hired by International Paper.  Plaintiff named Mike Craft,

the plant manager of the paper mill and an employee of International Paper, as a

defendant on the basis that he "knew or should have known" that the boiler lid and

platform were unreasonably dangerous, that he failed to take effective steps to alleviate

the hazardous nature of the subject boiler and platform, and further failed to properly

warn employees of the dangers.  Id.  In September 2010, Plaintiff twice amended her

petition to name the following additional defendants:  International Paper Company;

The Stebbins Engineering and Manufacturing Company; Austin Maintenance &

Construction, Inc.; Rimcor, Inc.; H.B. Zachry Company; Kellogg Brown & Root, LLC;

Kellogg Brown & Root Services, Inc.; Marsh USA Inc. d/b/a Marsh USA Risk Services;

Willis Group, LLC; Willis Group Holdings, Ltd.; Willis North America; Larry Edwards;

Stephen Wilson; ESIS Inc.; ACE American Insurance Corporation; The ACE Group; AON

Benefield Securities Inc. and/or AON Consulting Inc. and/or AON Risk Services

Southwest, Inc.; ABB, Inc.; and Willis of Louisiana, Inc. d/b/a Willis HRH.  [Record

Document 1-1].  Plaintiff asserts that all defendants are liable jointly, individually and in

solido for all damages arising out of her husband's death.  Id.

      Thereafter, Defendants International Paper Company and Mike Craft (collectively

"the Removing Defendants") removed the case to the Western District of Louisiana,

Shreveport Division, on the basis of diversity jurisdiction.  [Record Document 1].  The

Removing Defendants contend removal is timely because it was filed within thirty days

of receipt of Plaintiff's First Amended and Supplemental Petition for Damages, the

pleading from which defendants could first ascertain that the case was removable, and

because it was removed within one year of the filing of Plaintiff's original Petition for

Damages.  Id. at ¶¶ 6-7.  The Removing Defendants acknowledge in their Notice of

Removal that Defendants Mike Craft ("Craft"), Rimcor, Inc. ("Rimcor"), Willis Group, LLC

("Willis Group")[1], and Willis of Louisiana, Inc. ("Willis of Louisiana") are Louisiana

citizens, but nevertheless allege that joinder of these defendants was "improper" and

that their Louisiana citizenship should be disregarded for purposes of ascertaining

diversity jurisdiction.  Id. at ¶¶ 10-18.  Plaintiff rejects the Removing Defendants'

contention that joinder of these defendants was either "improper" or "fraudulent" and

seeks to remand this action to the 42nd Judicial District Court in and for the Parish of

Desoto, State of Louisiana.  See Record Document 45.

---

      [1]On December 14, 2010, Plaintiff voluntarily dismissed her claims against Willis
Group, LLC.  [Record Documents 72 & 78].  Accordingly, the issue of whether Willis
Group, LLC was improperly joined as a defendant is moot and need not be addressed
by the Court.

## LAW AND ANALYSIS

Title 28 of the United States Code, Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).

Diversity jurisdiction was designed to protect out-of-state defendants from possible prejudices in state court, but the forum-defendant rule exists because those concerns are obviated in cases where the defendant is a citizen of the state in which the case is brought.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005).  The "properly joined and served" provision of § 1441(b) prevents a plaintiff from joining a resident defendant against whom the plaintiff knows it cannot successfully proceed in order to defeat subject matter jurisdiction.

To demonstrate "improper" or "fraudulent joinder," the Removing Defendants must show (1) actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the nondiverse defendant.[2]  Campbell v.

---

[2]The burden of establishing improper joinder rests on the Removing Defendants, and the Fifth Circuit has emphasized that this burden is a "heavy one."  McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).

Stone Ins., 509 F.3d 665, 669 (5th Cir. 2007).  Under the second prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'"[3] Id. (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003), cert. denied, 546 U.S. 813, 126 S.Ct. 335, 163 L.Ed.2d 48 (2005)). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one."  Id. (emphasis in original).  In making this determination, the Court may "'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."  Id. (quoting Ross, 344 F.3d at 462-63).  However, "any piercing of the pleadings should not entail substantial hearings."[4]  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).  Rather, the Court must take into account "all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff" and "must resolve all ambiguities of state law in favor of the non-removing party."  Campbell, 509 F.3d at 659 (quoting Ross, 344 F.3d at 463; Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003)).  Attempting to move beyond this summary process carries a heavy risk of moving the Court beyond the issue of jurisdiction and into a resolution of the merits.  Smallwood, 385 F.3d at

---

[3]Because the Removing Defendants do not claim "actual fraud in the pleading of jurisdictional facts," see Record Documents 1 and 67, the Court need only determine whether Plaintiff can establish a cause of action against the non-diverse defendants.

[4]The Fifth Circuit has cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Smallwood, 385 F.3d at 573-74.

574.  The Court must apply these principles to the claims against each of the three Louisiana defendants: Mike Craft, the IP plant manager; Willis of Louisiana, an alleged safety auditor; and Rimcor, a subcontractor who performed some work on the tank. If the Court holds that Removing Defendants have failed to carry their burden of proof as to ANY of the three admitted Louisiana citizens, then this Court must remand the entire case to state court.

## Rimcor, Inc.

As noted above, Rimcor is a subcontractor who performed maintenance work on the tank into which the deceased fell.  Plaintiff alleges that Rimcor:

- "failed to inspect and/or report the condition of and/or and [sic] maintain the top of the tank in a manner to prevent injury and death which was inevitable and unavoidable;" [Second Amending and Supplemental Complaint ¶ 7(1)];

- was "personally, subjectively, and actually aware of the hazards presented by the tank, opening, and lid . . . and the lack of maintenance thereto; and [was] aware that the tank, opening, and lid were substantially certain to cause injury and would inevitably cause injury or death;" Id. at ¶ 7(2);

- "took no effective steps to alleviate, remediate, eliminate, obviate, ameliorate or eradicate the extremely hazardous nature of the subject tank, opening, and lid; to limit, prevent or block access to the subject opening and lid; or to properly warn employees . . . of the tremendous danger posed by the tank, lid and opening, notwithstanding that it was well known that employees were required to work in this area and that injury or death would be the inevitable result;" Id. at ¶ 7(3);

- "allowed debris, trash, discarded work materials, and liquids to accumulate and settle at random on the top of the tank, opening and lid, thus creating dangerous conditions in the work environment which would inevitably result in injury and/or death,

and exhibited gross and wanton intent and disregard for others;"
Id. at ¶ 7(4)

• "failed to request an alarm to be designed, made, and/or installed"
to signal that the tank was overflowing at the lid;  Id. at ¶ 7(5);
and that

• "The outrageous acts and omissions of Craft and/or those under his
control and/or supervision . . . were substantially certain to cause
injury and death."  [Original Petition for Damages ¶ 12].

The Removing Defendants allege there is no reasonable possibility of recovery

against Rimcor because "no employee, contractor, or other agent of Rimcor ever

worked on, inspected, or entered the top of the tank" from which Mr. Gardner fell and,

alternatively, if Rimcor did perform any services on the tank at issue, those services

would have involved employees entering from the bottom of the tank when it was

empty, not from the top.  [Record Document 1, ¶¶ 12-14].  Specifically, they allege that

Rimcor was merely a subcontractor hired to perform work on the interior and exterior

side walls of the lower tank on three different dates in 2003 and 2004—more than five

years before the accident occurred.  [Record Document 67 (citing Exhibit B, "Thompkins

Declaration")].  The work requested by IP and performed by Rimcor did not require any

Rimcor employee "to access, inspect, repair, service, maintain, clean or do anything

else to the top of the Tank," and all work performed by Rimcor was limited to the

"repair, maintenance and construction to the interior and exterior sidewalls of the lower

Tank."  [Thompkins Declaration ¶¶ 5-6].  No Rimcor employee ever "accessed,

inspected, repaired, serviced, cleaned or did anything else to the top of the Tank" prior

to the accident because doing so "was not necessary" to complete the requested work.

Id. at ¶ 9.  Furthermore, as Rimcor specialized in "installation and maintenance of refractory linings, corrosion resistant linings, and title and acid brick linings," IP never requested that Rimcor "install an overflow alarm or other warning device on the Tank." Id. at ¶¶ 3-7.

In response, Plaintiff does not contest that Rimcor did no work on the top of the tank or that the work occurred more than five years before the accident.  See Record Document 81.  Plaintiff argues, however, that there remains a genuine issue of material fact as to whether Rimcor had a duty to examine or inspect the top of the tank.  Plaintiff submits the Declaration of Lewis C. Barbe, a professional engineer, who declares that the "custom and practice in the industry of a maintenance contractor is to inspect the work outlined by its hiring party."  [Barbe Declaration ¶ 5].  As part of this inspection and in compliance with minimum safety standards, Barbe states that Rimcor had an obligation to inspect and analyze the condition of the tank to inform IP of any unsafe conditions.  Id. at ¶¶ 5-6.  Moreover, the entire tank would or should have been inspected to assure the safety of Rimcor's own employees.  Id. at ¶ 9.

After reviewing Plaintiff's allegations and considering Mr. Barbe's declaration, the Court is concerned about the temporal proximity (or lack thereof) in which Rimcor's alleged negligence and the accident occurred, and thus whether Plaintiff can establish a causal connection sufficient to establish liability on the part of Rimcor.  Nevertheless, at this early stage of the proceeding, the Court finds there is at least an "arguably reasonable basis" for predicting that Plaintiff might recover against Rimcor under state

law.  To hold otherwise would require the Court to move beyond a summary process and into a resolution of the merits.  See Smallwood, 385 F.3d at 574.  At this point in the litigation, the Court lacks uncontested information as to the exact nature of the relationship between Rimcor and IP and as to the exact scope of work for which Rimcor was hired.  In other words, Plaintiff has provided evidence that creates a genuine issue of material fact as to whether the scope of Rimcor's work was—or reasonably should have been—broader than the work actually performed.  Thus, the Removing Defendants cannot carry the heavy burden of proof imposed upon them by the cited jurisprudence to prove that Rimcor was joined "improperly."

## CONCLUSION

Having found that there are genuine issues of material fact which must be resolved before any legal determination can be made as to whether Rimcor, Inc. owed to the deceased any of the duties alleged in the petition, including a duty to examine and inspect the top of the tank at issue, this Court holds that Rimcor, Inc. was properly joined as a defendant in this matter.  This holding by the Court renders as unnecessary any inquiry as to the propriety of joinder of the other admitted Louisiana citizens, Mike Craft and Willis of Louisiana, Inc.  Accordingly, as it is undisputed that Rimcor, Inc. is a Louisiana citizen, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 to adjudicate this matter and this action must be remanded to the 42nd Judicial District Court in and for the Parish of Desoto, State of Louisiana.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of March, 2011.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE